# MILLER KORZENIK SOMMERS RAYMAN LLP

THE PARAMOUNT BUILDING • 1501 BROADWAY, SUITE 2015 • NEW YORK, NY 10036
TEL 212-752-9200 • FAX 212-688-3996 • WWW.MKSR.LAW

September 23, 2020

*Via ECF*
Hon. Peggy Kuo, U.S.M.J.
U.S. District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** *Novagold Resources Inc. v. J Capital Research USA LLC*, **No. 20-cv-02875-LDH-PK**
*First Request for Adjournment of Initial Conference; Request To Stay Discovery*

Dear Magistrate Judge Kuo:

On behalf of Defendant J Capital Research USA LLC ("J Capital"), we write to request:

1) Adjournment of the parties' initial conference, currently set for September 30, 2020 (Dkt. 6; Scheduling Order dated Sept. 23, 2020), and a deferral of the parties' obligations under the Scheduling Order dated June 30, 2020 (Dkt. 6); and

2) A stay of discovery in this action pending resolution of J Capital's anticipated motion to dismiss the action for failure to state a defamation or trade libel claim (*see* Dkt. 18, annexed hereto), pursuant to Fed. R. Civ. P. 26(c).

Judge DeArcy Hall granted J Capital's request for a Pre-Motion Conference. A copy of our letter request is attached. Judge DeArcy Hall set the teleconference for **October 13, 2020** (*see* Order dated Sept. 23, 2020). We ask that unless Your Honor determines that it is within your province to decide our discovery stay request, you consider referring that request to Judge DeArcy Hall for her consideration in the first instance at the Pre-Motion Conference.

We filed our pre-motion letter to Judge DeArcy Hall on September 10, and conferred by telephone with Plaintiff's counsel about the instant requests on September 16. Plaintiff's counsel declined to consent to either request, because in their view, discovery in this case should proceed even amidst determination of the dismissal motion. But as we set forth below, the nature of this libel action, and the nature and merits of our motion to dismiss it, warrant a) adjournment of the initial conference and deferral of the Scheduling Order obligations; and b) a stay of discovery pending the motion's resolution.

Adjournment of the initial conference would not affect any other dates or deadlines.

***Novagold's Complaint, And J Capital's Motion To Dismiss It In Its Entirety***

As noted in J Capital's pre-motion conference request, Novagold is a publicly traded company seeking investors in a future gold mining operation in Alaska. *See* Dkt. 18, at 1. J

Capital is a publisher of research reports on publicly-traded companies – particularly companies that it views as "over-valued."  *See* J Capital Research, https://www.jcapitalresearch.com/about.html (last visited Sept. 23, 2020).  On May 28, 2020, J Capital published a report ("Report") analyzing "publicly available information" and voicing doubts over and challenging the Novagold mining operation's future prospects.  Novagold responded publicly to the Report's criticisms, but it went one further: suing J Capital for defamation, and mischaracterizing the Report as a "scheme" to intentionally sink its stock.  *See* Dkt. 1, at ¶1; Dkt. 18, at 1.

 J Capital's motion under Fed. R. Civ. P. 12(b)(6) will show that all of the statements that Novagold challenges are 1) pure statements of non-actionable opinion; 2) opinions based on disclosed fact (i.e., public documents cited in the Report); and/or 3) statements that are substantially true.  None of them are actionable as defamation or trade libel under New York common law.  *See* Dkt. 18.  J Capital's motion also will show that Novagold's requisite "actual malice" and special damages pleadings are deficient.  *See id.*

On September 23, 2020, Judge DeArcy Hall granted J Capital's request for a pre-motion conference over Novagold's opposition.  *See* Dkt. 19.  *See also* Order dated Sept. 23, 2020 (ordering pre-motion conference to take place by telephone on October 13, 2020).  Your Honor subsequently converted the initial conference from an in-person appearance to a telephonic appearance, but kept the September 30 conference date and the parties' Scheduling Order obligations.  *See* Scheduling Order dated Sept. 23, 2020.

***The Requested Relief Is Appropriate Under Relevant Legal Standards***

"A party seeking a stay of discovery pursuant to Fed.R.Civ.P. 26(c) bears the burden of showing good cause."  *Josie-Delerme v. Am. Gen. Fin. Corp.*, No. CV 2008-3166 NG/MDG, 2009 WL 497609, at *1 (E.D.N.Y. Feb. 26, 2009) (Go, U.S.M.J.); Fed. R. Civ. P. 26(c).  "The district court has 'considerable discretion' to stay discovery upon a showing of good cause, and while a pending motion to dismiss is not an automatic ground for a stay, it may under some circumstances constitute good cause."  *Lawson v. Rubin*, No. 17-CV-6404 (BMC), 2018 WL 4211446, at *1 (E.D.N.Y. Mar. 7, 2018) (citation omitted).  When deciding whether the moving party has shown good cause, courts in the Second Circuit consider: "(1) [w]hether the defendant has made a strong showing that plaintiff's claims are unmeritorious; (2) [t]he breadth of discovery and burden of responding to it; and (3) [t]he risk of unfair prejudice to the party opposing the stay."  *Id.* (citation omitted).  "The 'strong showing that plaintiff's claim is unmeritorious' standard can also be described as a showing of 'substantial arguments for dismissal.'"  *Id.* (citation omitted).  Courts also may take into consideration other factors including "the nature and complexity of the action" and "the posture or stage of the litigation." *Telesca v. Long Island Hous. P'ship, Inc.*, No. CV 05-5509(ADS)(ETB), 2006 WL 1120636, at *1 (E.D.N.Y. Apr. 27, 2006) (Boyle, U.S.M.J.).

Additionally, Courts in this District have granted discovery stays pending motions to dismiss where the stay would promote "interests of fairness, economy, and efficiency," and where "the plaintiff has failed to demonstrate that a stay of discovery, for the purposes of avoiding such expenses during the pendency of the motions to dismiss, would be unfairly prejudicial." *See Telesca*, 2006 WL 1120636, at *2, *citing United States v. County of Nassau*, 188 F.R.D. 187, 188-89 (E.D.N.Y.1999) (Boyle, U.S.M.J.) ("*Nassau*").  In *Nassau*, Magistrate

Judge Boyle ordered a stay not only of discovery, but also of the parties' initial disclosures and the filing of a joint proposed discovery plan.  188 F.R.D. at 189.  While the plaintiff in that case had urged that the defendant had "failed to make any showing of prejudice in the event that discovery is not stayed," Magistrate Judge Boyle noted (*id.*),

> it is self-evident that the cost of discovery, coupled with the diversion of employees' time and attention from [defendant's] business to focus on the retrieval of discovery and to otherwise assist in the pursuit of this litigation, would be an unnecessary expense in the event that [defendant's] motion to dismiss is ultimately granted.

*See also Josie-Delerme*, 2009 WL 497609, at *2 (noting that even where "defendants ha[d] not shown that they will be unduly burdened by having to respond to plaintiff's discovery requests, resolution of the motion to dismiss may obviate the need for potentially onerous discovery").

     J Capital's pre-motion letter pointed out that in defamation cases such as this one, "Rule 12(b)(6) not only protects against the costs of meritless litigation, but provides assurance to those exercising their First Amendment rights that doing so will not needlessly become prohibitively expensive."  *Biro v. Conde Nast*, 963 F. Supp. 2d 255, 279 (S.D.N.Y. 2013), *aff'd*, 807 F.3d 541 (2d Cir. 2015), and *aff'd*, 622 F. App'x 67 (2d Cir. 2015) (Dkt. 18, at 2).  The pre-motion letter also showed how for decades, courts have reviewed challenged statements on their face and dismissed as a matter of law actions against opinions or substantially true statements, without the aid of discovery.  *See, e.g., id.*; *Biospherics, Inc. v. Forbes, Inc.*, 989 F. Supp. 748, 752 (D. Md. 1997), *aff'd,* 151 F.3d 180 (4th Cir. 1998) (Dkt. 18, at 2) ("The context of the language in the article, the context of the article on the page, and the social context of this type of article make it clear that any reasonable reader would see this article for what it is—a stock tip which is purely the opinion of the tipster.").  *See also N. Am. Olive Oil Ass'n. v. D'Avolio Inc.*, No. 16-CV-6986 (SJF)(ARL), 2020 WL 2079421, at *4 (E.D.N.Y. Apr. 30, 2020) (Dkt. 18, at 2), *citing Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("A pleading that does nothing more than recite bare legal conclusions . . . is insufficient to 'unlock the doors of discovery.'"); *Biro*, 963 F. Supp. 2d at 265.

     J Capital's 12(b)(6) motion will demonstrate how each of the Report's challenged statements are non-actionable on their face.  *See* Dkt. 18.  Particularly in advance of the pre-motion conference before Judge DeArcy Hall, J Capital's small staff should not have to incur needless costs and divert resources for a case management conference and discovery plan that may be "obviate[d]" by Judge DeArcy Hall's ultimate ruling on the dismissal motion.  *Josie-Delerme*, 2009 WL 497609, at *2; *Nassau*, 188 F.R.D. at 189.  Deferring an initial conference and the plenary discovery that Plaintiff wishes to proceed with until after decision on the motion – which if it does not dispose of the action entirely, could narrow the statements and issues to be litigated – would promote the "interests of fairness, economy, and efficiency" that courts in this District have long recognized.  *Telesca*, 2006 WL 1120636, at *2 (citation omitted).  Such a stay would not unduly prejudice plaintiff: focusing the litigation on briefing the motion to dismiss would represent savings for plaintiff as well.

|  |  |
|---|---|
| cc: Counsel of Record by ECF | Respectfully,<br>/s/David S. Korzenik<br>David S. Korzenik |