# BAKER BOTTS LLP

2001 ROSS AVENUE
SUITE 900
DALLAS, TEXAS
75201-2980

TEL  +1 214.953.6500
FAX +1 214.953.6503
BakerBotts.com

AUSTIN
BEIJING
BRUSSELS
**DALLAS**
DUBAI
HONG KONG
HOUSTON

LONDON
MOSCOW
NEW YORK
PALO ALTO
RIYADH
SAN FRANCISCO
WASHINGTON

September 24, 2020

Hon. Peggy Kuo
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Jonathan Rubenstein
TEL: 2149536594
FAX: 2146614594
jonathan.rubenstein@bakerbotts.com

> Re:    *NOVAGOLD Resources Inc. v. J Capital Research USA LLC*, No. 20-cv-02875-LDH-PK; Plaintiff's Opposition to Defendant's Motion to Adjourn Initial Conference

Dear Magistrate Judge Kuo:

We write on behalf of NOVAGOLD Resources Inc. ("NOVAGOLD") in opposition to J Capital Research USA LLC's ("JCAP's") request to adjourn the Initial Conference and stay discovery in this action in anticipation of its filing of a motion to dismiss. JCAP's motion falls well short of stating good cause for a stay of discovery and should be denied.[1]  And because there are no grounds for issuance of a stay, there is no reason to further delay this matter by adjourning the Initial Conference.

JCAP's motion acknowledges—as it must—that a "pending motion to dismiss is not an automatic ground for a stay" but that "*under some circumstances*" it may constitute good cause. Mtn. at 2 (emphasis added); *see also, e.g.*, *Hollins v. U.S. Tennis Ass'n*, 469 F. Supp. 2d 67, 78 (E.D.N.Y. 2006) (denying motion where a stay would unduly impede the progress of the lawsuit despite defendants having made a "colorable showing raising doubts as to the viability of plaintiffs' complaints"); *Diaz*, 2014 WL 4384712, at *2 (stay inappropriate where defendant had not "made a strong showing that the plaintiff's claims [were] unmeritorious"). Sound reasoning supports this policy: where a motion to dismiss is denied as to some or all of the claims, a stay of discovery pending the court's ruling on the motion serves only to delay resolution of the plaintiff's claims.

Instead, "[w]hether discovery should be stayed pending the outcome of a dispositive motion depends on the circumstances of each case." *Computer Assocs. Intern., Inc. v. Simple.com, Inc.*, 247 F.R.D. 63, 69 (E.D.N.Y. 2007) (denying stay where movant failed to show it would be burdened by responding to discovery requests). JCAP acknowledges that it is its burden to show good cause for the issuance of a stay and that three factors guide the analysis: "1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; 2) the breadth of discovery and the burden of responding to it; and 3) the risk of unfair prejudice to the party opposing the stay." Mtn. at 2, *Hollins*, 469 F. Supp. 2d at 78. JCAP states insufficiently, and only in conclusory fashion, the reasons why it believes

---

[1]    As a preliminary issue, JCAP raises whether it is within Your Honor's province to decide its discovery stay request. We believe that this issue falls within Your Honor's authority to hear and determine non-dispositive pretrial matters, should Your Honor choose to make a ruling here. *See e.g., Diaz v. Local 338 of Retail, Wholesale Dept. Store Union, United Food and Commercial Workers*, No. 13-CV-7187(SJF)(SIL), 2014 WL 4384712, at *2 (E.D.N.Y. Sept. 3, 2014) (affirming magistrate judge's denial of a stay of discovery pending a motion to dismiss as the ruling was neither "clearly erroneous" nor "contrary to law").

NOVAGOLD's claims warrant dismissal, and then it makes quick work of the remaining two factors, suggesting that because some cost is inherent in discovery, it is *Plaintiff's* burden to demonstrate that the stay is unfairly prejudicial. Such burden shifting finds no support in the law. JCAP has failed to demonstrate good cause for a stay.

***NOVAGOLD's claims are meritorious.*** JCAP fails to meet its burden to make a *strong* showing that NOVAGOLD's claims are unmeritorious. JCAP cites extensively to its pre-motion letter requesting to file a motion to dismiss but makes only passing reference to NOVAGOLD's opposition. NOVAGOLD's response to JCAP's pre-motion letter identifies the numerous deficiencies in JCAP's stated grounds for dismissal, including that the defamatory statements—the vast majority of which JCAP fails even to reference—are *statements of fact* not cloaked in the sort of broad constitutional protections JCAP describes. Letter Regarding Opposition to Request for a Pre-Motion Conference [Dkt. 19]; *see also Hustler Magazine v. Falwell*, 485 U.S. 46, 52 (1988) ("False statements of fact are particularly valueless; they interfere with the truth-seeking function of the marketplace of ideas, and they cause damage to an individual's reputation that cannot easily be repaired by counterspeech, however persuasive or effective"). JCAP's additional pre-motion arguments as to actual malice and special damages similarly ignore relevant standards and pleaded facts. And despite JCAP's repeated references to the scheduled pre-motion conference, Judge DeArcy Hall's Order makes no statement as to the merits of JCAP's anticipated motion.

NOVAGOLD's claims arise from JCAP's publication of a demonstrably false and misleading report designed to create panic, manipulate NOVAGOLD's stock price, and allow JCAP and its confederates to profit on short positions (the "Report"). Compl. ¶ 1. Contrary to JCAP's characterizations, the Report goes well beyond "analyzing publicly available information" and merely "voic[ing] doubts" over the NOVAGOLD mining operation's prospects. Mtn. at 2. The Report relies on a web of distortions, outright falsehoods, and conversations with anonymous sources to question the integrity of NOVAGOLD's operations and accuse its management of deliberately and systematically misleading investors. Compl. ¶¶ 20–35. These serious—and unfounded—charges have caused NOVAGOLD significant and ongoing reputational and financial harm. Compl. ¶¶ 1, 4, 46–47. What's more, JCAP published the Report to advance its own nefarious goals: to profit from the precipitous drop in share price occasioned by its publication of the Report.

Whether a claim is "unmeritorious" for the purposes of determining whether a stay of discovery is appropriate rests on more than a defendant's own self-serving characterization of the pleadings as insufficient. Indeed, the very nature of the challenges JCAP raises to the Complaint are far afield from wholly-dispositive and purely legal questions that courts typically find give rise to good cause for a stay. *See In re Currency Conversion Fee Antitrust Litigation*, No. MDL 1409, M21-95, 2002 WL 88278 at *2 (S.D.N.Y. Jan. 22, 2002) (a challenge to the sufficiency of allegations is not the type of motion that militates in favor of a stay). For example, in *United States v. County of Nassau*—which JCAP's motion quotes at length—the pending motion to dismiss raised whether a federal court had jurisdiction to hear plaintiff's claims under the plain text of the governing statute. 188 F.R.D. 187, 188. The other cases to which JCAP cites similarly turned on legal challenges to plaintiff's ability to bring its claim at all. *See Josie-Delerme v. Am. Gen. Fin. Corp.*, No. CV 2008-3166 NG/MDG, 2009 WL 497609, at *1 (E.D.N.Y. Feb. 26, 2009) (whether binding arbitration agreement encompassed claims at issue); *Telesca v. Long Island Hous. P'ship, Inc.*, No. CV 05-5509(ADS)(ETB), 2006 WL 1120636, at *2 (E.D.N.Y. Apr. 27, 2006) (whether governing statute applied to plaintiff's claims). In contrast, JCAP's anticipated motion will turn on a

context-based inquiry as to whether the defamatory statements forming the basis of NOVAGOLD's Complaint are facts or opinions—an inquiry JCAP concedes may not be dispositive even if it is successful at all. JCAP's motion fails to make the requisite strong showing that NOVAGOLD's claim is unmeritorious.

***JCAP fails to show that its burden in responding to discovery warrants a stay.*** The second factor in determining whether the movant has shown good cause for a stay is the breadth of discovery and plaintiff's burden in responding to it. *Hollins*, 469 F. Supp. 2d at 78. In effect, JCAP insists that it has met its burden on this factor because discovery here has a cost attached to it and will demand some of its employees' time. This, of course, cannot be the standard, and the cases to which JCAP cites do not support such a sweeping determination. Notably, JCAP omits from its primary authority—a block quote from *Nassau* regarding the inherent burden of discovery—that the *Nassau* court was specifically concerned about diverting employee's time and attention from *municipal* business to focus on discovery. 188 F.R.D. at 189.

As to JCAP's specific burden, the motion makes only a vague reference to the small size of JCAP's staff, failing to identify *any* fact about the nature of this case suggesting that the discovery required will be exceedingly costly or burdensome. Indeed, the present case involves only two parties and raises only two causes of action, both arising from the same defamatory conduct. *Cf. Currency Conversion*, 2002 WL 88278, at *3 (considering the substantial cost of discovery typical of antitrust cases); *Telasca*, 2006 WL 1120636 at *2 (considering the costs of discovery in a "complex case [involving] six defendants, including two towns, two not-for-profit corporations, and a state agency"). Further, because JCAP's defamatory statements place at issue NOVAGOLD's entire business, whereas the Complaint challenges only one report authored by JCAP, the greater discovery burden is likely to fall on *NOVAGOLD*—a fact JCAP's counsel conceded in the parties' pre-conference call.

***A stay of discovery will prejudice NOVAGOLD.*** NOVAGOLD has a significant interest in the expedient resolution of its claims. *See* FED. R. CIV. P. 1 (the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."). This is particularly true where, as here, NOVAGOLD's reputation continues to suffer while JCAP's defamatory Report remains available: NOVAGOLD continues to suffer loss of business and its shares continue to underperform as compared to industry peers. NOVAGOLD is entitled to discovery to bring to light JCAP's complete disregard of the facts and its malicious intent in drafting the Report so that it may bring JCAP—and anyone else associated with the Report—to justice. Further, NOVAGOLD believes that documents central to its claims may be in the possession of third parties whose identity NOVAGOLD has not yet had the opportunity to discover. Because those parties have not yet been identified, much less placed under an obligation to produce documents, there is a risk such documents may be destroyed in the ordinary course of business if NOVAGOLD is not able to timely proceed with discovery, further prejudicing NOVAGOLD. For these reasons, NOVAGOLD is eager to proceed with discovery. JCAP's letter fails to meet its burden to show good cause for a stay; we respectfully ask that the Court deny the request and allow both the Initial Conference and discovery to proceed as scheduled.

Respectfully,

/s/ *Jonathan Rubenstein*
Jonathan Rubenstein