# MILLER KORZENIK SOMMERS RAYMAN LLP

THE PARAMOUNT BUILDING • 1501 BROADWAY, SUITE 2015 • NEW YORK, NY 10036
TEL 212·752·9200 • FAX 212·688·3996 • WWW.MKSR.LAW

October 9, 2020

*Via ECF*
Hon. LaShann DeArcy Hall, U.S.D.J.
U.S. District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *Novagold Resources Inc. v. J Capital Research USA LLC*, No. 20-cv-02875-LDH-PK
        *Objections to Magistrate Judge's Denial of Motion To Stay Discovery*

Dear Judge DeArcy Hall:

We represent Defendant J Capital Research USA LLC ("J Capital").  We write to outline our objections to Magistrate Judge Kuo's partial and tentative denial of J Capital's motion to stay discovery.  Judge Kuo recognized that Your Honor would need to revisit the issue of a stay in the context of the contemplated 12(b)(6) motion – a substantive motion not before her.  We seek an opportunity to discuss with Your Honor, at the parties' pre-motion conference set for October 13, 2020, why not even limited discovery should proceed pending resolution of J Capital's motion.

Our pre-motion conference will address the core issue in J Capital's motion to dismiss Plaintiff's two libel causes of action in their entirety: The allegedly libelous statements (both for the first cause of action for libel; and the second cause of action for trade libel) are non-actionable opinions.

Judge Kuo seemed to recognize that the issue of a stay ultimately turns on the merits of the dismissal motion.  Yet, because of the limited time allotted to the Initial Conference, she had to cut off discussion of the merits and limited us to an incomplete discussion of barely one of the statements at issue.  *See* Transcript of proceedings held before Magistrate Judge Kuo Sept. 30, 2020 ("Tr."), at 15:22-17:2 (annexed as Exhibit A, pages 8-10).

Opinion is defined very broadly and it is protected by both U.S. and New York State Constitutions.  *See, e.g.*, *Immuno AG v. Moor-Jankowski*, 77 N.Y.2d 235, 248-49 (1991); *Brian v. Richardson*, 87 N.Y.2d 46, 50-51 (1995) (Tr. 12:17-13:4).  Opinion is defined even more broadly by the N.Y. Constitution than by the U.S. Constitution.  Statements that would appear to be factual on their face are deemed to be opinion when viewed in context of the kind of publication in which they appear.  *See Immuno AG,* 77 N.Y.2d at 250; *Richardson*, 87 N.Y.2d at 51.  "Predictions" are a species of protected opinion.  *See, e.g., Immuno AG*, 77 N.Y. 2d at 255.  And analysts' reports of the kind in this case are predictions about the *future* prospects and *future* worth of a potential investment.  *See, e.g.*, *Chau v. Lewis*, 935 F.Supp.2d 644, 661-62 (S.D.N.Y. 2013)*; Biospherics, Inc. v. Forbes, Inc.*, 989 F. Supp. 748 (D. Md. 1997), *aff'd*, 151 F.3d 180 (4th Cir. 1998).

Opinion is a ***matter of law*** to be decided by the Court. *See Steinhilber v. Alphonse*, 68 N.Y.2d 283, 289 (1986). Here, the Court can make that determination by reading the J Capital Report and the public documents quoted and cited in the Report. The Report, as is the case with most analysts' reports, is based on *publicly available documents* – not on any undisclosed or confidential sources as an investigative news article might be. So all relevant materials are before the Court and incorporated by reference. *See, e.g., N. Am. Olive Oil Ass'n. v. D'Avolio Inc.*, No. 16-CV-6986 (SJF)(ARL), 2020 WL 2079421 (E.D.N.Y. Apr. 30, 2020).

No discovery is needed by either party to make or to oppose the 12(b)(6) motion. None. As the Court affirmed in *Biro v. Conde Nast*, 963 F.Supp.2d 255, 279 (S.D.N.Y. 2013), *aff'd*, 807 F.3d 541 (2d Cir. 2015), and *aff'd*, 622 F. App'x 67 (2d Cir. 2015):

> In defamation cases, Rule 12(b)(6) not only protects against the costs of meritless litigation, but provides assurance to those exercising their First Amendment rights that doing so will not needlessly become prohibitively expensive.

Judge Kuo would permit Novagold to seek discovery on such topics as "how Novagold was identified as a target for" J Capital's Report; "the third parties who . . . influenced J Cap's decision to target Novagold, or worked with it to create the Report"; and "who controls" J Capital's Twitter account. Tr. at 6:20-7:19 (Ex. A at 4-5).

However, as we stated in our conference with Judge Kuo, none of the discovery Novagold wishes to take would be relevant to the questions J Capital's 12(b)(6) motion will present: whether the statements in the Report are constitutionally protected as statements of opinion, or protected as true or substantially true. Tr. at 17:7-12, 19:14-21 (Ex. A, at 10-11). *See also* Dkt. 18, at 1; *Immuno AG*, 77 N.Y.2d at 244; *Biospherics, Inc.*, 989 F. Supp. at 751-52.

As our stay motion set forth, these questions are matters of law to be decided by the Court. *See* Dkt. 20, at 2; Tr. 19:20-21; Dkt. 18, at 2. Furthermore, the merits of the motion is the first factor that courts in this District examine when considering such a discovery stay. *See* Dkt. 20, at 2.

Judge Kuo declined to consider this first factor, and she denied J Capital time during the September 30 conference to discuss it. *See* Tr. at 15:22-17:2 (Ex. A, at 8-10). She expressly deferred to Your Honor to assess our motion's merits. *Id.* at 3:2-4 (Ex. A, at 3). Yet she premised her stay denial on the supposedly limited, but nonetheless vague discovery topics that Plaintiff identified for the first time at the September 30 conference. [1] She proposed that the parties revisit these issues after the Oct. 13 pre-motion conference.

---

[1] Plaintiff has not been damaged as it contends. It is doing quite well as the attached article and its public statements make clear. *See, e.g.*, Theron Mohamed, "Warren Buffett's silver purchase helped make Thomas Kaplan a billionaire. His gold bet is an even bigger boon: 'I owe him two!'," Business Insider, https://markets.businessinsider.com/news/stocks/warren-buffett-barrick-gold-bet-helps-billionaire-thomas-kaplan-novagold-2020-8-1029525662 (Aug. 23, 2020) (Ex. B). Plaintiff seeks discovery to identify people associated with J Capital and to intimidate them and terminate any criticism of its plans and projections.

Full consideration of the merits of J Capital's anticipated 12(b)(6) motion will provide Your Honor with ample grounds to correct Judge Kuo's stay order – as Judge Kuo herself allowed.  *See* Tr. at 26:1-7 (Ex. A, at 12).  But a stay is clearly appropriate under the other factors as well.  For these reasons we ask Your Honor to sustain J Capital's objections to Judge Kuo's stay denial under Fed. R. Civ. P. 72(a).

Respectfully,

/s/David S. Korzenik
David S. Korzenik
212-752-9200
dkorzenik@mkslex.com

cc: Counsel of Record by ECF