**BAKER BOTTS** L.L.P.

2001 ROSS AVENUE
SUITE 900
DALLAS, TEXAS
75201-2980

TEL +1 214.953.6500
FAX +1 214.953.6503
BakerBotts.com

AUSTIN
BEIJING
BRUSSELS
**DALLAS**
DUBAI
HONG KONG
HOUSTON

LONDON
MOSCOW
NEW YORK
PALO ALTO
RIYADH
SAN FRANCISCO
WASHINGTON

October 12, 2020

Hon. LaShann DeArcy Hall, U.S.D.J.
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Jonathan Rubenstein
TEL: 2149536594
FAX: 2146614594
jonathan.rubenstein@bakerbotts.com

Re:   *NOVAGOLD Resources Inc. v. J Capital Research USA LLC*, No. 20-cv-02875-LDH-PK; Plaintiff's Opposition to Defendant's Objections to Magistrate Judge Kuo's Denial of their Motion to Stay Discovery

Dear Judge DeArcy Hall:

We write on behalf of NOVAGOLD Resources Inc. ("NOVAGOLD") in opposition to J Capital Research USA LLC's ("JCAP") objections to Magistrate Judge Kuo's denial of JCAP's motion to stay discovery ("Objections" or "Obj.").

Contrary to JCAP's representations, Obj. 1, Judge Kuo's decision was not tentative and Judge Kuo did not suggest that Your Honor would need to revisit the issue. Judge Kuo's ruling was clear: based on the arguments, she held that there was not "a strong enough basis to stop all discovery . . . especially given [NOVAGOLD's] concerns about preservation." Tr. 26:8–12. Judge Kuo recognized JCAP's right to object to her ruling, and that Your Honor may overrule her, but directed the parties to proceed with discovery: "So the motion to stay discovery was a motion to stay all discovery, I'm denying it. I'm permitting the limited discovery to go forward on the items that Mr. Rubenstein outlined, and so unless Judge DeArcy Hall overrules me, you should move forward on that." Tr. 27:23–28:2. Indeed, counsel for JCAP *expressly asked* whether it was Judge Kuo's intention to stay the issue for hearing by Your Honor on October 13, 2020[1] and Judge Kuo responded that she was "denying the request to stay." Tr. 26:21.

Tellingly, JCAP's letter objecting to Judge Kuo's ruling cites neither the test for determining whether discovery should be stayed pending the outcome of a dispositive motion nor the applicable standard of review of Judge Kuo's decision. On its motion, it was JCAP's burden to show good cause for a stay, as determined by three factors: "1) whether [JCAP] made a strong showing that [NOVAGOLD's] claim is unmeritorious; 2) the breadth of discovery and the burden of responding to it; and 3) the risk of unfair prejudice to the party opposing the stay." *Hollins v. U.S. Tennis Ass'n*, 469 F. Supp. 2d 67, 78 (E.D.N.Y. 2006). To show good cause for overruling Judge Kuo's decision it is JCAP's burden to show that her ruling was either "clearly erroneous or contrary to law." *Diaz v. Local 338 of Retail, Wholesale Dept. Store Union, United Food and Commercial Workers*, No. 13-CV-7187(SJF)(SIL), 2014 WL 4384712, at *2 (E.D.N.Y. Sept. 3, 2014) (affirming magistrate judge's denial of a stay of discovery pending a motion to dismiss). Neither burden has been met.

---

[1]   The pre-motion conference originally scheduled for October 13, 2020 has since been adjourned by the Court to November 2, 2020.

Far from showing that Judge Kuo's decision was either "clearly erroneous" or "contrary to law," JCAP's letter simply repeats the arguments that it made in its letter briefing and at the Initial Conference which Judge Kuo heard and, in her discretion, rejected. Contrary to JCAP's representations in its letter, Obj. 1, Judge Kuo did not "recognize" that the discovery issue turned on the merits of the dismissal motion. Judge Kuo acknowledged that the merits of the motion to dismiss would "inform" her decision about whether to stay discovery but stated at the outset that it was not her intent to "get into the weeds" on the motion. Tr. 3: 2–6. The record is clear: Judge Kuo heard both parties' arguments as to *each* of the three factors guiding her ruling and made a reasoned decision that—given the discovery NOVAGOLD intended to request and concerns NOVAGOLD raised as to prejudice—JCAP had not raised a "strong enough basis" to stay discovery. Tr. 26:8–12. JCAP provides no basis for its attempt to re-write the standard for deciding such motions in New York to focus solely on the merits of the motion to dismiss.

JCAP also holds out that it was "cut off" from a full discussion of its motion to stay. Obj. 1. While the record shows this is not so, JCAP does not raise any basis here supporting its request to stay discovery that was not argued in front of Judge Kuo. JCAP argued both the points raised in its letter at length: that opinion is defined broadly to include predictions (Tr. 11:25–13:22) and that discovery is not relevant to the questions JCAP intends to present in its Rule 12(b)(6) motion (Tr. 17:7–22:11).

It is black letter law that "a pending motion to dismiss is not an automatic ground for a stay." *Hollins*, 469 F. Supp. 2d at 78. Although a stay may be warranted "*under some circumstances*," this is not such an instance. *Id.* In its response to the motion to stay and at the Initial Conference, NOVAGOLD refuted JCAP's purported bases for dismissal: critically, while JCAP cites extensively to case law protecting statements of opinion, it ignores that the alleged defamatory statements in the Complaint are *statements of fact*. NOVAGOLD's Opposition to Defendant's Motion to Adjourn Initial Conference [Dkt. 22] ("Stay Opp.") 2. And JCAP's other stated grounds for dismissal—that NOVAGOLD has not pleaded actual malice or special damages—ignore relevant standards and pleaded facts. Stay Opp. 2. Not only are NOVAGOLD's claims meritorious, but JCAP also failed to show that it will be burdened in responding to discovery. Stay Opp. 2. NOVAGOLD additionally articulated the prejudice it would suffer if discovery were stayed, both because NOVAGOLD's reputation and business continue to suffer as long as this dispute remains pending and because NOVAGOLD believes that documents central to its claims may be in the possession of third parties who have not yet been identified, much less placed under an obligation to preserve and produce documents. Stay Opp. 3.

In the same papers and argument, JCAP presented the reasons why it believes that its motion to dismiss is meritorious and Judge Kuo held that, properly weighing this factor against the other factors relevant to the analysis, JCAP had not made the strong showing required to justify a discovery stay. This is the right result. JCAP also argues that the discovery sought by NOVAGOLD is irrelevant to the issues it will raise in its Rule 12(b)(6) motion. Obj. 2. This argument is beside the point: JCAP has not pointed to any authority suggesting that discovery sought during the pendency of a motion to dismiss must relate to the issues raised in that motion. Indeed, if this were the case, it would swallow the general rule that discovery should proceed despite the pendency of a motion to dismiss absent a showing of good cause based on the factors highlighted above.

  Now, JCAP objects to Judge Kuo's order and effectively requests a second bite at the apple, but JCAP fails to identify *any* basis on which the Court could determine that Judge Kuo's ruling was either clearly erroneous or contrary to law.  We respectfully ask that Your Honor overrule JCAP's objection.

            Respectfully,

            /s/ *Jonathan Rubenstein*
            Jonathan Rubenstein