## MILLER KORZENIK SOMMERS RAYMAN LLP

THE PARAMOUNT BUILDING • 1501 BROADWAY, SUITE 2015 • NEW YORK, NY 10036
TEL 212-752-9200 • FAX 212-688-3996 • WWW.MKSR.LAW

*Via ECF*  December 9, 2020

Hon. LaShann DeArcy Hall, U.S.D.J.
U.S. District Court, E.D.N.Y.
225 Cadman Plaza East, Brooklyn, NY 11201

**Re:**   *Novagold Resources Inc. v. J Capital Research USA LLC*, **No. 20-cv-02875-LDH-PK**

Dear Judge DeArcy Hall:

On behalf of Defendant J Capital Research USA LLC ("JCap"), we request a pre-motion conference in anticipation of a motion to dismiss the First Amended Complaint ("FAC") of Plaintiff Novagold Resources Inc. ("Novagold") under Fed. R. Civ. P. 12(b)(6). JCap's motion will seek dismissal of the FAC on three grounds:

1) It fails to plead actual malice as Novagold must under New York's newly expanded Civil Rights Law § 76-a, as well as previously existing state and federal law.

2) It fails to plead cognizable damages for Novagold's libel claim or trade libel claim.

3) It fails to plead any actionable statements in JCap's "Pipe Dream" Report or tweets.[1]

***Failure To Plead Actual Malice***

New York's libel law has changed. This action is now one "involving public petition and participation" under the expanded provisions of New York's Civil Rights Law, which now include "(1) any communication in a place open to the public or a public forum in connection with an issue of public interest;" and "(2) any other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest." *See* N.Y. Civ. Rights Law § 76-a(1)(a). The new law further provides that "'[p]ublic interest' shall be construed broadly, and shall mean any subject other than a purely private matter." *See* N.Y. Civ. Rights Law § 76-a(1)(d). In such an action, "damages may only be recovered if the plaintiff, in addition to all other necessary elements, shall have established by clear and convincing evidence that any communication which gives rise to the action was made with knowledge of its falsity or with reckless disregard of whether it was false, where the truth or falsity of such communication is material to the cause of action at issue." N.Y. Civ. Rights Law § 76-a(2). The new statute, which took effect November 10, embodies the same "actual malice" standard long in place for actions "involving alleged defamation against public figures or [in some cases] against private figures whose speech was of public concern." *See MiMedx Grp., Inc. v. Sparrow Fund Mgmt. LP*, No. 17-cv-7568-PGG, 2018 WL 4735717, at *8 (S.D.N.Y. Sept. 29, 2018) (citation omitted).

---

[1] *See* FAC ¶¶21-40; *see also* https://www.jcapitalresearch.com/novagold.html (link to Report).

New York courts have long recognized the public's "interest in" and "need for information concerning . . . the successes, failures or manipulations of specific corporations in which thousands of people have invested their personal fortunes." *Fotochrome, Inc. v. New York Herald Tribune, Inc.*, 61 Misc. 2d 226, 230 (Sup. Ct. Queens Cnty. 1969); *accord MiMedx*, 2018 WL 4735717, at *2, 8 n.5 (corporation suing over "'short and distort' market manipulation conspiracy" was public figure). *See generally Biro v. Condé Nast*, 963 F. Supp. 2d 255, 270 (S.D.N.Y. 2013), *aff'd*, 807 F.3d 541 (2d Cir. 2015), *and aff'd*, 622 F. App'x 67 (2d Cir. 2015).

In all events, the change in New York's Civil Rights Law requires that *private* figures in libel actions involving "public petition and participation" must meet an actual malice burden too.

"Not only is proving actual malice a heavy burden"; but "in the era of *Iqbal* and *Twombly*, pleading actual malice is a more onerous task as well." *Biro*, 963 F. Supp. at 278-79 (citations omitted) (collecting cases). Here the FAC fails. To support its "actual malice" pleading, Novagold continues to rely on the allegation that JCap's "intent" in publishing the Report was to "profit on short positions" it allegedly held in Novagold stock. *See* FAC ¶¶1-4, 43, 45, 51, 58. But such a "purported financial motive – standing alone – does not support a finding of actual malice." *MiMedx*, 2018 WL 4735717, at *12 (granting Rule 12(b)(6) dismissal of complaint alleging "short and distort" defamation conspiracy). *See Harte-Hanks Commc'ns, Inc. v. Connaughton,* 491 U.S. 657, 667 (1989) ("Nor can the fact that the defendant published the defamatory material in order to increase its profits suffice to prove actual malice."). *See also Fotochrome*, 61 Misc. 2d at 231 (reporter's alleged admission to having a short seller's interest in an article was "not in and of itself sufficient to defeat" summary dismissal). A speaker's financial interest – long, short or otherwise – does not count toward actual malice pleading. Actual malice is about a subjective awareness of falsehood. All else Novagold pleads are "actual-malice buzzwords" (*see, e.g.*, FAC ¶¶3, 51, 58), which are "simply not enough" to support a plausible actual malice inference. *Biro*, 963 F. Supp. at 279-80 (citation omitted).

***Failure To Plead Cognizable Damages – Stock Decline Allegations Should Be Stricken***

Novagold is not entitled to damages recovery for the alleged decline in its stock price (or loss of "market capitalization") following publication of the Report. FAC ¶¶4, 46. Nowhere does the FAC allege the price decline as a realized "economic loss" of Novagold's own. *See generally Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346-48 (2005). Novagold still fails to particularize *any* other alleged damages for its libel cause of action. *See* FAC ¶50. As to any other types of damage that Novagold *may* be trying to claim, "While a pleading of special damages is not necessary in a case of defamation per se, there must be something that addresses the element of injury to reputation." *Sandals Resorts Int'l Ltd. v. Google, Inc.*, 86 A.D.3d 32, 39 (1st Dep't 2011) ("even accepting that the e-mail portrays petitioner as a company whose hiring decisions are informed by the applicants' race – a portrayal that certainly would be defamatory – there still must be some allegation tending to establish that its business reputation was harmed."). *See also* Robert D. Sack, *Sack on Defamation*, at § 10-3.4, 10-15, -16 (5th ed. PLI 2020) ("[t]he law of libel has long reflected the distinction between corporate and human plaintiffs by limiting corporate recovery to actual damages in the form of lost profits") (citation omitted).

The FAC's new damages allegations (¶¶48-49) fail to plead *any* facts suggesting "the publication of the false material was a substantial factor in inducing others not to have business

dealings with it," as is required for trade libel. *Penn Warranty Corp. v. DiGiovanni*, 10 Misc. 3d 998, 1003 (Sup. Ct. N.Y. Cnty. 2005); *see also Eros Int'l v. Mangrove Partners*, No. 653096/2017, 2019 WL 1129196, at *11 (Sup. Ct. N.Y. Cnty. Mar. 8, 2019) (citation omitted) (trade libel/disparagement "is confined to denigrating the quality of a business' goods or services"). Novagold has no goods or services to denigrate. No lost profits are alleged; no lost contracts are alleged. And as to the alleged attorney's fees, per the American Rule, absent "any agreement, statute or court rule authorizing the award of attorney's fees," such an award would be "improper." *Gallo v. Montauk Video, Inc.*, 178 Misc. 2d 1069, 1070 (App. Term 1998) (citation omitted). Even if they were cognizable, Novagold's new alleged damages of "at least $212,000" in counsel fees and "at least $201,000" in employee time (FAC ¶¶49, 57) are insufficiently itemized to qualify as the special damages required here. *See Drug Research Corp. v. Curtis Pub. Co.*, 7 N.Y.2d 435, 441 (1960) ("round figures, with no attempt at itemization," insufficient for "libel on the product"); *Penn Warranty*, 10 Misc. 3d at 1005.

### *Failure To Plead Actionable Statements of Fact – Short-Seller Research Reports Are Opinion*

In general, "[S]tatements that merely express opinion are not actionable as defamation, no matter how offensive, vituperative or unreasonable they may be." *Penn Warranty*, 10 Misc. 3d at 1003–04, *citing Immuno AG. v. Moor-Jankowski*, 77 N.Y.2d 235 (1991); *Johnson v. Riverhead Central Sch. Dist.*, 420 F. Supp. 3d 14, 32-33 (E.D.N.Y. 2018) (DeArcy Hall, J.). Corporate libel actions over alleged "short and distort" reports are not new. Courts in New York have consistently dismissed such complaints as attempts to suppress constitutionally protected opinions. *See, e.g.*, *Yangtze River Port & Logistics Ltd. v. Hindenburg Research*, No. 150721/2019, 2020 WL 905770, at *2-3, 7-9 (Sup. Ct. N.Y. Cnty. Feb. 25, 2020) (accusations that corporate assets were "grossly exaggerated" and "largely fabricated," and that Yangtze was a "scheme run by its Chairman . . . to siphon money," among others, were all ruled not actionable "opinion"); *Silvercorp Metals Inc. v. Anthion Mgm't LLC*, 36 Misc.3d 1231(A), at *1, 9-12, 11 nn.5-6 (Aug. 16, 2012) (accusations of "massive accounting fraud," and "misrepresenting the quality of [Silvercorp's] silver deposits and drilling costs," deemed "opinion"). *See also Eros*, 2019 WL 1129196, at *7-11; *Matter of Nanoviricides, Inc. v. Seeking Alpha, Inc.*, No. 151908/2014, 2014 WL 2930753, at *5-6 (Sup. Ct. N.Y. Cnty. June 26, 2014); *Deer Consumer Prods., Inc. v. Little Grp.*, No. 650823/2011, 2012 WL 5983641, at *19-21 (Sup. Ct. N.Y. Cnty. Nov. 29, 2012). By their very words and context, the JCap "Pipe Dream" Report statements and tweets (FAC ¶¶21-34; 36-40) are opinions as in this line of cases. The accusations at issue in these other cases are more aggressive and apparently factual than those of JCap. *See, e.g.*, FAC ¶21 (Report contending that Novagold feasibility study shows projected costs which are "already, *we believe*, far too low") (emphasis added).

JCap's Report relies on the same "publicly-available" documents Novagold lists in its FAC (¶10). Novagold simply disputes JCap's reading of the same cited documents (FAC ¶¶21-30). The FAC shows that JCap's Report simply offers a divergent interpretation of the same underlying public documents that are hyperlinked in both the Report and the FAC. The cited documents also constitute admissions that statements at issue are substantially true (*see, e.g.*, FAC ¶35) (insider stock sales versus "exercise of options"). Either way, the statements are not actionable. *See, e.g.*, *Yangtze River*, 2020 WL 905770, at *9 (report ruled "opinion" where public records cited in defendants' report were not alleged to have been falsely represented).

3

|  |  |
|---|---|
|  | Respectfully, |
| cc: Counsel of Record via ECF | /s/David S. Korzenik<br>/s/Terence P. Keegan<br>David S. Korzenik<br>Terence P. Keegan |