**BAKER BOTTS LLP**

| | |
|---|---|
| 2001 ROSS AVENUE<br>SUITE 900<br>DALLAS, TEXAS<br>75201-2980<br><br>TEL +1 214.953.6500<br>FAX +1 214.953.6503<br>BakerBotts.com | AUSTIN       LONDON<br>BEIJING       MOSCOW<br>BRUSSELS   NEW YORK<br>**DALLAS**    PALO ALTO<br>DUBAI         RIYADH<br>HONG KONG SAN FRANCISCO<br>HOUSTON   WASHINGTON |

December 16, 2020

Hon. LaShann DeArcy Hall, U.S.D.J.
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Jonathan Rubenstein
TEL: 2149536594
FAX: 2146614594
jonathan.rubenstein@bakerbotts.com

Re:   *NOVAGOLD Resources Inc. v. J Capital Research USA LLC*, No. 20-cv-02875-LDH-PK; Plaintiff's Opposition to Defendant's Request for Pre-Motion Conference

Dear Judge DeArcy Hall:

We write on behalf of NOVAGOLD Resources Inc. ("NOVAGOLD") in opposition to J Capital Research USA LLC's ("JCAP's") December 9, 2020 request for a pre-motion conference ("Letter" or "Ltr.") in anticipation of its filing a motion to dismiss NOVAGOLD's First Amended Complaint ("FAC").

This is not JCAP's first such request. JCAP previously asked the Court for permission to file a motion to dismiss the Original Complaint [Dkt. 1], arguing (1) that the defamation claim should be dismissed because the statements at issue are non-actionable and the actual malice pleading was deficient, and (2) that NOVAGOLD had not pleaded special damages in support of its trade libel claim. Letter Request for Pre-Motion Conference [Dkt. 18]. The Court considered JCAP's arguments and, at the parties' pre-motion conference on November 2, 2020, denied JCAP's requested relief as to the defamation claim, finding neither of the arguments had "any leg" and that it would be a "waste of [defendant's] time, resources, as well as the Court's to entertain any motion with respect to the defamation claim" based on the arguments JCAP had set out. Pre-Motion Hearing Transcript ("Tr.") at 7–8, 18–19. The Court permitted NOVAGOLD to re-plead as to the narrow issue of special damages in support of its trade libel claim; and on November 16, 2020 NOVAGOLD filed its FAC, amending only its special damages allegations.

Failing even to mention the Court's prior ruling, JCAP's letter devotes only one paragraph to the FAC's amended special damages pleading and instead focuses on re-urging the same grounds for dismissing the defamation claim that the Court has already rejected. As to whether the FAC identifies actionable statements of fact, JCAP's letter does not raise any new argument that the Court did not previously consider and determine would not "prevail." Tr. 18–19. As to the pleading of actual malice, JCAP relies on changes to New York's anti-SLAPP statute passed by the legislature and enacted *after* NOVAGOLD filed its Original Complaint. JCAP's letter includes no argument at all as to why this *state* legislation is applicable *retroactively* and in a *federal* court sitting in diversity. The remainder of JCAP's arguments grossly misrepresent NOVAGOLD's pleading and provide no grounds for dismissal.

**NOVAGOLD's FAC adequately pleads damages.** JCAP's letter addresses NOVAGOLD's amended special damages pleading—the *only* amendment to the Original Complaint—in a single paragraph. (Ltr. at 2). JCAP first takes issue with NOVAGOLD not

having pleaded lost profits or contracts as an element of its special damages claim. Ltr. 2–3. In raising this argument, JCAP fails to even acknowledge the case law and other authorities cited in the FAC permitting special damages in the form of expenses reasonably necessary to counteract the publication, much less explain why those authorities should not apply in this instance. *See* FAC ¶ 48 (citing Restatement (Second) Torts § 63 (1977) (publisher of injurious falsehoods is liable for the expenses reasonably necessary to counteract the publication, including litigation to remove the doubt cast upon a business's value by the disparagement); *Charles Atlas Ltd. v. Time-Life Books, Inc.*, 570 F. Supp. 150, 155 (S.D.N.Y. 1983) (relying on Restatement and holding that pleading of special damages in the form of advertising to counteract defamatory publication is sufficient to support trade libel cause of action); *Bose Corp. v. Consumers Union of U.S. Inc.*, 529 F. Supp. 357, 365 (D. Mass. 1981) (awarding special damages calculated as a percentage of employee's salary based on time spent counteracting defamatory statements)).

JCAP additionally challenges NOVAGOLD's request for certain fees of counsel as improper; however, the authority on which it relies addresses only the general award of attorney's fees following successful prosecution of a libel claim. Ltr. at 3 (citing *Gallo v. Mantauk Video, Inc.*, 178 2d 1069, 1070 (App. Term 1998)). JCAP cites *no authority* prohibiting an award of costs incurred for *pre-suit* advice and analysis from counsel as to how to counteract a defamatory report and clear the company's name. In addition, the only challenge JCAP raises to NOVAGOLD's request for costs associated with the time its employees have spent addressing defamatory statements in the Report instead of attending to NOVAGOLD business is that such pleading is "insufficiently itemized." Ltr. at 3. JCAP ignores that NOVAGOLD's breaking down of the costs associated with its response by type *is itemization*. Such pleading detail is far afield from JCAP's cited case, which held as insufficient a pleading that that defendant's actions had "caused grave injury and prejudice to plaintiff's name and business reputation, all to the tune of $5,000,000." Ltr. at 3 (citing *Drug Research Corp. v. Curtis Pub. Co.*, 7 N.Y.2d 435, 441 (1960)).

The only other paragraph in which JCAP raises an argument as to NOVAGOLD's damages pleading either misunderstands or misrepresents NOVAGOLD's pleading related to its defamation damages. Ltr. at 2. JCAP first argues that NOVAGOLD has not pleaded any economic damages, ignoring both NOVAGOLD's special damages pleading and that no economic damages are necessary where a Plaintiff pleads libel per se (as NOVAGOLD has done here). FAC ¶¶ 47, 52, 54. Then JCAP confusingly asserts that NOVAGOLD has not addressed injury to its reputation. Ltr. at 2. This ignores that the FAC sets out in detail that JCAP's unscrupulous misstatements about NOVAGOLD and false denigrations of the integrity and honesty of NOVAGOLD's management have caused substantial damage to NOVAGOLD's reputation, as evidenced by the dramatic effect those statements had on NOVAGOLD's stock price. FAC ¶¶ 45–47. Just like JCAP's previous letter requesting to file a motion to dismiss, the proposed grounds for dismissal advanced by JCAP here ignore NOVAGOLD's actual pleading and are without merit.

***The recently-passed legislation on which JCAP's actual malice argument relies does not apply to this dispute, and, in any event, NOVAGOLD has adequately pleaded that JCAP acted with actual malice.*** Notably absent from JCAP's letter is any explanation of why—contrary to well-settled law disfavoring retroactive application of legislation—New York's new anti-SLAPP legislation enacted more than four months *after* NOVAGOLD filed its Original Complaint should nevertheless govern this dispute. "It is a fundamental canon of statutory construction that retroactive operation is not favored by courts and statutes will not

be given such construction unless the language expressly or by necessary implication requires it." *Majewski v. Broadalbin-Perth Cent. Sch. Dist.*, 696 N.E.2d 978 (N.Y. 1998) (citing *Landgraf v. USI Film Prods.*, 511 U.S. 244, 265 (1994) ("the presumption against retroactive legislation is deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our Republic."). JCAP has not identified *any* legislative intent that this statute be applied retroactively, express or otherwise. Further, to the extent that the provisions on which JCAP relies would change the parties' substantive rights, the Court should refuse to apply the statute retroactively for the additional reason that such application "would produce an impermissible retroactive effect." *See New York v. United Parcel Service, Inc.*, 15-cv-1136 (KBF), 2016 WL 4094707, at *3 (S.D.N.Y. June 10, 2016) ("The logic underpinning the presumption is that settled expectations should not be lightly disrupted . . . a statute has impermissible retroactive effect when it takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past.") (internal quotations omitted) (citing *Landgraf*, 511 U.S. at 265).

And to the extent JCAP would instead argue that the provisions on which it relies are procedural, the application of those *state* procedural provisions to this dispute in a *federal* court sitting in diversity would be in conflict with the Second Circuit's decision just this summer holding that state anti-SLAPP provisions in conflict with the Federal Rules of Civil Procedure—including heightened pleading standards in conflict with Rules 12 and 56—are inapplicable in federal court. *La Liberte v. Reid*, 966 F.3d 79, 88 (refusing to apply California's substantially similar anti-SLAPP statute to a diversity case in federal court). Indeed, other courts considering whether new anti-SLAPP legislation should be applied retroactively have recognized the "Catch-22" in which defendants arguing for such position find themselves: "*either* the statute is partially substantive (or has substantive consequences) and is therefore not retroactive . . . *or* it is purely procedural and inapplicable in federal court under *Erie*." *Sherrod v. Breitbart*, 843 F.Supp.2d 83, 85 (D.D.C. 2012) (citing *Erie v. Tompkins*, 304 U.S. 64 (1938) (requiring federal courts sitting in diversity to apply federal procedural law)).

In any event, NOVAGOLD has adequately pleaded that JCAP acted with actual malice. JCAP's assertion that NOVAGOLD relies only on JCAP's intent in publishing the Report to support its actual malice claim is false. Ltr. at 2. As NOVAGOLD identified in its prior response to JCAP on this same issue, the FAC—in addition to allegations that that the Report is an illegal "short and distort scheme," (FAC ¶¶ 1–4, 11–12, 16–18, 45–47)—is replete with allegations that JCAP's work is "deliberately indifferent to the truth" (¶ 12), and that it ignored readily-available facts contradicting its Report (¶¶ 11, 22–24, 27–30, 25) in order to "scare investors into selling NOVAGOLD stock so that JCAP could profit" (¶¶ 2, 45–46). The pleading goes well-beyond "actual-malice buzzwords" and identifies with specificity facts contradicting JCAP's report that were available to JCAP and which JCAP recklessly ignored, including information in the very sources on which JCAP relies plainly rebutting the Report's central allegations as to initial capital costs. (FAC ¶¶ 22–24).

JCAP's letter fails to identify any viable challenge to NOVAGOLD's amended pleading on special damages in support of its trade libel claim. And JCAP's bold attempt to re-raise arguments the Court has already rejected fails to shine light on any new facts or law that would entitle it to a second bite at the apple. NOVAGOLD respectfully asks that the Court deny JCAP's request.

Respectfully,
/s/ *Jonathan Rubenstein*
Jonathan Rubenstein