# MILLER KORZENIK SOMMERS RAYMAN LLP

THE PARAMOUNT BUILDING • 1501 BROADWAY, SUITE 2015 • NEW YORK, NY 10036
TEL 212-752-9200 • FAX 212-688-3996 • WWW.MKSR.LAW

December 17, 2020

*Via ECF*
Hon. LaShann DeArcy Hall, U.S.D.J.
U.S. District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** ***Novagold Resources Inc. v. J Capital Research USA LLC*, No. 20-cv-02875-LDH-PK**
***Pre-Motion Conference - Reply re First Amended Complaint***

Dear Judge DeArcy Hall:

On behalf of Defendant J Capital Research USA LLC ("JCap"), we submit this Reply to the Opposition Letter (Dkt. 36) of Plaintiff Novagold Resources Inc. ("Plaintiff" or "NG").

Plaintiff cannot shake free of the Actual Malice standard that applies to this case under the new New York Anti-SLAPP law (N.Y. Civ. Rights Law §70-a and §76-a):

1) The new law, effective Nov. 10, applies expressly to anyone who has "commenced or ***continued***" such an action.  N.Y. Civ. Rights Law § 70-a(1) (emphasis added).
2) The new law has two *substantive* features: a) it gives a defendant a *counterclaim* against the plaintiff; and b) it requires plaintiff to prove *actual malice*, regardless of their public or private figure status. N.Y. Civ. Rights Law §§ 70-a(1); 76-a(2).
3) The new law has no *Erie* problem.  It was designed to avoid *Erie*: Its substantive provisions are contained in NY Civil Rights Law; and its separate procedural provisions (special motions and stays) appear in the CPLR.  We are not relying on CPLR provisions.  We are not making a special motion based on the CPLR.
4) The new law is different than the California Anti-SLAPP.  So *La Liberte v. Reid*, 966 F.3d 79 (2d Cir. 2020) does *not* apply to the N.Y. statute.  It is similar to the Nevada Anti-SLAPP, which the Second Circuit *did* apply in *Adelson v Harris*, 774 F.3d 803, 807, 809 (2d Cir. 2014). The Second Circuit in *Reid* made clear that the Nevada Anti-SLAPP is "quite different" from California's.  966 F.3d at 86 n.3.  It defended its *Adelson* ruling because the "effects of the [Nevada] Anti-SLAPP law. . . are substantive."  *Id*. (citation omitted).
5) The new law is a remedial law that does not impair any "vested rights." Laws that "do not impair vested rights" are allowed "to be given retroactive construction." *Matter of City of New York (Long Is. Sound Realty Co.)*, 160 A.D.2d 696, 697 (2d Dep't 1990).  In all events it is not "retroactive" as it applies to actions that are "*continued*."
6) We gave plaintiff notice of the new law on Nov. 24.  Plaintiff had an opportunity to withdraw and not to continue the action before we incurred further costs.

NG has not pled Actual Malice per *Iqbal* because a) JCap's alleged financial interest does not count; and b) Actual Malice buzzwords don't count. *See* Dkt. 35, at 1.  Under the pre-Anti-SLAPP cases JCap cited in its Pre-Motion Letter (*id.* at 2), the Actual Malice standard applied no less to publicly traded companies – which NG's Opposition Letter does not dispute at all.

**The Trade Libel/Disparagement Cause of Action Must Be Dismissed; So the Claims for Attorney's Fees & Employee Time Must Be Dismissed.** We challenge their availability here. But even if they *might* be available in Trade Libel, they are not available as libel damages.

1. Trade Libel or commercial disparagement "is confined to denigrating the quality of a business' goods or services." *Ruder & Finn v Seaboard*, 52 N.Y.2d 663, 670-1 (1981); *see Eros Int'l v Mangrove Ptnrs*, 2019 WL 1129196, at *11 (Sup. Ct. NY Cty 2019) (dismissing a disparagement claim against a short seller based on *Ruder & Finn)*.
2. NG presently has no "goods or services" to sell; none for anyone to libel or disparage. And JCap's Report did not discuss the quality of NG's unmined gold.
3. The two cases (*Charles Atlas* and *Bose*) that NG relies on for its claim to legal fees and employee time are both disparagement cases. *Silvercorp*, which NG avoids mention of again, also contemplated such possible claims in connection with Trade Libel.  But in *Silvercorp*, the defendant impugned the quality of Silvercorp's mines and ore. *See* 2012 WL 3569952, at *11.  JCap is not alleged to have done so here.
4. In all events, the Trade Libel cause of action *may* allow for fees incurred to restore the reputation of the *product disparaged*, but not for the reputation of the company generally. Allowable remedial costs must have a nexus with the *specific* harm that the narrowly focused Trade Libel cause of action is intended to remedy.

As to the opinion issue, there are 15 falsehoods alleged; each must be assessed as whether they are opinion, whether they are defamatory, or whether they are only *per quod* defamatory. That some *might* be actionable does not mean that all are actionable. We ask that we not be compelled to carry the heavy costs of discovery on "facts" that are actually opinion or to retain experts to have their opinions on statements that are, indeed, opinion.

There are about seven publicly available documents listed in NG's First Amended Complaint ("FAC") (Dkt. 34); the same ones cited and hyperlinked in the JCap Report.  As in *Yangtze River* and other cited cases, the Report's reliance on those listed publicly available documents render the Report and its conclusions to be non-actionable opinion.  *See* Dkt. 35, at 3.

Significant here is that NG's Opposition Letter is silent on the *Yangtze River* line of short-seller cases that get dismissed on opinion grounds.  NG is silent too on *Dura Pharmaceuticals,* and how it fails to allege that a decline in stock price was a realized loss of its own.

At the Parties' last pre-motion conference, we noted to the Court that we expected to still press the opinion issue in response to NG's FAC.  Your Honor responded, "Let's get the amended complaint then we'll see where we are."  *See* Transcript of Pre-Motion Conference Nov. 2, 2020, at 19:19-20:2.  The Pre-Motion letter process is one that enables the Court and the Parties to focus and refine the issues on an intended motion.  The exchanges of letters have done so here.

Respectfully,

cc: Counsel of Record by ECF          /s/David S. Korzenik
                                      /s/Terence P. Keegan
                                      David S. Korzenik
                                      Terence P. Keegan