# Miller Korzenik Sommers Rayman llp
THE PARAMOUNT BUILDING • 1501 BROADWAY, SUITE 2015 • NEW YORK, NY 10036
TEL 212-752-9200 • FAX 212-688-3996 • WWW.MKSR.LAW

March 5, 2021

*Via ECF*

Hon. LaShann DeArcy Hall, U.S.D.J.
U.S. District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** *Novagold Resources Inc. v. J Capital Research USA LLC*, **No. 20-cv-02875-LDH-PK**
*Notice of New Authority in Support of Motion To Dismiss*

Dear Judge DeArcy Hall,

On behalf of Defendant J Capital Research USA LLC ("JCap"), we write to inform the Court of a new decision in this district on several issues presented in JCap's motion to dismiss Plaintiff's First Amended Complaint (Dkt. 38).

In *Coleman v. Grand*, --- F. Supp. 3d ----, No. 18-cv-5663 (ENV)(RLM), 2021 WL 768167 (E.D.N.Y. Feb. 26, 2021), another Court in this district dismissed a libel claim by an individual whom it deemed to be a private figure (*id.* at *6):

- The Court held the new anti-SLAPP provision in New York Civil Rights Law § 76-a is not only "manifestly substantive" and "applicable in federal court"; it also has retroactive effect from its Nov. 10, 2020 enactment, following the "clear legislative expressions" of its "remedial purpose and urgency." *Id.* at *7-8 (citations omitted); *see* JCap Mem. (Dkt. 40) at 14-15; Reply (Dkt. 43) at 6-8.

- The Court applied the amended anti-SLAPP law, citing "New York courts' 'extremely broad interpretation' of statements on 'matters of public concern.'" 2021 WL 768167, at *8 (citations omitted); *see* Mem. at 16-17; Reply at 5-6.

- The *Coleman* plaintiff failed to show the defendant had acted with "actual malice" as required by the anti-SLAPP law. Although the plaintiff had "hitched" his claim "to the actual malice standard," the Court ruled that at any rate he also failed to establish New York's "gross irresponsibility" standard of fault – under which motive is irrelevant. 2021 WL 768167, at *8-10 & n.4; *see* Mem. at 17-18; Reply at 8-9; Novagold Complaint dated June 29, 2020 (Dkt. 1) at ¶¶3, 49; FAC dated Nov. 16, 2020 (Dkt. 34) at ¶¶3, 51, 58.

- The *Coleman* Court also held that the statements at issue were protected opinion. 2021 WL 768167, at *10-12. "Importantly," it noted, "an opinion does not become actionable because its author includes supporting facts. An opinion that

offers 'a full recitation of the facts on which it is based is readily understood by the audience as conjecture' and allows readers to make up their own minds." Thus it is "nonactionable." *Id.* at *11 (citations omitted); *see* Mem. at 9-10; Reply at 1.

- Although the *Coleman* Court ruled on a motion for summary judgment, New York courts regularly grant motions to dismiss on the same legal principles and policy grounds on which the *Coleman* Court relied. *Compare Coleman*, 2021 WL 768167, at *4 ("summary judgment on libel claims has 'particular value' in avoiding the 'chilling effect of protracted litigation'") (citation omitted), *with Biro v. Conde Nast*, 883 F. Supp. 2d 441, 457 & n.5 (S.D.N.Y. 2012) ("there is 'particular value' in resolving defamation claims at the pleading stage, 'so as not to protract litigation through discovery and trial and thereby chill the exercise of constitutionally protected freedoms.'")(citation omitted). *See* Mem. at 3-4, 17-18.

- The *Coleman* Court declined to reach the "question of injury" to the plaintiff because it found he "fails on the fault and falsity elements" of his claim. 2021 WL 768167, at *12 n.6; *see* Mem. at 10, 17.

We request Your Honor consider the new *Coleman* decision as further authority in support of JCap's motion to dismiss Plaintiff's First Amended Complaint.

Respectfully,

cc: Counsel of Record by ECF

/s/Terence P. Keegan
Terence P. Keegan