**BAKER BOTTS** L.L.P.

2001 ROSS AVENUE
SUITE 900
DALLAS, TEXAS
75201-2980

TEL +1 214.953.6500
FAX +1 214.953.6503
BakerBotts.com

AUSTIN
BEIJING
BRUSSELS
**DALLAS**
DUBAI
HONG KONG
HOUSTON

LONDON
MOSCOW
NEW YORK
PALO ALTO
RIYADH
SAN FRANCISCO
WASHINGTON

March 11, 2021

Hon. LaShann DeArcy Hall, U.S.D.J.
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Jonathan Rubenstein
TEL: 2149536594
FAX: 2146614594
jonathan.rubenstein@bakerbotts.com

Re: *NOVAGOLD Resources Inc. v. J Capital Research USA LLC*, No. 20-cv-02875-LDH-PK; Response to Notice of New Authority

Dear Judge DeArcy Hall:

We write on behalf of NOVAGOLD Resources Inc. ("NOVAGOLD") in response to J Capital Research USA LLC's ("JCAP's") notice of new authority, filed on March 5, 2021 ("Notice", Dkt. 46). As JCAP's submission followed the close of briefing, NOVAGOLD did not have the opportunity to address the authority raised. NOVAGOLD respectfully requests that the Court consider this brief letter in response. The authority JCAP identifies, *Coleman v. Grand*, --- F. Supp. 3d ---, No. 18-cv-5663 (ENV)(RLM), 2021 WL 768167 (E.D.N.Y. Feb. 26, 2021), does not provide any basis for the dismissal of the Amended Complaint.

JCAP's notice first points to the *Coleman* court's decision to apply New York's recently-enacted anti-SLAPP legislation to the case before it. In reaching its conclusion, the court relied heavily on the Southern District of New York's opinion in *Palin v. The New York Times Co.*, --- F. Supp. 3d. ---, No. 17-cv-4843-JSR, 2020 WL 7711593, at *5 (S.D.N.Y. Dec. 29, 2020). The *Coleman* opinion does not weigh in favor of retroactive application of the anti-SLAPP legislation to this dispute for the same reasons the *Palin* decision does not. "Opposition to Motion to Dismiss" (Dkt. 41) ("Opp.") at 10–11. As in *Palin*, the *Coleman* court held that the plaintiff would not suffer any "harsh impacts" from retroactive application as he had "already hitched his wagon to the actual malice standard." 2021 WL 768167 at *8. Here, NOVAGOLD has argued in all instances that it is not a public figure and that the actual malice standard does not govern. Opp. at 11–13. And, as in *Palin*, the *Coleman* court narrowly focused on a handful of statements in the memorandum accompanying the legislation without more broadly considering the language of the statute (including the absence of an express statement on retroactivity), the 30-year history of the previous legislation, or the retroactive effect the statute might have on parties' vested rights. Opp. at 9.

JCAP does not argue that court's opinion in *Coleman* represents any change in the law governing a plaintiff's pleading burden to state a claim for libel or allege actual malice. Indeed, the *Coleman* opinion disposed of competing libel claims on *summary judgment* based on a record including more than 1,500 pages of exhibits and deposition testimony attached the parties' briefing. *See* "Declaration of Mackenna White,"18-cv-5663 (Dkt. 87) (attaching 49 documents in support of dismissal briefing); "Declaration of Joyce Cooper," 18-cv-5663 (Dkt. 82-3) (attaching 42 documents in support of briefing). Nevertheless, JCAP uses the letter as an opportunity to re-raise its dismissal arguments and offer selective quotations from *Coleman* in support.

On the question of actual malice, the *Coleman* court held that—based on the evidentiary record before it—a reasonable fact finder would be unable to determine that the defendant acted with actual malice. *Id*. at *9. The plaintiff made two proffers of evidentiary support in support of his argument: (1) emails suggesting that the plaintiff feared a defamation suit following her statements, and (2) evidence suggesting that the plaintiff's "true motive was revenge." *Id*. The court held that neither was sufficient because the fear of a lawsuit is not an admission that the suit is justified and evidence of ill will—standing alone—is not sufficient to establish actual malice. *Id*. at *9–10. The court's holding does not bear on the relevant question in this case: whether NOVAGOLD adequately *pleaded* actual malice. And in any event, NOVAGOLD's pleaded facts extend well beyond a theory based solely on JCAP's ill will. Opp. at 13–14. As it relates to NOVAGOLD's substantive pleading of its libel claim, JCAP points to the *Coleman* court's recognition that "an opinion does not become actionable because its author includes supporting facts." Notice 2 (citing 2021 WL 768167 at *11). But as argued in its Opposition, NOVAGOLD does not dispute this point of law. NOVAGOLD does not plead that JCAP's statements are defamatory because they rely on supporting facts; NOVAGOLD alleges that the statements are defamatory because the supporting "facts" on which they purportedly rely are false and misleading. Opp. 15–19.

The *Coleman* decision provides no basis for dismissal of Plaintiff's First Amended Complaint.

Respectfully,
/s/ *Jonathan Rubenstein*
Jonathan Rubenstein