# Miller Korzenik Sommers Rayman LLP

THE PARAMOUNT BUILDING • 1501 BROADWAY, SUITE 2015 • NEW YORK, NY 10036
TEL 212-752-9200 • FAX 212-688-3996 • WWW.MKSR.LAW

March 15, 2021

*Via ECF*
Hon. LaShann DeArcy Hall, U.S.D.J.
U.S. District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** *Novagold Resources Inc. v. J Capital Research USA LLC*, No. 20-cv-02875-LDH-PK
*Notice of Further New Authority in Support of Motion to Dismiss*

Dear Judge DeArcy Hall,

We write on behalf of J Capital Research USA LLC ("JCap") to bring to the Court's attention an additional new ruling on New York's Anti-SLAPP Law: *Sackler v. Am. Broad. Cos. et al.*, No. 155513/2019, 2021 WL 878910 (Sup. Ct. N.Y. Cnty. Mar. 9, 2021) (Perry, J.).

A number of courts have been examining the impact of New York's amended Anti-SLAPP Law on pending libel actions. The *Sackler* case is the third. We cited Judge Rakoff's ruling in *Palin v. New York Times Co.* in our motion papers. In our supplemental authority letter of March 5 (Dkt. 46), we cited a new ruling from Judge Vitaliano in E.D.N.Y., *Coleman v. Grand*. There Judge Vitaliano agreed with the approach that Judge Rakoff had taken on the retroactivity of the new Anti-SLAPP law and its application of the actual malice standard to all libel actions involving matters of public interest, whether a plaintiff is a public or private figure.

In *Sackler*, on motion by a defendant, *The New York Post*, the Court dismissed a libel action by an avowedly private figure:

- ➢ The Court ruled that the new Anti-SLAPP law applied *retroactively* to a case initiated well before its November 10, 2020 enactment. The case was initiated in 2019. The new law came into effect as the motion to dismiss was *sub judice.* 2021 WL 878910, at *1.

- ➢ The Court ruled that the new Anti-SLAPP law imposed the *actual malice standard on a private figure libel plaintiff. Id.* at *3.

- ➢ The Court dismissed Plaintiff Sackler's Amended Complaint on the grounds that it failed to properly plead *actual malice* (*id.* at *4-5); and

- ➢ The Court embraced the very same grounds and logic of the holdings of both Judge Rakoff and Judge Vitaliano in *Palin* and *Coleman*, and noted "the role of the court in determining the retroactive effect of legislation . . . ." *See id.* at *2-4. All three rulings are consistently decided.

- The *Sackler* Court disposed of the same argument made by Plaintiff Novagold ("NG") in its letter of March 11, 2021 (Dkt. 47) regarding the *Palin* case. Judge Perry stated: "Plaintiff's argument that Judge Rakoff's holding 'did not change the standard already applicable in that case of actual malice' is irrelevant in this case." *Id.* at *3. The *Sackler* plaintiff was unquestionably a private figure. Still actual malice applied.

- NG cannot say that it was prejudiced or surprised by the new Anti-SLAPP or had no opportunity to address it. Like the *Coleman* plaintiff, NG attempted to plead "actual malice" in *both* its Complaint and its First Amended Complaint ("FAC"), the latter which it filed *after* the amended Anti-SLAPP law's enactment. The *Sackler* Court concluded that its plaintiff "suffers no undue prejudice from retroactive application," as he had "attempted to couch his claim against the Post in terms of actual malice from the filing of the complaint . . . and had ample opportunity to argue the issue at oral argument." 2021 WL 878910, at *3. Likewise, Novagold has further addressed the issue both in its pre-motion letter and opposition brief where, significantly, it insisted that it had properly pleaded actual malice. *See* Dkt. 36, at 3; NG Opp. (Dkt. 41) at 13. The issue now is not whether it *must*, but whether it *has* – under *Biro*, *MiMedx* and other Rule 12(b)(6) dismissals. *See* JCap Mem. (Dkt. 40) at 17.

- Because *Sackler* was in state court, the CPLR 3211(g) procedure applied, but the Court's justification for dismissing Sackler's amended complaint is telling: *Sackler* had attempted to plead actual malice with allegations that *as a matter of law* did not qualify as "actual malice." They are different putative actual malice allegations than that pleaded by NG, but neither *as a matter of law* qualify as actual malice. NG relies on the financial interest of a short seller to plead actual malice, when as a matter of law such an allegation will not suffice. *See* Mem. at 17-18. Like the *Sackler* plaintiff, it has offered nothing more in its pleading than what was deficient as a matter of law. And New York Courts do not let parties get discovery *to see if they might* be able to find a basis for pleading actual malice. It has never worked that way – pre-Anti-SLAPP or after. The *Sackler* Court relied on *Rivera v. Time Warner Inc.*, 56 A.D.3d 298 (1st Dep't 2008). *See* 2021 WL 878910, at *4. *Rivera* was a motion to dismiss granted for failure to properly plead actual malice. That was a **pre**-amended Anti-SLAPP ruling.

- CPLR 3211(g) may make things harder for plaintiffs procedurally and it may not apply in federal court, but that fact certainly does not give any libel plaintiff in federal court a free pass around *Twombly*, *Biro, MiMedx* or any other Rule 12(b)(6) ruling on actual malice.

- NG's claim that JCap did not read its Feasibility Study the way that NG thinks it should have read it does not count toward actual malice – rather, it only forces NG's FAC squarely into Opinion. The JCap report relies on the NG Feasibility Study, it links to it, and it quotes from it. So, the reader can decide.

                                      Respectfully,

cc: Counsel of Record via ECF         /s/David S. Korzenik
                                                      David S. Korzenik