**BAKER BOTTS** LLP

2001 ROSS AVENUE
SUITE 900
DALLAS, TEXAS
75201-2980

TEL +1 214.953.6500
FAX +1 214.953.6503
BakerBotts.com

AUSTIN
BEIJING
BRUSSELS
**DALLAS**
DUBAI
HONG KONG
HOUSTON

LONDON
MOSCOW
NEW YORK
PALO ALTO
RIYADH
SAN FRANCISCO
WASHINGTON

March 19, 2021

Hon. LaShann DeArcy Hall, U.S.D.J.
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Jonathan Rubenstein
TEL: 2149536594
FAX: 2146614594
jonathan.rubenstein@bakerbotts.com

      Re:    *NOVAGOLD Resources Inc. v. J Capital Research USA LLC*, No. 20-cv-02875-LDH-PK; Response to March 15, 2021 Notice of New Authority

Dear Judge DeArcy Hall:

      We write on behalf of NOVAGOLD Resources Inc. ("NOVAGOLD") in response to J Capital Research USA LLC's ("JCAP's") notice of new authority, filed on March 15, 2021 ("Notice", Dkt. 49). NOVAGOLD respectfully requests the opportunity to address the identified authority, *Sackler v. Am. Broad. Cos. et al.*, No. 155513/2019, 2021 WL 878910 (Sup. Ct. N.Y. Cnty. Mar. 9, 2021). As with *Coleman v. Grand*—the authority on which JCAP previously wrote (Dkt. 46)—*Sackler* does not provide any basis for the dismissal of the Amended Complaint. JCAP's post-briefing Notice does little more than reiterate the legally and factually insufficient arguments that it has now raised in five letters, two briefs, and one oral argument.

      The *Sackler* court's decision to apply New York's recently-enacted anti-SLAPP legislation again relies on *Palin v. New York Times*, an authority cited in JCAP's motion papers. Like the *Palin* court, the *Sackler* court narrowly focuses on memorandum language suggesting a "remedial" intent without also considering the 30-year history of the previous legislation or the impermissible retroactive effect the statute might have on parties' vested rights. *See* "Opposition to Motion to Dismiss" ("Opp.") (Dkt. 41) at 10–13. In any event, NOVAGOLD adequately pleads actual malice. Making only passing reference to the inapplicable heightened standard on which *Sackler* was decided, JCAP argues in its notice that the case is "telling" because that plaintiff relied on a pleading of actual malice that was "deficient as a matter of law." Notice 2. But JCAP's *only* basis for describing NOVAGOLD's pleading as "deficient" is the inaccurate characterization of NOVAGOLD's pleading as relying on JCAP's financial interest as a short seller to plead actual malice. Notice 2. As NOVAGOLD highlighted in its pre-motion letters, motion papers, and response to JCAP's previous notice, such characterization is far afield from NOVAGOLD's robust pleading of actual malice. *See* Dkt. 36, Opp. at 13–14, Dkt. 47, FAC ¶¶ 11, 12, 22–24, 25, 27–30, 45–46).

      For these reasons, the *Sackler* decision provides no basis for dismissal of Plaintiff's First Amended Complaint.

                                             Respectfully,
                                             /s/ *Jonathan Rubenstein*
                                             Jonathan Rubenstein