**BAKER BOTTS** L.L.P.

2001 ROSS AVENUE
SUITE 900
DALLAS, TEXAS
75201-2980

TEL +1 214.953.6500
FAX +1 214.953.6503
BakerBotts.com

AUSTIN
BEIJING
BRUSSELS
**DALLAS**
DUBAI
HONG KONG
HOUSTON

LONDON
MOSCOW
NEW YORK
PALO ALTO
RIYADH
SAN FRANCISCO
WASHINGTON

April 5, 2021

Jonathan Rubenstein
TEL: 2149536594
FAX: 2146614594
jonathan.rubenstein@bakerbotts.com

Hon. Peggy Kuo
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *NOVAGOLD Resources Inc. v. J Capital Research USA LLC*, No. 20-cv-02875-LDH-PK

Dear Magistrate Judge Kuo:

NOVAGOLD Resources Inc. ("NOVAGOLD") and J Capital Research USA LLC ("JCap") write jointly pursuant to Your Honor's Individual Practice Rule VI(A)(1) to bring to the Court's attention certain discovery disputes that the parties have in good faith attempted, but failed, to resolve in two separate conferences with each other pursuant to Local Rule 37.3. As described in more detail below, NOVAGOLD requests that the Court compel JCAP to produce documents and information responsive to Requests for Production 1, 2, 5, 6, 7, 8, 11, 12, 13, 14, and 15 as well as Interrogatories 1, 2, 3, 5, and 6. The parties respectfully request a conference with Your Honor to address the issues raised.

***The Court has already ruled that discovery should proceed pending a ruling on the motion to dismiss.*** Citing the recently-enacted New York anti-SLAPP legislation—under which discovery is stayed if the Plaintiff files an anti-SLAPP motion—JCAP, contrary to Your Honor's September 30, 2020 ruling, has unilaterally imposed a stay, stating that it will not produce documents responsive to any request or supplement any interrogatory responses until after Judge DeArcy Hall rules on its motion to dismiss. In addition to the new procedural mechanisms contemplated by the *state* anti-SLAPP statute not applying to this dispute in a *federal* court sitting in diversity, *La Liberte v. Reid*, 966 F.3d 79, 88 (2d Cir. 2020) (refusing to apply substantially similar anti-SLAPP statute to a diversity case in federal court), JCAP has made no showing as to why the Court should apply this anti-SLAPP statute retroactively to claims filed months before the statute was enacted, *see Majewski v. Broadalbin-Perth Cent. Sch. Dist.*, 696 N.E.2d 978, 980 (N.Y. 1998) ("It is a fundamental canon of statutory construction that retroactive operation is not favored by courts and statutes will not be given such construction unless the language expressly or by necessary implication requires it."). To the extent JCAP intends to argue that pre-existing federal case law would mandate a stay, the Court has already considered and rejected this argument. NOVAGOLD disputes JCAP's statement below that its narrow amendment to the Complaint has any bearing on Your Honor's previous denial of JCAP's motion to stay and disputes JCAP's characterization of its responses as "full[] and ampl[e]."

***JCap, in response, requests that the Court stay further discovery in recognition of the discovery already furnished; the fully briefed, multifaceted dispositive motion before Judge***

***DeArcy Hall; and New York's recently amended Anti-SLAPP law.*** When the Parties were last before Your Honor, they had yet to hold their conference with Judge DeArcy Hall in anticipation of JCap's motion to dismiss. *See* Dkt. 24. Since then, Novagold amended its Complaint (Dkt. 34); the Parties fully briefed JCap's motion to dismiss the action (Dkts. 38-44, 46-47, 49-50); and the Parties exchanged their first discovery requests and responses per the so-ordered case management plan (*see* Dkt. 30). There are two causes of action and a series of different statements at issue in this case. Even partial dismissal of a single cause of action – or of a claim over one or more of the statements in JCap's Report – would significantly narrow the universe of further discovery (and its cost).

Importantly, *after* the Parties' conference with Your Honor – but *before* Novagold filed its Amended Complaint – New York amended its anti-SLAPP law. New York, under whose common law Novagold sues, now expressly recognizes such a case as "involving public petition and participation." *See* N.Y. Civ. Rights Law § 76-a(1)(a). State and federal courts alike have held the "actual malice" provision of the amended law to be substantive and retroactive (*see* Dkt. 49). But aside from the "actual malice" merits provision, New York also directs its courts to stay "[a]ll discovery, pending hearings, and motions" upon the filing of an anti-SLAPP motion to dismiss. Furthermore, a defendant such as JCap now has a cause of action to recover damages, including costs and attorney fees, from a plaintiff such as Novagold which has "commenced or continued" such an action. *See* N.Y. Civ. Rights Law § 70-a(1). That Counterclaim has yet to be filed; and discovery on that is yet to be fully propounded. JCap has made no unilateral decision to stay discovery as Novagold claims. It fully and amply responded to Novagold's interrogatories and request for production of documents. It simply asserted a general objection to *further* discovery pending its motion to dismiss per New York's amended law and public policy (*see* Ex. B – JCap interrogatory response excerpt). It asked Novagold if the parties might jointly seek a stay – not only in light of the amended law, but also in view of the discovery efforts the parties already have undertaken, per Your Honor's phased approach to case management.

***NOVAGOLD contends that JCAP's assertion of the Reporters' Privilege is overbroad and inappropriate.*** The documents and information to which JCAP has objected span a broad range of topics, including, for example: the identification of NOVAGOLD as a target, the source of JCAP's funding for the Report, JCAP's trading in NOVAGOLD securities and the securities of other mining companies, and JCAP's efforts to edit or revise the Report. To the extent *any* of the documents JCAP is withholding may have been obtained in confidence or qualify as "news," JCAP has not provided any information from which that may be determined. *See* N.Y. Civ. Rights Law § 79-h(b) (protecting "news obtained or received in confidence"); § 79-(h)(a)(8) (defining news). JCAP likewise has not provided any information from which either NOVAGOLD or the Court may determine that any of the documents it refuses to produce are confidential. Not all unpublished materials are inherently confidential and NOVAGOLD is entitled to those non-confidential materials that "are of likely relevance to a significant issue in the case, and are not reasonably obtainable from other available sources." *Schiller v. City of New York*, 245 F.R.D. 112, 119 (S.D.N.Y. 2007). The specific allegations NOVAGOLD pleads against JCAP further weaken the applicability of the privilege. *See Chevron Corp. v. Berlinger*, 629 F.3d 297, 308 (2d Cir. 2011) ("[t]hose who gather and publish information because they have been commissioned to publish in order to serve the objectives of others who have a stake in the subject of the reporting are not acting as an independent press" and the privilege may not apply to such publications);

*Aequitron Med., Inc. v. CBS, Inc.*, No. 93 CIV. 950 (DC), 1995 WL 406157, at *3 (S.D.N.Y. July 10, 1995) (the privilege is weaker in libel cases as, "[i]t would be unfair for a media defendant in what is essentially . . . a defamation case to resist discovery on a basic issue such as knowledge.").

***JCap responds that it has appropriately invoked the Reporter's Privilege.*** JCap is shielded from disclosure of unpublished materials, communications, consultants, and sources pertaining to its public Report on Novagold. In this diversity case, which is based on Novagold's claims under New York law, the stricter protections of N.Y. Civ. Rights Law § 79-h control rather than the qualified Reporter's Privilege that the Second Circuit recognizes (*see Gonzales v. Nat'l Broad. Co.*, 194 F.3d 29, 33, 36 (2d Cir. 1999)). *See* Ex. B at 4. Extending Reporter's Privilege protection to research organizations such as JCap "is consistent with New York's 'long tradition, with roots dating back to the colonial era, of providing the utmost protection of freedom of the press' – protection that has been recognized as 'the strongest in the nation.'" *Murray Energy Corp. v. Reorg Research, Inc.*, 152 A.D.3d 445, 447 (1st Dep't 2017) (citation omitted). Even Novagold's federal privilege authority notes that "the touchstone" for determining such protection "is not . . . whether the journalistic enterprise was 'unbiased' . . . . Rather, the test is whether the enterprise intended to express its views publicly. . . ." *Schiller*, 245 F.R.D. at 119.

Among other things, Novagold seeks identification of sources unidentified in JCap's Report, and documents and communications relating to information obtained from such sources. However, JCap's Interrogatory responses demonstrate how its principals exercised full editorial control over the Report's content and publication. *Cf. Chevron*, 629 F.3d at 308 (filmmaker had removed "at least one scene" at the "direction" of others). JCap also asserted, and can further establish for the Court, how certain material has been conveyed to it in confidence – which entitles such material to *absolute* protection from disclosure under N.Y. Civ. Rights law § 79-h(b). For nonconfidential material, as JCap stated in its responses, Novagold's requests lack the particularity and clarity that would permit it to make the "clear and specific showing" that the material (i) is highly material and relevant; (ii) is critical or necessary to the maintenance of Novagold's claim or proof of a material issue; and (iii) is not obtainable from any alternative source. N.Y. Civ. Rights Law § 79-h(c). JCap seeks a protective order from Your Honor shielding it from disclosure of such privileged material.

***JCap seeks leave to submit a separate joint letter regarding discovery demands that Novagold has refused to answer.*** Novagold is using attorney-client privilege, the attorney work-product doctrine, and joint-defense and common-interest privileges to withhold discovery entirely or to redact portions of documents and communications that show the extent to which it has suffered the damages it claims in its Amended Complaint. It seeks attorneys' fees as "special damages," but will not disclose the relevant records on which its trade libel claim depends. Novagold's overbroad privilege assertions also threaten to keep hidden material that would corroborate how it understood JCap's Report to be statements of opinion or substantially true statements of fact. Novagold's claims have opened the door to discovery on these dispositive issues.

***NOVAGOLD does not believe that any additional briefing is warranted.*** NOVAGOLD has offered to provide billing statements from which JCAP may assess the attorneys' fees it asserts as special damages with limited redactions. NOVAGOLD does not believe that JCAP has shown any good cause for additional briefing on this issue.

Respectfully,

/s/ *Jonathan Rubenstein*
Jonathan Rubenstein
*Counsel for Plaintiff NOVAGOLD Resources, Inc.*

/s/ *David S. Korzenik*
David S. Korzenik
*Counsel for Defendant J Capital Research USA, LLC*