# Exhibit B

David S. Korzenik
Terence P. Keegan
**MILLER KORZENIK SOMMERS RAYMAN LLP**
1501 Broadway, Suite 2015
New York, New York 10036
Tel: 212-752-9200
*Attorneys for Defendant J Capital Research USA LLC*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NOVAGOLD RESOURCES INC., <br><br> Plaintiff, <br><br> v. <br><br> J CAPITAL RESEARCH USA LLC, <br><br> Defendant. | CIVIL ACTION NO.: 1:20-cv-02875-LDH-PK |

**RESPONSE OF DEFENDANT J CAPITAL RESEARCH TO PLAINTIFF'S FIRST SET OF <u>INTERROGATORIES</u> and NOTICE TO PLAINTIFF OF NEW ANTI-SLAPP LAW**

Defendant J Capital Research USA LLC ("JCAP" or "Defendant") responds to Plaintiff's First Set of Interrogatories as follows:

**PRELIMINARY STATEMENT AND OBJECTIONS**

This Preliminary Statement and Objections sets forth Defendant's Objections and puts Plaintiff NovaGold on notice of a newly enacted Anti-SLAPP law – signed by New York's Governor and "effective immediately" as of this November 10 - which has a direct impact on this case. NovaGold has an opportunity to withdraw this action to avoid the consequences of the new Anti-SLAPP law and to do so before further costs are incurred.

1) ***The New Anti-SLAPP Law Signed November 10, 2020:*** *After* the Initial Conference and *before* the Filing of the Amended Complaint applicable NY libel law has been changed by statute in a substantial way that will alter the nature and focus of this litigation. The express objectives of the new law, NY Civil Rights Law 70-a, 76-a and related amendments, are: a) to protect defendants in libel cases from the costs of defense and discovery; b) to "stay" discovery pending resolution of threshold dispositive motions; c) to protect defendants from libel claims designed to intimidate and suppress legitimate speakers and their sources; d) to provide a counterclaim and other remedies that provide for recovery of attorneys' fees and other costs; and e) to elevate the fault standard of proof for Private Figure libel plaintiffs to Actual Malice with "clear and convincing" evidence.

   a. *Costs of Discovery Should be Deferred and Controlled to Protect Speakers who are Targeted with Libel Claims*: The discovery that this Plaintiff seeks is intended to impose undue and unfair costs on Defendant for its legitimate and protected speech and it is at odds with the general concern of the federal case law that provides "assurance to those exercising their First Amendment rights that doing so will not needlessly become prohibitively expensive." *Biro v. Conde Nast*, 963 F. Supp. 2d 255, 279 (S.D.N.Y. 2013), *aff'd*, 807 F.3d 541 (2d Cir. 2015), *and aff'd*, 622 F. App'x 67 (2d Cir. 2015).
   It is now the requirement and the declared policy of the new New York Anti-SLAPP law and of prior federal case law to stay or, at minimum, to carefully limit discovery demands by a libel plaintiff before initial motions are made and ruled on. Our Objections are based in part on those newly protected rights and interests.

   b. *Stay of Discovery*: It is now, as of Nov. 10, 2020, the law in New York to "stay" discovery in libel cases such as this until dispositive motions have been ruled upon. That feature of the new law may apply in a federal court, but in all events its policy implications are compelling for a federal court in a diversity case and should drive and add force to the prior holdings of some federal courts in the Second Circuit to stay or at least substantially restrict discovery pending a motion to dismiss in a libel case. *The new law including the Stay provision should now be factored in to any operative rulings on discovery under the Federal rules. It was not considered before.*

   c. *Protection against a Libel Plaintiff's Effort to Intimidate Speakers and Sources*: The present action for libel is aimed at silencing and intimidating legitimate critics of NovaGold and legitimate short sellers of its stock.

   Defendant JCAP, if, and when it must Answer, will interpose a Counterclaim under the new Anti-SLAPP law against Plaintiff NovaGold for its attorneys' fees and related costs as well as punitive damages. An award of all such fees and costs etc. is mandatory, i.e., – "shall be" awarded – when the new statutory conditions are met.

d. *Actual Malice Standard Now Applies to both Private and Public Figures*: Under NY Civil Rights Law 76-a (2) the fault standard of proof for Private figure libel plaintiffs in cases involving matters of "public interest" is now Actual Malice which must be proven with "clear and convincing" evidence. "'Public interest' shall be construed broadly." N.Y. Civ. Rights Law § 76-a(1)(d). The lesser 'gross irresponsibility' standard now yields to the higher threshold requirement of Constitutional Malice.

2) *Plaintiff's Amended Complaint is built upon utterly false, unsupported, superfluous and puffed up speculation about Defendant and its Report*. The lawsuit, as the bloviating pleadings suggest, is a public relations maneuver. The discovery that has been demanded by Plaintiff on the basis of its unsupportable and bloated pleadings impose costs and burdens on Defendant that are unreasonable and abusive.

*Plaintiff must preserve and prevent spoliation of all documents and communications to and from any public relations or investor relations firm/consultants and its legal counsel concerning the drafting and publication of its public relations responses to the JCAP report and its drafting and preparation of its two pleadings, including without limitation, those statements of the pleadings that go beyond what is called for or required by Rule 8.*

3) Plaintiff's discovery requests have been propounded at particularly early stage of this case and they are therefore unreasonably and unfairly premature:

   a. Plaintiff did not file its Amended Complaint until a week ago, i.e., on Nov. 16, 2020.

   b. The parties served their Initial Disclosures only yesterday, Nov. 23, 2020;

   c. Plaintiff's Complaint and its Amended Complaint are extremely broad and discursive and unreasonably expansive in scope. So, the case will require significant Case Management oversight if discovery in this case is to be proportionate, fair and reasonable in scope and cost.

   d. Defendant and counsel have at this very early stage in the proceeding yet to complete a full review of the documents that may be at issue in this case. And therefore Defendant must reserve the right to supplement or amend this response and to preserve objections based on privilege as to documents that it has yet to fully review.

   e. Defendant has not yet Answered or Moved with respect to the Amended Complaint, so issue is not yet joined nor has the action been subject to any motions that would lead to its dismissal or to its narrowing;

4) Though Magistrate Judge Kuo allowed *some* early discovery before we could make any motions with respect to the Complaint or Amended Complaint, these

Interrogatories and related document requests exceed the scope of the permitted discovery. *In view of newly enacted New York law, "effective immediately" as of Nov. 10, 2020, that limited discovery will need to be reviewed and reassessed.*

5) Defendant has not completed its document search, its investigation or analysis of the facts relating to the case, its discovery in this action, nor its preparation for relevant threshold motion practice. The responses contained herein are based only upon such knowledge, information and documents as are presently available and specifically known to Defendant. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to known facts, and establish entirely new conclusions and legal contentions, all of which may lead to substantial additions to, changes in and variations from the responses herein set forth. The following responses are given without prejudice to Defendant's right to produce subsequently discovered documents, evidence of any subsequently discovered fact, or facts which Defendant may later recall, or contentions which may be later formulated.

6) Defendant accordingly reserves the right to amend, modify or supplement the responses herein as additional documents are located, additional facts are ascertained and further analysis is made. The responses herein are made in a good faith effort to supply as much information and specification of legal contentions as is presently known but are not intended to preclude and shall not preclude Defendant from making contentions or relying upon documents, facts or witnesses or additional information obtained during discovery, or further research or analysis.

7) *Reporters Privilege*: Defendant objects to the disclosure of unpublished materials, communications, consultants and sources pertaining to its Report that go beyond those materials and references that are published, cited, linked and identified in the Report itself. Such unpublished materials are protected by the Reporters Privilege. The production of such editorial materials would be an imposition upon the freedom of the press under the First Amendment of the U.S. Constitution, Article 8 of the Constitution of the State of New York, the statutory and common law of New York (*see, e.g.*, N.Y. Civ. Rights Law § 79-h), and/or any other applicable law or rule of evidence protecting journalist newsgathering information and activities. Any need for the information is outweighed by the public interest in protecting the editorial work product and confidential information and sources of journalists and the news media. Significantly, the requests lack the particularity and clarity that would permit Plaintiff to meet the *requisite particularized need* that, among other things, must be shown in order to overcome the reporter's privilege for non-confidential materials. That showing under § 79-h must be "clear and specific." Confidential unpublished materials, communications and sources are protected from disclosure by an *absolute* privilege under Civ. Rights Law § 79-h which may not be overcome by any showing of particularized need.

8) *Attorney-Client and Work Product Privilege Preserved*: Defendant objects to the First Set of Interrogatories, and to each individual interrogatory, to the extent they attempt or purport to seek information protected from disclosure by the attorney-client privilege and/or the work product doctrine, and it will not produce such information. No such

4

# VERIFICATION
## UNDER USC 28 § 1746

      I have read the foregoing RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES and know its contents.

      I am a principal for the Defendant in this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and to those matters I believe them to be true.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 24, 2020

_____
Anne Stevenson-Yang