# Exhibit C

Seth T. Taube
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, New York 10112
Tel: 212.408.2500
Fax: 212.408.2501

*Attorney for Plaintiff, NOVAGOLD Resources Inc.*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NOVAGOLD RESOURCES INC., <br><br> Plaintiff, <br><br> v. <br><br><br><br> J CAPITAL RESEARCH USA LLC, <br><br> Defendant. | **CIVIL ACTION NO.: 1:20-cv-02875-LDH-PK** <br><br> **JURY TRIAL DEMANDED** |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 33, NOVAGOLD Resources LLC submits the following interrogatories to J Capital Research USA LLC, to be answered separately and fully in writing by mailing or otherwise delivering the answers to Baker Botts L.L.P., 2001 Ross Avenue, Suite 900, Dallas, Texas 75201, addressed to the attention of Jonathan Rubenstein, within thirty days of the date of service hereof.

**DEFINITIONS**

1. The terms "JCAP," "you," or "your" mean J Capital Research USA, LLC and its current and former officers, employees, attorneys, partners, corporate parent, predecessor entities, subsidiaries, or affiliates.

2. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) whether oral, written, or by other means, and includes, but is not limited to, representations, discussions, meetings, letters, correspondences, memoranda, newsletters, telegrams, advertisements, speeches, conversations, conferences, notes, e-mails or computer-generated messages and any other documents which refers to any such communications.

3. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

4. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A), including but not limited to internal memoranda, notes of any kind, correspondence, text messages, voicemail messages, communications on or through social media sites, paper and electronic calendars or diaries, meeting minutes, phone logs, board minutes and resolutions, agreements, due diligence materials, financial or other analyses, reports, spreadsheets, databases, maps, press releases, employee communications, draft documents, invoice and payment records, tape or video recordings, photographs, and image files. A draft or non-identical copy is a separate document within the meaning of this term.

5. When referring to a person, "identify" means to give, to the extent known, the person's full name and present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

6. When referring to documents, "identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s) (or, if the document has been produced in this matter, the Bates label of that document if the document reflects this information).

7. The term "NOVAGOLD" means NOVAGOLD Resources LLC, its current and former officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

8. The term "person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

9. The term "Report" means JCAP's report on NOVAGOLD published May 28, 2020 titled "*NovaGold (NG US): The Pipe Dream.*"

10. The term "Relevant Time Period" refers to the period of time to which these requests refer. Unless otherwise indicated, the Relevant Time Period for these requests is September 1, 2018, to the date of your responses to these Requests. You are requested to supplement your answers thereafter in accordance with the Federal Rules of Civil Procedure.

## INSTRUCTIONS

1. These interrogatories require you to provide all responsive information in your possession, custody, or control. This includes all responsive information in the possession of any subsidiary or affiliate that JCAP has "a practical ability to obtain" from those subsidiaries or affiliates. *See, e.g.*, *New Falls Corp. v. Soni*, CV 16-6805 (ADS) (AKT), 2018 WL 3321429, at *5 (E.D.N.Y. July 5, 2018).

2. As to any interrogatory that JCAP refuses to answer or is unable to answer, in whole or in part, for any reason, please state the reason for its refusal or inability to answer. If JCAP believes a complete answer to a particular interrogatory is not possible, please answer each

interrogatory to the extent possible and furnish a statement explaining: (a) the reason for its inability to answer further; and (b) what information or knowledge it possesses concerning the unanswered portion.

3. If you refuse to respond to any interrogatory, or withhold any information responsive to any interrogatory, on the ground of privilege or attorney work product doctrine, please provide information complying with Federal Rule of Civil Procedure 26(b)(5).

4. The following rules of construction shall apply to these interrogatories:

   a. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

   b. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

   c. The use of the singular form of any word includes the plural and vice versa.

5. Each interrogatory below should be read separately, and no interrogatory should be read or understood to limit the scope of any other interrogatory.

6. These interrogatories are continuing in nature and require supplemental answers in the event JCAP or any other person acting on its behalf becomes aware of additional or corrective information. Pursuant to Federal Rule of Civil Procedure 26(e), such supplementation or correction must be made in a timely manner.

## INTERROGATORIES

**Interrogatory No. 1:** Provide a complete factual explanation of how you identified NOVAGOLD as a subject for the Report. Include in your answer a description of any documents you reviewed prior to drafting or publication of the Report, and identify any persons with whom you communicated regarding the selection of NOVAGOLD as a subject for the Report or the

statements contained in the Report. For persons not affiliated with JCAP, include the organization with which they are affiliated and their titles and duties within that organization.

**Interrogatory No. 2:** Identify all persons who have provided information to you, or received information from you, concerning NOVAGOLD, NOVAGOLD securities, your investment in NOVAGOLD securities, the drafting of the Report, the Report, or the events described in the Petition. Include in your answer a detailed factual statement of the information provided.

**Interrogatory No. 3:** Identify all persons involved in researching, drafting, or paying or underwriting the costs of preparation of the Report, including a detailed factual statement of each person's involvement. For persons affiliated with JCAP, include their titles and duties in JCAP. For persons not affiliated with JCAP, include the organization with which they are affiliated and their titles and duties within that organization.

**Interrogatory No. 4:** Identify the anonymous industry professionals referred to in the Report, including the "engineer . . . who worked on costing the pipeline" identified on page 2; the "pipeline expert . . . familiar with the project" identified on page 5; the "pipeline engineer familiar with Donlin" identified in footnote 4; and the "expert" identified on page 8. For persons affiliated with JCAP, include their titles and duties in JCAP. For persons not affiliated with JCAP, include the organization with which they are affiliated and their titles and duties within that organization.

**Interrogatory No. 5:** Provide a detailed factual statement of any research or investigation regarding NOVAGOLD or NOVAGOLD securities that you conducted or that was conducted on your behalf during the drafting of the Report or prior to the publication of the Report. Identify all documents you reviewed prior to the publication of the Report.

**Interrogatory No. 6:** Identify all persons who knew of the Report or its preparation prior to its publication, including a description of the information that such persons knew about the Report and when they learned about the preparation of the Report. For persons affiliated with JCAP, include their titles and duties in JCAP. For persons not affiliated with JCAP, include the organization with which they are affiliated and their titles and duties within that organization.

**Interrogatory No. 7:** Identify all persons who are able to publish to the Twitter account @JCap_Research.

**Interrogatory No. 8:** Identify all persons who are able to publish to the domain jcapitalresearch.com.

**Interrogatory No. 9:** Identify all means by which the Report was published, including any mailing or email subscription lists. Include in your answer a description of the recipients each publication is intended to target and estimated number of recipients reached.

**Interrogatory No. 10:** For each purchase, sale, trade, acquisition, or other disposition (hereinafter, collectively "trade" or "trades") of any NOVAGOLD securities by you or for the benefit of JCAP or its members, principals or managers, identity all the securities traded, the trade dates, the types of trade, the quantity of securities traded, and the purchase or sale price per security for each trade, the brokerage accounts in which the trades occurred, and the name of any brokers or financial advisors involved in the trades.

**Interrogatory No. 11:** Identify by name and title each person who advised or recommended you trade NOVAGOLD securities

**Interrogatory No. 12:** Describe the nature and extent of any research, due diligence, or

6

investigation regarding NOVAGOLD or NOVAGOLD securities that you conducted or that was conducted on your behalf prior to each of the trades identified in your answer to Interrogatory No. 10.

**Interrogatory No. 13:** State whether any of the NOVAGOLD securities for which you were the beneficial owner during the Relevant Time Period were held, owned, or possessed in any method other than in your name (*e.g.*, in the name of a brokerage firm or transfer agent, in the name of a nominee, or otherwise).

Dated: October 9, 2020 /*s/ Jonathan Rubenstein*

**BAKER BOTTS L.L.P.**

Seth T. Taube (1664739)
30 Rockefeller Plaza
New York, New York 10112
Tel: 212.408.2500
Fax: 212.408.2501
*seth.taube@bakerbotts.com*

Jonathan Rubenstein (*adm. pro hac vice*)
Jordan Kazlow (*adm. pro hac vice*)
2001 Ross Avenue
Dallas, Texas 75021
Tel.: (214) 953-6500
Fax: (214) 953-6503
*jonathan.rubenstein@bakerbotts.com*
*jordan.kazlow@bakerbotts.com*

*Attorneys for Plaintiff,*
*NOVAGOLD Resources Inc.*

Seth T. Taube
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, New York 10112
Tel: 212.408.2500
Fax: 212.408.2501

*Attorney for Plaintiff, NOVAGOLD Resources Inc.*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NOVAGOLD RESOURCES INC., | **CIVIL ACTION NO.: 1:20-cv-02875-LDH-PK** |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| J CAPITAL RESEARCH USA LLC, | |
| Defendant. | |

## PLAINTIFF'S FIRST REQUEST FOR
## PRODUCTION OF DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 26, NOVAGOLD Resources, Inc. requests that J Capital Research USA LLC, produce documents in response to the following document requests at Baker Botts L.L.P., 2001 Ross Avenue, Suite 700, Dallas, Texas 75201, addressed to the attention of Jonathan Rubenstein, within thirty days of the date of service hereof.

**DEFINITIONS**

1. The terms "JCAP," "you," or "your" mean J Capital Research USA, LLC and its current and former officers, employees, attorneys, partners, corporate parent, predecessor entities, subsidiaries, or affiliates.

2. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) whether oral, written, or by other means, and includes, but is not limited to, representations, discussions, meetings, letters, correspondences, memoranda, newsletters, telegrams, advertisements, speeches, conversations, conferences, notes, e-mails or computer-generated messages and any other documents which refers to any such communications.

3. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

4. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A), including but not limited to internal memoranda, notes of any kind, correspondence, text messages, voicemail messages, communications on or through social media sites, paper and electronic calendars or diaries, meeting minutes, phone logs, board minutes and resolutions, agreements, due diligence materials, financial or other analyses, reports, spreadsheets, databases, maps, press releases, employee communications, draft documents, invoice and payment records, tape or video recordings, photographs, and image files. A draft or non-identical copy is a separate document within the meaning of this term.

5. The term "NOVAGOLD" means NOVAGOLD Resources LLC, its current and former officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

6. The term "person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

7. The term "Report" means JCAP's report on NOVAGOLD published May 28, 2020 titled "*NovaGold (NG US): The Pipe Dream*."

8. The term "Relevant Time Period" refers to the period of time to which these requests refer. Unless otherwise indicated, the Relevant Time Period for these requests is September 1, 2018, to the date of your responses to these Requests. You are requested to supplement your answers thereafter in accordance with the Federal Rules of Civil Procedure.

## INSTRUCTIONS

1. These requests call for the production of all responsive documents in your possession, custody, or control without regard to the physical location of such documents. This includes all responsive documents in the possession of any subsidiary or affiliate that JCAP has "a practical ability to obtain" from those subsidiaries or affiliates. *See, e.g.*, *New Falls Corp. v. Soni*, CV 16-6805 (ADS) (AKT), 2018 WL 3321429, at *5 (E.D.N.Y. July 5, 2018).

2. Any document produced in response to these requests should be produced in full, complete, and unedited form, together with all drafts and non-identical copies of each, and in reasonably accessible electronic form with associated metadata, or as otherwise agreed by the parties pursuant to any ESI protocol agreed to in this matter.

3. If you object to a request, state the legal and factual basis for the objection, describe the information or documents that you propose to withhold pursuant to that objection, and fully answer all portions of the request not objected to.

4. If you refuse to respond to any request, or withhold any document responsive to any request, on the ground of privilege or attorney work product doctrine, provide a privilege log complying with Federal Rule of Civil Procedure 26(b)(5).

5. The following rules of construction shall apply to these requests:

a. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

b. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

c. The use of the singular form of any word includes the plural and vice versa.

6. Each request below should be read separately, and no request should be read or understood to limit the scope of any other request.

7. These requests are continuing in nature and require supplemental answers in the event JCAP or any other person acting on its behalf becomes aware of additional or corrective information. Pursuant to Federal Rule of Civil Procedure 26(e), such supplementation or correction must be made in a timely manner.

## REQUESTS FOR PRODUCTION

**Request for Production No. 1:** All documents identified in your responses to NOVAGOLD's First Set of Interrogatories.

**Request for Production No. 2:** All documents that support the facts stated, positions taken, or legal interpretations proffered in your responses to NOVAGOLD's First Set of Interrogatories.

**Request for Production No. 3:** All internal policies and procedures related to selection of subjects for JCAP's reports and reporting guidelines.

**Request for Production No. 4:** All documents that reflect ownership of the domain jcapitalresearch.com and the Twitter handle @JCap_Research.

**Request for Production No. 5:** All documents that you possessed, reviewed, read or received in connection with your decision to focus on NOVAGOLD as the subject of the Report

or that influenced such decision, including but not limited to all communications and meetings regarding the decision to target NOVAGOLD as a subject of the Report.

**Request for Production No. 6:** All documents that constitute, reflect, or discuss communications or meetings between you and NOVAGOLD.

**Request for Production No. 7:** All documents that constitute, reflect, or discuss communications or meetings between you and third persons regarding NOVAGOLD, including but not limited to all communications and meetings regarding the decision to target NOVAGOLD as a subject of the Report.

**Request for Production No. 8:** All documents that constitute, reflect, or discuss research, due diligence, or analysis conducted to prepare for drafting the Report, including research, due diligence, or analysis conducted by third parties, whether or not the information contained in such documents was ultimately reflected in the Report. Documents responsive to this request include all communications between JCAP and the anonymous industry professionals referred to in the Report, including the "engineer . . . who worked on costing the pipeline" identified on page 2; the "pipeline expert . . . familiar with the project" identified on page 5; the "pipeline engineer familiar with Donlin" identified in footnote 4; and the "expert" identified on page 8.

**Request for Production No. 9:** All communications between JCAP and third persons regarding the Report following its publication, including any communications via social media, including but not limited to communications via Twitter, Facebook, LinkedIn, Instagram, or any similar platform, relating to the Report.

**Request for Production No. 10:** All documents (including but not limited to confirmation slips, brokerage house records, monthly brokerage or equity account statements, and stock

certificates) that reflect or discuss your purchase, acquisition, sale, or disposition of NOVAGOLD securities.

**Request for Production No. 11:** All documents that constitute, reflect, or discuss communications or meetings between you and anyone about NOVAGOLD or NOVAGOLD securities, including but not limited to all communications and meetings regarding the purchase, acquisition, sale, or disposition of NOVAGOLD securities by you or third persons.

**Request for Production No. 12:** All documents (including but not limited to confirmation slips, brokerage house records, monthly brokerage or equity account statements, and stock certificates) that reflect or discuss your purchase, acquisition, sale, or disposition of any securities issued by any company in the mining industry.

**Request for Production No. 13:** All documents that constitute, reflect, or discuss communications and meetings regarding the purchase, acquisition, sale, or disposition of any securities issued by any company in the mining industry.

**Request for Production No. 14:** All documents that reflect all persons who paid JCAP any money, consideration or other inducement to prepare, revise, or publish the Report.

**Request for Production No. 15:** All documents, including all communications to or from JCAP that reflect any editorial input, editorial oversight, edits or suggested edits, revisions or suggested revisions, or comments of or concerning the Report by any person prior to its publication.

Dated: October 9, 2020                         /*s/ Jonathan Rubenstein*

**BAKER BOTTS L.L.P.**

Seth T. Taube (1664739)
30 Rockefeller Plaza
New York, New York 10112
Tel: 212.408.2500
Fax: 212.408.2501
*seth.taube@bakerbotts.com*

Jonathan Rubenstein (*adm. pro hac vice*)
Jordan Kazlow (*adm. pro hac vice*)
2001 Ross Avenue
Dallas, Texas 75021
Tel.: (214) 953-6500
Fax: (214) 953-6503
*jonathan.rubenstein@bakerbotts.com*
*jordan.kazlow@bakerbotts.com*

*Attorneys for Plaintiff,*
*NOVAGOLD Resources Inc.*