# Exhibit E

David S. Korzenik
Terence Keegan
MILLER KORZENIK SOMMERS RAYMAN LLP
1501 Broadway, Suite 2015
New York, New York 10036
Tel: 212-752-9200
*Attorney for Defendant, J Capital Research*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NOVAGOLD RESOURCES INC.,<br><br>Plaintiff,<br><br>v.<br><br>J CAPITAL RESEARCH USA LLC,<br><br>Defendant. | **CIVIL ACTION NO.: 1:20-cv-02875-LDH-PK** |

**RESPONSE OF DEFENDANT J CAPITAL RESEARCH TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS and NOTICE TO PLAINTIFF OF ANTI-SLAPP LAW**

Defendant J Capital Research USA LLC ("JCAP") responds to Plaintiff's Request for Production of Documents as follows:

**PRELIMINARY STATEMENT AND OBJECTIONS**

This Preliminary Statement and Objections sets forth Defendant's Objections and puts Plaintiff NovaGold on notice of a newly enacted Anti-SLAPP law – signed by New York's Governor and "effective immediately" as of this November 10 - which has a direct impact on this case. NovaGold has an opportunity to withdraw this action to avoid the consequences of the new Anti-SLAPP law and to do so before further costs are incurred.

1) ***The New Anti-SLAPP Law Signed November 10, 2020:*** *After* the Initial Conference and *before* the Filing of the Amended Complaint applicable NY libel law has been changed by statute in a substantial way that will alter the nature and focus of this litigation. The express objectives of the new law, NY Civil Rights Law 70-a, 76-a and related amendments, are: a) to protect defendants in libel cases from the costs of defense and discovery; b) to "stay" discovery pending resolution of threshold dispositive motions; c) to protect defendants from libel claims designed to intimidate and suppress legitimate speakers and their sources; d) to provide a counterclaim and other remedies that provide for recovery of attorneys' fees and other costs; and e) to elevate the fault standard of proof for Private Figure libel plaintiffs to Actual Malice with "clear and convincing" evidence.

   a. *Costs of Discovery Should be Deferred and Controlled to Protect Speakers who are Targeted with Libel Claims*: The discovery that this Plaintiff seeks is intended to impose undue and unfair costs on Defendant for its legitimate and protected speech and it is at odds with the general concern of the federal case law that provides "assurance to those exercising their First Amendment rights that doing so will not needlessly become prohibitively expensive." *Biro v. Conde Nast*, 963 F. Supp. 2d 255, 279 (S.D.N.Y. 2013), *aff'd*, 807 F.3d 541 (2d Cir. 2015), *and aff'd*, 622 F. App'x 67 (2d Cir. 2015).
   It is now the requirement and the declared policy of the new New York Anti-SLAPP law and of prior federal case law to stay or, at minimum, to carefully limit discovery demands by a libel plaintiff before initial motions are made and ruled on. Our Objections are based in part on those newly protected rights and interests.

   b. *Stay of Discovery*: It is now, as of Nov. 10, 2020, the law in New York to "stay" discovery in libel cases such as this until dispositive motions have been ruled upon. That feature of the new law may apply in a federal court, but in all events its policy implications are compelling for a federal court in a diversity case and should drive and add force to the prior holdings of some federal courts in the Second Circuit to stay or at least substantially restrict discovery pending a motion to dismiss in a libel case. *The new law should now be factored in to any operative rulings on discovery. It was not considered before.*

   c. *Protection against a Libel Plaintiff's Effort to Intimidate Speakers and Sources*: The present action for libel is aimed at silencing and intimidating legitimate critics of NovaGold and legitimate short sellers of its stock.

   Defendant JCAP, if, and when it must Answer, will interpose a Counterclaim under the new Anti-SLAPP law against Plaintiff NovaGold for its attorneys' fees and related costs as well as punitive damages. An award of all such fees and costs etc. is mandatory, i.e., – "shall be" awarded – when the new statutory conditions are met.

   d. *Actual Malice Standard Now Applies to both Private and Public Figures*: Under NY Civil Rights Law 76-a (2) the fault standard of proof for Private figure libel plaintiffs in cases involving matters of "public interest" is now Actual Malice which must be proven with "clear and convincing" evidence. "'Public interest' shall be construed broadly." N.Y. Civ. Rights Law § 76-a (1)(d). The lesser 'gross irresponsibility' standard now yields to the higher threshold requirement of Constitutional Malice.

2

2) *Plaintiff's Amended Complaint is built upon utterly false, unsupported, superfluous and puffed up speculation about Defendant and its Report.* The lawsuit, as the bloviating pleadings suggest, is a public relations maneuver. The discovery that has been demanded by Plaintiff on the basis of its unsupportable and bloated pleadings impose costs and burdens on Defendant that are unreasonable and abusive.

*Plaintiff must preserve and prevent spoliation of all documents and communications to and from any public relations or investor relations firm/consultants and its legal counsel concerning the drafting and publication of its public relations responses to the JCAP report and its drafting and preparation of its two pleadings, including without limitation, those statements of the pleadings that go beyond what is called for or required by Rule 8.*

3) Plaintiff's discovery requests have been propounded at particularly early stage of this case and they are therefore unreasonably and unfairly premature:

   a. Plaintiff did not file its Amended Complaint until a week ago, i.e., on Nov. 16, 2020.

   b. The parties served their Initial Disclosures only yesterday, Nov. 23, 2020;

   c. Plaintiff's Complaint and its Amended Complaint are extremely broad and discursive and unreasonably expansive in scope. So, the case will require significant Case Management oversight if discovery in this case is to be proportionate, fair and reasonable in scope and cost.

   d. Defendant and counsel have at this very early stage in the proceeding yet to complete a full review of the documents that may be at issue in this case. And therefore must reserve the right to supplement or amend this response and to preserve objections based on privilege as to documents that it has yet to fully review.

   e. Defendant has not yet Answered or Moved with respect to the Amended Complaint, so issue is not yet joined nor has the action been subject to any motions that would lead to its dismissal or to its narrowing;

4) Though Magistrate Judge Kuo allowed *some* early discovery before we could make any motions with respect to the Complaint or Amended Complaint, these document requests exceed the scope of the permitted discovery. ***In view of newly enacted New York law, "effective immediately" as of Nov. 10, 2020, that limited discovery will need to be reviewed and reassessed.***

5) Defendant has not completed its document search, its investigation or analysis of the facts relating to the case, its discovery in this action, nor its preparation for relevant threshold motion practice. The responses contained herein are based only upon such knowledge, information and documents as are presently available and specifically known to Defendant. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to known facts, and establish entirely new conclusions and legal contentions, all of which may lead to substantial additions to, changes in and variations from the responses herein set forth. The following responses are

given without prejudice to Defendant's right to produce subsequently discovered documents, evidence of any subsequently discovered fact, or facts which Defendant may later recall, or contentions which may be later formulated.

6) Defendant accordingly reserves the right to amend, modify or supplement the responses herein as additional documents are located, additional facts are ascertained and further analysis is made. The responses herein are made in a good faith effort to supply as much information and specification of legal contentions as is presently known but are not intended to preclude and shall not preclude Defendant from making contentions or relying upon documents, facts or witnesses or additional information obtained during discovery, or further research or analysis.

7) *Reporters Privilege*: Defendant objects to the disclosure of unpublished materials, communications, consultants and sources pertaining to its Report that go beyond those materials and references that are published, cited, linked and identified in the Report itself. Such unpublished materials are protected by the Reporters Privilege. The production of such editorial materials would be an imposition upon the freedom of the press under the First Amendment of the U.S. Constitution, Article 8 of the Constitution of the State of New York, the statutory and common law of New York (*see, e.g.*, N.Y. Civ. Rights Law § 79-h), and/or any other applicable law or rule of evidence protecting journalist newsgathering information and activities. Any need for the information is outweighed by the public interest in protecting the editorial work product and confidential information and sources of journalists and the news media. Significantly, the requests lack the particularity and clarity that would permit Plaintiff to meet the *requisite particularized need* that, among other things, must be shown in order to overcome the reporter's privilege for non-confidential materials. That showing under § 79-h must be "clear and specific." Confidential unpublished materials, communications and sources are protected from disclosure by an *absolute* privilege under Civ. Rights Law § 79-h which may not be overcome by any showing of particularized need.

JCAP objects to creating any privilege log as to such asserted privilege as the production of such a log would itself reveal the confidential information that the privilege is designed to protect and no party asserting such a privilege has been required to violate that privilege by producing such a log.

8) *Attorney-Client and Work Product Privilege Preserved*: Defendant objects to the First Request for Production of Documents, and to each individual request, to the extent they attempt or purport to seek information protected from disclosure by the attorney-client privilege and/or the work product doctrine, and it will not produce such information. No such documents have as yet been identified, but if they do exist and are identified the assertion of that privilege is reserved.

9) *Objection as to Present Disclosure of Experts:* Defendant also objects to the First Request for Production of Documents, and to each individual request contained therein, to the extent they purport to require the disclosure of Defendant's expert witnesses and reports and other information prior to the date on which such expert information must be served under Federal Rules and/or Court Order, and Defendant will not produce such information, if required at all, prior to said date.

## REQUESTS & RESPONSES WITH OBJECTIONS

**Request No. 1:** All documents identified in your responses to NovaGold's First Set of Interrogatories ("FSI").

**RESPONSE:**

To the extent identified, we have no objection to providing them, but since they are all cited and linked in the *Pipe Dream* Report and since many of them are NovaGold's ("NG") own documents or publicly available documents, we will deem them already produced.

JCAP otherwise objects on the grounds set forth in JCAP's responses to the specific Interrogatories referred to here and on the grounds set restated in the Objections above - 1, 3, 4, 7 & 9 specifically.

**Request No. 2:** All documents that support the facts stated, positions taken or legal interpretations proffered in your responses to NG's First Set of Interrogatories.

**RESPONSE:**

JCAP objects to this request as it is vague, shotgun, and lacking in any reasonable specificity. JCAP objects as well on the grounds that more reasonably framed requests directed at more clearly defined subjects will achieve fair, reasonable and less costly and more efficient disclosure. This request exceeds the bounds of permitted discovery per paragraphs 1, 3, 4, 7 & 9 and we object to them on those grounds. Defendant does not have to provide legal contentions or legal interpretations at this stage in the litigation. This request appears to come from a form request which seeks discovery beyond the bounds of that permitted under Rule 26(b)(3)(B) and (b)(1). The Request is in all events so broad that it is likely redundant of other more appropriate and better framed requests to which Defendant has already responded.

5

**Request No. 3:** All internal policies and procedures related to selection of subject for JCAP's reports and reporting guidelines.

**RESPONSE:**

No such formal policy or general guidelines documents exist and none have been found thus far. To the extent that anything arguably like that might exist, Defendant objects to producing them under the Reporter's Privilege and on the basis of the other Objections specifically stated above.

**Request No. 4:** All documents that reflect ownership of the domain jcapitalresearch.com and the Twitter handle @JCap_Research,

**RESPONSE:**

None immediately at hand, but no objection to producing them when and if located.

**Request No. 5:** All documents that you possessed, reviewed, read or received in connection with your decision to focus on NovaGold as the subject of the Report or that influenced such decision, including but not limited to all communications and meetings regarding the decision to target NG as a subject of the Report.

**RESPONSE:**

The primary documents that influenced the decision to focus on NG as the subject of a report are described in Defendant's answer to Interrogatory #1. Defendant has no objection to producing them, save that as they are publicly available documents as well as NG's own publicly filed documents, Plaintiff should in the first instance obtain them for themselves. If there are other documents that are arguably responsive to this request, they are subject to the Reporters' Privilege (see Objection at Paragraph 7 above) and Defendant objects to producing them on that ground. JCAP also objects to this request on the grounds set forth above at paragraphs # 1, 3 and 4 which in part rely on the new NY Anti-SLAPP law. A more costly and time consuming effort examining ESI etc. will be required to identify

such materials and to determine if they might exist. But given the answer to Interrogatory #1, this request is not proportionate to appropriate discovery in this area and Plaintiff's counsel, having evaluated that answer, should revisit whether this request might be narrowed, focused or withdrawn.

**Request No. 6:** All documents that constitute, reflect, or discuss communications or meetings between you and NG.

**RESPONSE:**

There was an inquiry to NG by Tim Murray which resulted in a telephone conference with Jason Mercier on October 10, 2019 and there was a subsequent email with Jason Mercier. The Email will be produced. But any other materials relating to it are protected from disclosure by the Reporters' Privilege per paragraph 7. There were no in person meetings between JCAP and NG. There may have been Investor Relations calls that JCAP called into. But we do not define that as a communication or meeting between JCAP and NG.

**Request No. 7:** All documents that constitute, reflect, or discuss communications or meetings between you and third persons regarding NG, including but not limited to all communications and meetings regarding the decision to target NG as the subject of the Report.

**RESPONSE:**

Defendant has already answered the Interrogatories regarding communications with third parties regarding NG. Those individuals have been identified. The confidentiality and privileges attached to those individuals and communications with them are the basis of objections to their identification and the communications with them that might be referenced in any internal editorial documents are objected to on the same grounds, i.e, the Reporters's Privilege per paragraph 7 above and the Anti-SLAPP and other objections set forth above. The Report was based on publicly available documents as the Report makes clear. No documents were exchanged between JCAP and the expert and no documents were

7

exchanged with the investor consultant who was asked to discuss comparable companies. Otherwise, Defendant objects to producing any possible materials that might be responsive to this overbroad request on the grounds of the Reporters' Privilege and the grounds set forth specifically in Paragraphs 1, 3, 4, 5, 7, 8 & 9.

**Request No. 8:** All documents that constitute, reflect, or discuss research due diligence, or analysis conducted to prepare for drafting the Report, including research, due diligence or analysis conducted by third parties, whether or not the information contained in such documents was ultimately reflected in the Report. Documents responsive to this request include all communications between JCAP and the anonymous industry professionals referred to in the Report, including the "engineer . . . who worked on costing the pipeline" identified on page 2; the "pipeline expert . . . familiar with the project" identified on page 5; the "pipeline engineer familiar with Donlin" identified in footnote 4; and the "expert" identified on page 8.

**RESPONSE:**

The request for any unpublished materials is overbroad and Defendant objects to this demand on the grounds that such documents are protected from disclosure by the Reporters Privilege (see Paragaph 7 above). This overbroad request is also objected to on the grounds set forth in paragraphs 1, 3, 4, 5, 7 & 9.

As to documents regarding the one-hour telephone conversation JCAP had with the expert on pipelines, we object to producing expert materials at this stage in the litigation. And we object as well on the grounds of the Reporters' Privilege. JCAP further objects on the basis of the new N.Y. Anti-SLAPP law.

**Request No. 9:** All communications between JCAP and third persons regarding the Report following its publication, including any communications via social media, including but not limited to

communications via Twitter, Facebook, LinkedIn, Instagram or any similar platform, relating to the Report.

**RESPONSE:**

This is far outside the scope of permitted discovery, see Paragraph 4 above, and it has no bearing on any issue in the case or any element of the cause of actions in this case. It is therefore objected to on those grounds and on the grounds that it exceeds the scope of reasonable disclosure set by Rule 26. Narrower more specific requests will be considered if they can be shown to apply to matters in contention or element of the case. But JCAP further objects to it on grounds relating to the new NY Anti-SLAPP law.

**Request No. 10:** All documents (including but not limited to confirmation slips, brokerage house records, monthly brokerage or equity account statements, and stock certificates) that reflect your purchase, acquisition, sale or disposition of NovaGold securities.

**RESPONSE:**

None.

**Request No. 11:** All documents that constitute, reflect, or discuss communications or meetings between you and anyone about NG or NG securities, including but not limited to all communications and meetings regarding the purchase, acquisition, sale or disposition of NG securities by you or third persons.

**RESPONSE:**

None. If we do find any references to any trades we object to producing them on grounds of the Reporters' Privilege, the NY Anti-SLAPP law and the objections set forth in paragraphs 1,3, 4, 5 & 7. JCAP had no such transactions and it has no records of the details of such third trades referenced in Interrogatories #10 and 13 and this Request by any third party. To the extent Request No. 11 is

duplicative of Request No. 7, see Response to Request No. 7 above.

**Request No. 12:** All documents (including but not limited to confirmation slips, brokerage house records, monthly brokerage or equity account statements, and stock certificates) that reflect your purchase, acquisition, sale or disposition of any securities issued by any company in the mining industry.

**RESPONSE:**

JCAP is not presently aware of any such documents. The present and considered answer to this RFP is: None. JCAP had no trades in NG or any comparable mining company. But JCAP objects to this Request as is it ill-defined and vague. It is possible that a JCAP person might hold some interests in a company that has an interest in some kind of mining operation (such as 3M or Berkshire Hathaway). But JCAP is not aware of any such holdings which would be comparable to NG. This answer cannot encompass reference to companies that hold interests in mining operations. If it does JCAP objects to it. There are too many such entities for JCAP to be fairly expected to answer that or for that to have any reasonable bearing on the present action. In all events, JCAP objects to this Request on the grounds set forth in the paragraphs above.

**Request No. 13:** All documents that constitute, reflect, or discuss communications and meetings regarding the purchase, acquisition, sale, or disposition or any securities issued by any company in the mining industry.

**RESPONSE:**

Same response as to Request #12. JCAP owned no NG securities and had no brokerage account that held or traded in NG securities. So, there are no documents reflecting the details of such trades. JCAP objects to this inquiry about its own holdings in "mining companies" or the holdings of any of its principals in such "mining companies." In all events, JCAP objects to this Request on the grounds set forth in the paragraphs 1, 3, 4, 5, 7 & 9 above.

10

<u>**Request No. 14**</u>: All documents that reflect all persons who paid JCAP any money, consideration or other inducement to prepare, revise or publish the Report.

**RESPONSE**:

JCAP objects to this request in other RFP's on the grounds that doing so would violate its rights under the newly enacted Anti-SLAPP statute which is intended to protect critics of companies like NG and subscribers and persons who have been involved supporting such critical speech on a matter of obvious public interest. The present lawsuit is itself a SLAPP action intended to suppress and intimidate speakers who criticize NG; those who support such speech and those who independently choose to take legitimate short positions on the basis of such speech.

Whether a publication is actionable as libel or not has nothing to with the publication's advertisers, subscribers, financial support or its subscription price, etc. That information is only of utility to a SLAPP plaintiff who seeks to punish the publisher/speaker and to retaliate vexatiously against all who are or who might be associated with the defendant speaker. This request must be scrutinized on that basis before any such discovery or cost should be imposed on the Defendant. Defendant objects on all grounds set forth in the Paragraphs 1 – 7 above.

<u>**Request No. 15**</u>: All documents, including all communications to or from JCAP that reflect any editorial input, editorial oversight, edits or suggested edits or revisions or suggested revisions or comment of or concerning the Report by any person prior to its publication.

**RESPONSE**:

Defendant objects to this RFP on the basis of the reporters privilege, see Objection #7, and on the basis of its protections due under the new Anti-SLAPP law. This RFP must be scrutinized in light of the Anti-SLAPP law before any such discovery or cost is imposed on the Defendant. Objections based on Paragraphs 1 – 9 apply to this overbroad request which violates the Reporters Privilege by, among other things, invading the editorial processes.

Dated: November 24, 2020

        MILLER KORZENIK SOMMERS RAYMAN LLP

        By: ___/s/David S. Korzenik/_____
            David S. Korzenik

        *Attorneys for Defendant J Capital Research USA LLC*
        1501 Broadway, Suite 2015
        New York, New York 10036
        Telephone: (212) 752-9200
        dkorzenik@mkslex.com

# CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS and NOTICE TO PLAINTIFF OF ANTI-SLAPP LAW has been served via electronic mail on November 24, 2020 to all counsel listed below:

    Seth Taube
    Jonathan Rubenstein
    Jordan Kazlow
    Baker Botts L.L.P.
    seth.taube@bakerbotts.com
    jonathan.rubenstein@bakerbotts.com
    jordan.kazlow@bakerbotts.com

Dated: November 24, 2020

        By: /s/David S. Korzenik

          David S. Korzenik
          Miller Korzenik Sommers Rayman LLP
          dkorzenik@mkslex.com