# BAKER BOTTS LLP

2001 ROSS AVENUE
SUITE 900
DALLAS, TEXAS
75201-2980

TEL +1 214.953.6500
FAX +1 214.953.6503
BakerBotts.com

AUSTIN
BEIJING
BRUSSELS
**DALLAS**
DUBAI
HONG KONG
HOUSTON

LONDON
MOSCOW
NEW YORK
PALO ALTO
RIYADH
SAN FRANCISCO
WASHINGTON

June 1, 2021

Hon. Peggy Kuo
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Jonathan Rubenstein
TEL: 2149536594
FAX: 2146614594
jonathan.rubenstein@bakerbotts.com

Re: *NOVAGOLD Resources Inc. v. J Capital Research USA LLC*, No. 20-cv-02875-LDH-PK; Plaintiff's Opposition to Defendant's Request for Extension of Time

Dear Magistrate Judge Kuo:

We write on behalf of NOVAGOLD Resources Inc. ("NOVAGOLD") in opposition to J Capital Research USA LLC's ("JCAP's") request for a one-week extension of time to respond to Plaintiff's Motion to Compel (Dkt. 56).

Though JCAP's request is its first to Your Honor, it is only the most recent in a pattern of such dilatory requests to counsel. The discovery requests that are the subject of NOVAGOLD's motion to compel were originally served October 9, 2020 and JCAP served its responses on November 24. NOVAGOLD sent its first meet and confer letter raising concerns over JCAP's assertion of the reporters' privilege contemporaneous with its responses to JCAP's discovery requests on January 21, 2021. JCAP never provided a written response to NOVAGOLD's letter and, after repeated requests from counsel, first made itself available to meet and confer on NOVAGOLD's concerns March 9, 2021 (which it then requested to move to March 11). JCAP has since requested an extension of nearly every conference the parties have scheduled—often on the basis of briefing or deadlines in other matters, as it has done here—delaying a hearing on NOVAGOLD's discovery requests until April 26, 2021. Following the hearing, NOVAGOLD again tried and failed to move the proceedings along expeditiously. NOVAGOLD reached out after the hearing concluded on April 26 and offered 4.5 hours of availability the next day to meet and confer. At the same time, NOVAGOLD requested that the parties tentatively set a briefing schedule for issues they could not resolve in conference. JCAP would not make itself available until April 30 and would not agree to a briefing schedule. Once the parties were able to meet and agree on a schedule, JCAP requested (and NOVAGOLD agreed to) 14 days to respond instead of the 10 days typically provided for responses to motions in this Court. Now nearly *eight months* after those requests were served and more than *five months* after NOVAGOLD's first meet and confer letter on these issues, JCAP again seeks to delay NOVAGOLD's relief.

NOVAGOLD received JCAP's current request for an extension on Friday afternoon prior to the holiday weekend, and it responded to JCAP over the holiday weekend. In an effort to compromise, NOVAGOLD offered to extend JCAP's response deadline to June 7, 2021, but JCAP refused. Whatever work JCAP's counsel may have in other matters should not continue to be used as an excuse to delay proceedings in this matter. JCAP's request for relief here should be denied in its entirety. And finally, to the extent JCAP files a cross-motion regarding the same reporters'

privilege issues that are contained in NOVAGOLD's motion, NOVAGOLD proposes that it respond to any cross motion by JCAP on the same reporters' privilege issues in its reply brief on June 14, 2021 and that the briefing on this limited issue close thereafter. Filing a cross-motion should not be a tool for JCAP to further delay the briefing or proceedings on this issue.

    Respectfully,
    /s/ *Jonathan Rubenstein*
    Jonathan Rubenstein