MILLER KORZENIK SOMMERS RAYMAN LLP
THE PARAMOUNT BUILDING • 1501 BROADWAY, SUITE 2015 • NEW YORK, NY 10036
TEL 212-752-9200 • FAX 212-688-3996 • WWW.MKSR.LAW

August 23, 2021

Hon. LaShann DeArcy Hall, U.S.D.J.
U.S. District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** *Novagold Resources Inc. v. J Capital Research USA LLC*, No. 20-cv-02875-LDH-PK
*Notice of Further New Authority in Support of Motion to Dismiss (Dkt. 38)*

Dear Judge DeArcy Hall,

We write on behalf of J Capital Research USA LLC ("JCap") to request the Court consider a new federal ruling on N.Y. Civ. Rights Law § 76-a – *Lindberg v. Dow Jones & Co.*, No. 20-cv-08231-LAK, 2021 WL 3605621 (S.D.N.Y. Aug. 11, 2021) – as further authority in support of JCap's motion to dismiss Plaintiff's ("NG") First Amended Complaint with prejudice.

The *Lindberg* Court dismissed the plaintiff's libel action against two *Wall Street Journal* articles under Fed. R. Civ. P. 12(b)(6). It held the challenged statements were communications made "in connection with an issue of public interest" under the amended § 76-a, and that the plaintiff had failed to plausibly claim that the statements had been made with actual malice as § 76-a requires. 2021 WL 3605621, at *3-4, 7-10. The court studied both the amended law's express provision to construe "public interest" generously, and New York courts' "robust case law" that has likewise broadly defined matters of "public concern." *Id.* at *7-9, nn.80-81.

NG has only contested the general applicability of § 76-a. It has not contested that JCap's Report would be a communication made "in connection with an issue of public interest," and that NG's action would hence be one "involving public petition and participation" under the amended law. *See* N.Y. Civ. Rights Law § 76-a(1)(a), (d). *Lindberg* further illustrates how JCap's Report on NG's forecasts for its Alaska gold mine construction is well within these statutory definitions. *See also* Dkt. 40 at 19; Dkt. 43 at 10-12.

The *Lindberg* ruling is also the latest to follow *Palin v. New York Times Co.*, 510 F. Supp. 3d 21, 29 (S.D.N.Y. 2020) in enforcing the amended § 76-a against an action that was commenced prior to its enactment. 2021 WL 3605621, at *7 n.77; *see also id.* n.81, *citing Coleman v. Grand*, No. 18-cv-5663-ENV, --- F. Supp. 3d ----, 2021 WL 768167, at *8 (E.D.N.Y. Feb. 26, 2021) *and Reus v. ETC Hous. Corp.*, 72 Misc.3d 479, 486, --- N.Y.S.3d ---- (Sup. Ct. N.Y. Cnty. May 6, 2021). NG's contention that § 76-a is neither retroactive nor enforceable in federal court continues to run contrary to the statute's legislative history and courts' uniform interpretations since it took effect. *See also* Dkt. 40 at 20; Dkt. 43 at 10-12; Dkts. 46, 49.

Lastly, the *Lindberg* Court denied the plaintiff's request for leave to replead actual malice, holding that in the absence of any specific proposed amendments, repleading would be futile. 2021 WL 3605621, at *10; *id.* n.122 ("[I]t would be futile to add allegations of actual malice . . . .").

Citing other authority at footnotes 120-122, the *Lindberg* Court added, "the Second Circuit has repeatedly upheld a district court's decision to deny a plaintiff's informal request to amend its complaint when it failed to advise the district court of how an amendment would cure defects in the complaint." *Id.* at *10 n.121.

Here, in contrast to the *Lindberg* plaintiff, NG chose not to replead actual malice in its First Amended Complaint. It did not request leave to amend its allegations of actual malice in response to either of JCap's pre-motion letters to the Court, or in its opposition to JCap's motion. Instead, NG has repeatedly contended it has "adequately pleaded" actual malice. Dkt. 19 at 3; Dkt. 36 at 3; Dkt. 41 at 12.

However, JCap's Report disputes NG's *forward-looking statements*, made a decade ago, on the feasibility of its mine plans. *See* Dkt. 40 at 11, Dkt. 43 at 5-9. JCap's overarching statement that "the mine will never be built" (Dkt. 39-1, at 3) is a *prediction*. It cannot have been made "with knowledge of its falsity" or with a "high degree of awareness of [its] probable falsity." N.Y. Civ. Rights Law § 76-a(2); *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 688 (1989) (construction of "reckless disregard" in actual malice context). *See also* Robert D. Sack, SACK ON DEFAMATION: LIBEL, SLANDER, AND RELATED PROBLEMS, § 5:5.1 (5th Ed. 2020) ("'Reckless disregard' as to falsity" in actual malice "is virtually unrelated to 'recklessness' in the ordinary sense: gross negligence or wanton behavior."); Dkt. 43, at 12-13.

Therefore, like in *Lindberg*, the Court should hold that "it would be futile to add" any further allegations of actual malice. *See* 2021 WL 3605621, at *10 n.122; Dkt. 40 at 19; Dkt. 43 at 5-9.

                                              Respectfully,

cc: Counsel of Record via ECF          /s/David S. Korzenik
                                                        David S. Korzenik

                                                        /s/Terence P. Keegan
                                                        Terence P. Keegan