UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NOVAGOLD RESOURCES, INC.

        Plaintiff,

  - against -

J CAPITAL RESEARCH USA, LLC,

        Defendant.
------------------------------------------------------------X

**Oral Argument Requested**

Index No. 1:20-cv-02875-LDH-PK

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 60(b) and Local Civil Rule 6.3, and upon the accompanying Memorandum of Law, and all prior papers and proceedings, including, but not limited to, Defendant's Motion To Dismiss Plaintiff's Amended Complaint (Dkts. 38-40; 42-43), Defendant ***J Capital Research USA, LLC*** ("JCap"), by its attorneys, will move this Court, as soon as counsel may be heard, for an Order (i) modifying its Memorandum & Order of March 28, 2022 (Dkt. 90) ("Order") insofar as it denied JCap's Motion To Dismiss (Dkt. 40); and (ii) awarding such other and further relief as the Court deems just and proper. JCap makes this motion on the grounds that:

1. **The Order Overlooked Dispositive Facts**: The Order states that unlike the other short report cases, the JCap Report did not use signals of opinion like ***"we believe" or "we think,"*** but relies only on its "general website disclaimer and terms of service, but nothing else." Order at 9-10. In fact, those very words, "we believe", "we think" and many others are used repeatedly and liberally throughout the Report.

2. The Order ***Never Applied or Discussed Factors 1 or 2*** of the *Immuno*/Opinion Test to any of the specific statements alleged to be factual. *Immuno* requires such analysis be undertaken.

3. **Fully Briefed Issues Overlooked**: The Court ruled that JCap highlighted only one of the statements at issue, but did not otherwise identify or argue other specific statements. Order at 8. But it did: Plaintiff ("NG") listed a chart of alleged falsehoods and JCap addressed each one at length in its Reply, row by row, with arguments on each. *Compare* Dkt. 41, at 9-11 *with* Dkt. 43, at 5-9.

4. ***Supplemental Authority on Opinion from Second Circuit***: *Daleiden v. Planned Parenthood*, No. 21-2068-cv, Dkt. 77-1 (2d Cir. Apr. 5, 2022), is the Second Circuit's new ruling showing how a defendant's announced or apparent *partisanship* should weigh decisively in favor of the reader's "expectation that they [were] in all probability going to hear opinion." *Id.* at 8.

5. ***Incompleteness of Ruling on Pure Opinion***: The Order acknowledged that the Report hyperlinked to "publicly available documents expressly referenced in the Report" such as NG's Feasibility Study.  Order at 10.  But it identified only one exception – "portions of the Report" that reference an engineer.  To the extent that "portions" *are* based on the "expressly referenced" public documents, those portions should be deemed opinion.

6. ***Mistaken Description of Engineer***: The engineer's observations have only limited application at two points in the Report. *See* Dkt. 39-1, at 3, 6.  The observations – based on public documents cited in the Report – are limited to a comparison between the costs projected for the Donlin Pipeline and the cost projected for the Mackenzie Pipeline.  The engineer qualifies that comparison saying that while they are "comparable," it is "not necessarily a 1:1 ratio".  *Id.* at 7.  The Order erred in its description of the engineer's opinion on costs and its suggestion that there is something undisclosed.

7. ***Factual Error re Predictions***: The Order states that "The Report does not signal to readers that it is a prediction." Order at 10 n.3.  But the words quoted by the Order are all in ***future tense.***  The Report and the Feasibility Study are both about a *future* and as yet *unrealized* project.  They cannot be anything but predictions.  There is no mine, no pipeline, no powerplant, no gold extracted or sold.  Plus, a reading of NG's own study describes itself as "*forward looking*."  So, the study and the Report's criticism of it is all about the future and nothing less.

8. ***Mistaken Over-Extension of Second Circuit's*** **Palin** ***Ruling on Actual Malice***: The Order mistakenly relies exclusively on *Palin v. N.Y. Times* for the proposition that a defendant's hyperlinks to a plaintiff's own criticized words will stand as a plausible factual basis for alleging and pleading "actual malice."  Order at 19.  The *Palin* ruling is itself controversial on its approach to actual malice.  But the Order goes beyond anything that the *Palin* Court did to loosen libel law and weaken the actual malice standard. The Order says that JCap "had access" to the Feasibility Study and therefore should have seen that their Report on the study was false.  But Report hyperlinks to and repeatedly quotes from the Feasibility Study.  That defeats actual malice.  It does not create or establish it.

Alternatively, the Court may find it more appropriate and efficient to permit a partial motion for summary judgement under Fed R. Civ. P. 56 on those issues raised here that it chooses to examine.

2

Given the limited pages permitted on reconsideration motions, we would also request that we be permitted to supplement our papers – especially if there are issues which the Court would wish to have covered in more detail.

Dated: New York, New York
April 11, 2022

MILLER KORZENIK SOMMERS RAYMAN LLP

By: /s/ David S. Korzenik
David S. Korzenik
dkorzenik@mkslex.com
Zachary M. Press
zpress@mkslex.com
1501 Broadway, Suite 2015
New York, New York 10036
Phone: (212) 752-9200

*Attorneys for Defendant*
*J Capital Research USA, LLC*