UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

NOVAGOLD RESOURCES, INC.                    **Oral Argument Requested**

        Plaintiff,                             Index No. 1:20-cv-02875-LDH-PK

     - against -                              Date of Service: April 11, 2022

J CAPITAL RESEARCH USA, LLC,

        Defendant.
-------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT J CAPTIAL RESEARCH USA, LLC'S
<u>MOTION FOR RECONSIDERATION</u>**

MILLER KORZENIK SOMMERS RAYMAN LLP

David S. Korzenik
dkorzenik@mkslex.com
Zachary M. Press
zpress@mkslex.com
1501 Broadway, Suite 2015
New York, New York 10036
Phone: (212) 752-9200

*Attorneys for Defendant
J Capital Research USA, LLC*

# TABLE OF CONTENTS

I.   Correctable Mistake of Fact: The Order incorrectly states that there were no words used in the Report, such as "*we believe*" or "*we think*" that would signal opinion – as appeared in all the other short report cases. ................................................................................................................ 1

II.   Factors 1 & 2 of the *Immuno* Test were never applied to specific alleged defamatory statements.  Neither were discussed – Only Factor 3. ................................................................. 2

III.   Points fully briefed were overlooked and never addressed in the Order ............................. 3

V.   The Order acknowledged that some statements rely on disclosed facts.  At minimum those statements should be dismissed as pure opinion. .......................................................................... 3

VI.   There are only two limited references to the engineer in the Report: Both signal opinion. He opines that the Donlin and Mackenzie Pipeline Costs are "comparable."  Those references should be re-examined. .................................................................................................................... 4

VII.   Factual Error about Predictions in the Report ..................................................................... 4

VIII.   Mistaken reliance on *Palin* regarding hyperlinks and Actual Malice ................................ 5

## TABLE OF AUTHORITIES

**Cases**

*Daleiden v. Planned Parenthood*, No. 21-2068-cv, Dkt. 77-1 (2d Cir. Apr. 5, 2022) .................. 3

*Ganske v. Mensch*, 480 F. Supp. 542 (S.D.N.Y. 2020) .................................................... 3

*Milkovich v. Lorain Journal Co.*, 497 U.S. 1 (1990) .................................................... 1

*Palin v. NY Times*, 940 F.3d 804 (2d Cir. 2019).......................................................... 5

*Sandals Resorts Int'l Ltd. V. Google, Inc.*, 86 A.D. 3d 32 (1st Dep't 2011) ................................. 3

**Other Authorities**

*Recent Case: Palin v. New York Times Co.*, Harvard L. Rev. Blog, Nov. 2, 2019,
  https://blog.harvardlawreview.org/recent-case-_palin-v-new-york-times-co-_/ ........................ 5

Defendant *J Capital Research USA LLC,* ("JCap") submits this Memorandum of Law in support of its Motion for Reconsideration of the March 28, 2022 Order (Dkt. 90) ("Order").

Motions for reconsideration are not favored unless they support the Court's purpose of achieving a legally complete, sound and factually correct ruling.  This motion points to a) legal issues that the Court overlooked and did not address; b) a set of fully briefed legal points that the Court did not rule on and can address; c) factual errors or oversights that the Court can remedy; and d) new Second Circuit authority on opinion.

**I.      Correctable Mistake of Fact: The Order incorrectly states that there were no words used in the Report, such as "*we believe*" or "*we think*" that would signal opinion – as appeared in all the other short report cases.**

The Order states that the seven short report cases (the *Silvercorp 7, see* Dkt. 40 at 7, n.1) ("Mem.") were correctly decided, but did not apply here because the JCap Report (*see* Dkt. 39-1) did not use words that signal opinion.  Order at 9-10.  The Order states that the Report relies only on its "general website disclaimer and terms of service, but nothing else."  *Id.*  That is a mistake. In fact, those very words, "we believe", "we think" and many other opinion signifiers are used repeatedly and liberally throughout the Report.  For example:

a) Speaking of NG's projected costs: "*we believe*, far too low" (Report at 3), b) *our view* that the cost and difficulty…"(*id.* at 6), c) "they *estimated* " (*id.*) d) "makes it *improbable* that it's a viable option" (*id.*); e) "*our assumptions* for the pipeline" (*id.*); f) "*our rough estimates*"; g) "*we believe* that . . ." (*id.*); h) Mackenzie pipeline is "*useful for comparison*" (*id.* at 7) ; i) *comparison* based on INGAA chart of North American pipeline costs (*id.* at 8); j) this "*looks even less plausible*"(*id.* at 10); k) "which is *so unlikely*" (*id.* at 15); l) "the company *appears to be* misrepresenting cost" (*id.* at 16); m) "*we believe that* excluding" (*id.* at 17)*;* n) "*we actually expect*" (*id.* at 20).; o) "*we encourage* serious investors."

The Report is also full of *rhetorical hyperbole* that counted as opinion in a case like *Milkovich:*[1]

a) "*we think* it is a *dead letter*" (*id.* at 5); b) The title: "*Pipe Dream*" (*id.* at 3); c) "pipeline . . . *dead on arrival*" (*id*); d) "*Pipeline: Project Killer*" (*id.*); e) "*Plan B*" (*id.* at

---

[1] *Milkovich v. Lorain Journal Co.*, 497 U.S. 1 (1990) treats opinion *less* generously than does *Immuno* which rejects *Milkovich* as too weak.  But in all events rhetorical hyperbole is viewed as a further and powerful opinion signal.

1

10); f) "***Runs counter to the idea***" (*id.* at 12); g) "***The Pornography Test***" (mocking) (*id.*); h) "*This is a stock promote; not a mining plan.*" (*id.* at 1) (clear *insult*, not a fact; and if it really is a "plan", readers can read it and decide for themselves.)  Add to these some of JCap's own statements about the Report: i) "be warned, ***we are biased***."; j) "we are ***short sellers***"; k) "We present ***our views***"; etc.

Like the *Silvercorp 7* short reports, the presence of opinion signaling words in the JCap Report likewise require dismissal.

## II.     Factors 1 & 2 of the *Immuno* Test were never applied to specific alleged defamatory statements.  Neither were discussed - Only Factor 3.

There are Four Factors to the *Immuno* opinion test. [2]  The Order applied only Factor 3.  It never once applied or even discussed Factor 1 or 2, which require examination of each *specific* statement for "precise meaning" and whether "provably true or false."  Without doing that, the Order appears to have ruled that all of the contested statements plead by NG were "factual."

It may be possible to classify an entire set of statements and accusations as non-actionable opinion using Factor 3 alone.  That is what the *Silvercorp 7* do.  They use a blanket Factor 3 analysis to find all statements at issue to be ***opinion***.  But it is not possible to classify specific statements **as *facts*** without applying Factors 1 & 2.  If the Court does not follow the *Silvercorp 7* and dismiss, it should conduct that analysis here.

This is critical for several reasons: A number of the contested statements are not matters that admit to any "precise meaning that is readily understood" under Factor 1.  And a number are not matters that can be properly "proven true or false."  Yes, to say that NG "misrepresented" a *fact* would be a factual assertion.  But to say that NG "misrepresented" a *matter of opinion* would be *opinion*.  To say that NG misrepresented something that either lacked precise meaning or could not be proven true or false cannot be the basis of an actionable false fact claim.

---

[2] *See* Mem. at 8. Sometimes courts list three factors. But Factor 3 unpacks into two: 3a. Meaning in context of the publication itself; and 3b. Meaning in the broader social context in which the publication was made.

*The Need to Control Discovery Scope and Costs:* We should not now be consigned to discovery on issues that should never be forced into misclassified "factual" inquiry. This imposes a costly burden on the parties – certainly on JCap, the defendant speaker that has far less resources than the well-funded Plaintiff here. Fair case management calls for more discriminating analysis of the enumerated statements that NG identified in its chart and that JCap specifically addressed in its papers.

## III.    Points fully briefed were overlooked and never addressed in the Order

The Court ruled that JCap highlighted only one of the statements at issue, but did not otherwise identify or argue other specific statements. Order at 8. But it did: NG listed a chart of alleged falsehoods and JCap addressed each one at length in its Reply, row by row, with arguments on each. *Compare* Dkt. 41, at 9-11 *with* Dkt. 43, at 5-9. Defendant also argued there that particular statements were neither "defamatory" nor "about" NG.

## IV.    Supplemental authority on opinion from the Second Circuit

*Daleiden v. Planned Parenthood*, No. 21-2068-cv, Dkt. 77-1 (2d Cir. Apr. 5, 2022) shows how a Defendant's announced or apparent *partisanship* should weigh decisively in favor of the reader's "expectation that they [were] in all probability going to hear opinion." *Id.* at 8. The Order did not so weigh the social context of the Report. A report's declared financial interest, its announced adversarial character and its internet setting have in all cases consistently worked in favor of a finding of opinion. [3] The Order breaks from that controlling line of cases.

## V.    The Order acknowledged that some statements rely on disclosed facts. At minimum those statements should be dismissed as pure opinion.

---

[3] *See Ganske v. Mensch*, 480 F. Supp. 542, 553 (S.D.N.Y. 2020) (citing *Sandals Resorts Int'l Ltd. V. Google, Inc.*, 86 A.D. 3d 32, 44 (1st Dep't 2011)) (describing New York State's consistent approach).

The Order acknowledged that the Report hyperlinked to "publicly available documents expressly referenced in the Report" such as NG's Feasibility Study.  Order at 10 ("That is true, to an extent.")  But it identified only one exception – "portions of the Report" that reference an engineer.  To the extent that "portions" *are* based on the "expressly referenced" public documents, those portions should be deemed pure opinion.  Elimination of those issues will substantially reduce the significant costs of discovery in this litigation.

**VI.    There are only two limited references to the engineer in the Report: Both signal opinion.  He opines that the Donlin and Mackenzie Pipeline Costs are "Comparable."  Those references should be re-examined.**

The engineer's observations are limited to two points in the Report (*see id.* at 3, 7): **1)** A comparison between the costs projected in the Feasibility Study for the Donlin Pipeline and the cost projected for the Mackenzie pipeline.  *Both are public documents*.  The engineer says they are "comparable"  but qualifies that assessment, stating that while "comparable," it is "not necessarily a 1:1"; and **2)** The engineer is cited for the opinion that "*he does not know of any engineering company that has the experience to build such a complex pipeline.*"  That is based on JCap's "walking him through our assumptions."  The Order erred in its description of the engineer's opinion on costs and it suggests that there is something undisclosed.  Reading the Report shows otherwise.  His opinions are based on the Feasibility Study, the Mackenzie costs and "our assumptions" which are stated in the Report.

**VII.    Factual Error about Predictions in the Report**

The Order acknowledges that *Immuno* stands for the proposition that Predictions = Opinions.  While it states that "The Report does not signal to readers that it is a prediction," the words quoted by the Order are all in *future tense*.  The Report and the study are both solely about a *future*, *unrealized* plan.  They are waring predictions.  All that exists is the Feasibility

4

Study: No mine, no pipeline, no powerplant, no gold extracted or sold. Just a *10-year-old* plan. That is obvious to any reader.  Also, NG's study describes itself as "*forward looking*."  That is to absolve NG of asserting any facts.  Thus, the study and the Report's criticism of it are *both* all about the *future*.  The error can be corrected.  Prediction = Non-actionable opinion = Dismissal.

## VIII.   Mistaken reliance on *Palin* regarding hyperlinks and Actual Malice

The Order relies on *Palin v. NY Times*, 940 F.3d 804 (2d Cir. 2019) for the proposition that a defendant's hyperlinks to a plaintiff's own criticized words will stand as a *plausible factual basis for alleging "actual malice."* Order at 19.  The *Palin* ruling is itself controversial on its approach to actual malice.  *See, e.g.*, *Recent Case: Palin v. New York Times Co.*, HARVARD L. REV. BLOG, Nov. 2, 2019, https://blog.harvardlawreview.org/recent-case-_palin-v-new-york-times-co-_/.  But the Order goes beyond anything that *Palin* did to loosen libel law and weaken the actual malice standard.  The Order says that JCap "had access" to the Feasibility Study and therefore should have seen that their Report on the study was false.  But the Report hyperlinks to the Feasibility Study.  That *defeats* actual malice.  It does not create or establish it.

*The Error in the Order's Reliance on Palin*: It has always been a benchmark of fairness – lack of actual malice – to link to and quote in *full context* the words of those being criticized. Responsible journalists do that.  They are counseled to do that.  The Order turned that classic benchmark of fairness and opinion on its head by ruling that the hyperlink *can* establish plausible actual malice.  That is a significant expansion of *Palin*: The NYT did not link to the map it was criticizing.  It linked to a 2011 news *article* which the editor said he did *not* read.  None of these distinguishing facts apply to the Report.  The Order overextends *Palin*.  It should not stand as law of this case.  The import of the Order is that a news organization puts itself in peril if it links to a subject's own words at issue.  That is new and alarming law for all news organizations.

Dated: New York, New York
       April 11, 2022

MILLER KORZENIK SOMMERS RAYMAN LLP

By: /s/ David S. Korzenik
David S. Korzenik
dkorzenik@mkslex.com
Zachary M. Press
zpress@mkslex.com
1501 Broadway, Suite 2015
New York, New York 10036
Phone: (212) 752-9200

*Attorneys for Defendant*
*J Capital Research USA, LLC*