UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
 NOVAGOLD RESOURCES, INC.

               Plaintiff,                     **Index No. 1:20-cv-02875-LDH-PK**

     - against -                      Date of Service: May 2, 2022

 J CAPITAL RESEARCH USA, LLC,

               Defendant.
-------------------------------------------------------------X


## REPLY MEMORANDUM OF LAW OF
## DEFENDANT J CAPITAL RESEARCH USA, LLC'S
## IN SUPPOR OF IT MOTION FOR RECONSIDERATION

MILLER KORZENIK SOMMERS RAYMAN LLP

David S. Korzenik
dkorzenik@mkslex.com
1501 Broadway, Suite 2015
New York, New York 10036
Phone: (212) 752-9200

*Attorneys for Defendant*
*J Capital Research USA, LLC*

Defendant *J Capital Research USA LLC* ("JCap") submits this Reply Memorandum of Law in further support of its Motion for Reconsideration (Dkt 91 & 92) of the Order (Dkt. 90).

One statement offered by Novagold ("NG") in its Opposition (Dkt.95) calls for comment.

It shows how little NG comprehends a) what Actual Malice is about or b) what plausible pleading of Actual Malice requires. NG lists for us the components of its actual malice pleading:

> "... NOVAGOLD's pleading of actual malice went well beyond the fact that JCAP apparently ignored the contradictory information to which it linked, including that (1) JCAP willfully published misstatements to manipulate NOVAGOLD's stock price, (2) JCAP contacted NOVAGOLD, but neglected to follow up, (3) JCAP lacks experience covering mining companies, and (4) the claims made in the report were readily contradicted by available materials." (Dkt. 95 at p. 5)

None of NG's five allegations reach Actual Malice: *First*, Actual Malice is a state of mind *about truth and falsehood*. It is not common law malice, ill-will, bias, or animus to attack or discredit a plaintiff – a confusion expressly rejected by *Harte-Hanks Communications, Inc. v. Connaughton,* 491 U.S. 657, 666 (1989). NG trades on that confusion. The Actual Malice standard requires that the "false statement of fact [be] made . . . with knowledge that the statement was false or with reckless disregard as to whether or not it was true." "Reckless disregard" is defined as a "high degree of awareness of . . . probable falsity." *Id*. at 688.

*Second,* a plaintiff does not get to plead Actual Malice in the *abstract or in general.* The knowledge of falsehood or the high degree of awareness of falsehood *must attach to the specific statement* [1] *alleged to be false* and defamatory. NG never does that.

---

[1] A plaintiff who sues on several specific statements must demonstrate actual malice as to each statement separately. See, e.g., *Church of Scientology Int'l v. Time Warner, Inc.*, 903 F. Supp. 637, 641 (S.D.N.Y. 1995) ("the Court considers each allegedly libelous statement individually to determine whether a rational finder of fact could find actual malice by clear and convincing evidence"), *aff'd*, 238 F.3d 168 (2nd Cir. 2001); *Henry v. National Ass'n of Air Traffic Specialists, Inc.,* 836 F. Supp. 1204, 1212 (D. Md. 1993) ("The plaintiffs must produce clear and convincing evidence that the defendants uttered [each] challenged statement [] with actual malice"), *aff'd*, 34 F.3d 1066 (4th Cir. 1994). None of this is new. But NG frovolously ignores it.

*Third*, NG must plead and prove a *subjective awareness of probable falsehood*. Not an objective awareness, based on what a reasonable person/reporter *would or should* have done.

*Fourth*, NG's list fails because Actual Malice cannot be built on allegations of negligence, carelessness, unprofessionalism, irresponsibility, gross irresponsibility or gross departure from accepted professional standards. A Defendant can be all those things and not bear Actual Malice. The Supreme Court has repeatedly said: Actual Malice is not established by proof of "highly unreasonable conduct constituting an extreme departure from the standards of investigation and reporting ordinarily adhered to by responsible publishers"). *Harte-Hanks Communications, Inc. v. Connaughton,* 491 U.S. 657, 665-6 (1989); *Garrison v. State of Louisiana*, 379 U.S. 64, 78 (1964).

*Fifth*, to assert that a publication is a "short report" or made to gain revenue and make money fails as a matter of law to establish Actual Malice:

> "Nor can the fact that the defendant published the defamatory material in order to increase its profits suffice to prove actual malice. The allegedly defamatory statements at issue in the *New York Times* case were themselves published as part of a paid advertisement. 376 U. S., at 265-266. If a profit motive could somehow strip communications of the otherwise available constitutional protection, our cases from *New York Times* to *Hustler Magazine* would be little more than empty vessels." *Harte-Hanks,* 667; *MiMedx v. Sparrow Fund,* 2018 WL 4735717 at 12.

What one *can't* do – profit or not - is publish a statement knowing it false or with high degree of awareness of its probable falsehood. NG's "short report" canard is an attempt to evade that long accepted burden. This is a libel case, not a securities case. And the rules of libel apply.

*Sixth*, there is no authority for the allegation that quoting or linking to the plaintiff's own contrary statements or publications could constitute or suggest actual malice; and few plaintiffs have the confusion or gumption, as has NG, to suggest otherwise. In the few cases that address it, the rulings are clear: "Reporting perspectives at odds with the publisher's own 'tends to rebut a

2

claim of malice.'" *Lohrenz v. Donnelly*, 350 F.2d 1272, 1286 (D.C. Cir. 2003), quoting

*McFarlane v. Esquire Magazine*, 74 F.3d 1296, 1304 (D.C. Cir. 1996). ("[F]ull (or pretty full)

publication of the grounds for doubting a source tends to rebut a claim of malice, not to establish

one"). JCap linked to and repeatedly quoted from NG's Feasibility Study, etc. That *rebuts* Actual

Malice; it does not plausibly plead it.

       **Seventh**, Actual Malice cannot be built out of allegations of bias and one-sided attacks,

unfairness, improper purpose, or noxious pre-existing agendas, etc.

> The fairness of the broadcast is not at issue in the libel suit. Publishers and reporters do
> not commit a libel in a public figure case by publishing unfair one-sided attacks ... The
> fact that a commentary is one sided and sets forth categorical accusations has no tendency
> to prove that the publisher believed it to be false.

This point from the famous *Westmoreland v. CBS Inc*., 601 F. Supp. 66, 68 (S.D.N.Y. 1984).

The same principle is broadly applied: "Any 'pre-existing agenda,' even one which may be

noxious to some minds, is not indicative of actual malice, and this argument may therefore be

summarily rejected." *Lohrenz v. Donnelly*, 223 F. Supp.2d 25, 48 (D. D.C. 2002); *aff'd*, 350 F.3d

1272 (D.C. Cir. 2003), *cert denied*, 541 U.S. 1042 (2004).

       NG's list of 5 putative Actual Malice allegations exposes NG's now admitted failure to

plausibly plead Actual Malice. None of them as a matter of law can establish Actual Malice.

Dated: New York, NY
May 2, 2022

MILLER KORZENIK SOMMERS RAYMAN LLP

By: /s/ David S. Korzenik
David S. Korzenik
dkorzenik@mkslex.com
1501 Broadway, Suite 2015
New York, New York 10036
Telephone: (212) 752-9200
*Attorneys for Defendant*
*J Capital Research USA, LLC*