# MILLER KORZENIK SOMMERS RAYMAN LLP

THE PARAMOUNT BUILDING • 1501 BROADWAY, SUITE 2015 • NEW YORK, NY 10036
TEL 212-752-9200 • FAX 212-688-3996 • WWW.MKSR.LAW

July 19, 2022

*Via ECF*
Hon. Peggy Kuo, U.S.M.J.
U.S. District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** ***Novagold Resources Inc. v. J Capital Research USA LLC*, No. 20-cv-02875-LDH-PK**
***Defendant's Motion for Reconsideration in Light of Transcript of May 6 Hearing***

Dear Magistrate Judge Kuo:

I write on behalf of Defendant **J Capital Research USA LLC** ("JCap"). I request Reconsideration and Re-argument regarding one portion of Your Honor's Minute Order of July 5, 2022. Specifically, the latter direction to open "full discovery."

At our Conference of July 5, Your Honor, noted that a Transcript of the Hearing before Judge DeArcy Hall *should have been provided in advance of our Conference*. Your Honor, therefore, did not have the benefit of seeing the Transcript at the time of our Conference. NovaGold's counsel (NG) said that they would provide the Transcript.

The Transcript sets out Judge DeArcy Hall's comments on the proposed motion for summary judgment, which she recommended to "narrow" issues, and for the discovery that might be needed specifically for the purpose of that MSJ.

NG's counsel suggested at our July 5 conference with Your Honor that they wanted to open up "full discovery" and that Judge DeArcy Hall had suggested as much. The Transcript shows that the Judge suggested nothing of the kind.

NG's counsel suggested prior to our Conference that we had different readings of what the Judge had suggested at the May Hearing. Now that we have the Transcript, it is apparent that there is no support for NG's reading of it.

Rather, the Judge proposed that the parties advance with a motion for summary judgment to "narrow" the issues and work out discovery toward that end. Nowhere did she suggest or direct discovery of the kind that NG proposed.

We have just filed our Answer and Counterclaim on July 12. NG's Answer to that is due on July 26. We will then, in line with the Judge's suggested MSJ procedure, and Your Honor's Minute Order schedule and exchange 56.1 statements. The Judge

noted she requires 56.1 Statements *in advance* of the MSJ Pre-Motion letters. To conduct full discovery on issues that may well fall by the way would be needlessly costly, time consuming and pointless.

When the Rule 56.1 Statements are exchanged, as Judge DeArcy Hall proposed, we will then be able to see what focused discovery is needed or not. That is the most efficient and effective way to proceed. (It makes little sense to propound general discovery demands and then to argue abstractly over what might be needed for the motion and what might already have been asked for and answered.)

Below are the pertinent portions of the Transcript of the May 6 Hearing before the Judge in which she discusses the way that she sees how the case and any related discovery should advance. I believe that they are fairly and fully selected. There was no suggestion anywhere that we open up full discovery. The focus was on identifying areas of discovery needed for the MSJ and identified by the 56.1 Statements.

I respectfully request that the Court review the Transcript and adjust the Minute Order in line with its suggested case plan.

cc: Counsel of Record by ECF

Respectfully Submitted,
/s/David S. Korzenik
David S. Korzenik

### Excerpts from May 6, 2022 Transcript in before Judge DeArcy Hall

THE COURT: -- and I'm going to tell you, quite candidly, I think the problem is the way in which you briefed your submission. I think you could have had a different outcome if you approached your brief differently. [P6. L6-9]

___
THE COURT: No. You know what serves you well, do summary judgment, make your arguments there. [P11. L17-18]

___
THE COURT: If there is a way to smartly kind of order discovery such to that we deal with certain discovery issues that may allow this Court to do a partial summary judgment to narrow this case -- I don't handle discovery, but I would invite that discussion for you all to have with the magistrate judge. Obviously, I don't want or ever would want to have an overly-broad proceeding.
   The motion to dismiss didn't accomplish that. A motion for summary judgment may. It would require some discovery. You all would have to perhaps come up with a proposal to smartly again decide the order in which discovery could be made and I would consider it as an alternative if it were structured properly. [P12. L5-17]

___
THE COURT . . .But what I really do believe that what the defendants want to accomplish here is to potentially narrow this case.

NovaGold Resource v J Capital Research 20-cv-2875-LDH-PK

MR. KORZENIK: Yes, very much so.
THE COURT: I have no problem with you doing so, I simply do not believe that based on the motion to dismiss that I could have accomplished what it is that you wanted and there is a potential avenue towards that in a motion for summary judgment.
MR. KORZENIK: Then we'll engage in that way. [P13. L21 – P.14 L4]

___
MR. KORZENIK: … what service does it do to the Court, to the parties, to my client, … to have them litigate issues that clearly are matters of opinion or that clearly do not engage actual malice in the way in which courts have widely applied it.

THE COURT: Well, you know what, you will be able to argue that on a motion for summary judgment with a fulsome record and the Court will revisit it at the appropriate time. [P32 L24- P33 L6]

___
THE COURT: ... I did, however, probably 30 minutes ago, come up with what I thought was a practical way forward so you can accomplish your goal. I suggest you stop trying to roll this boulder uphill and instead direct your time and attention to how it is that you can fashion discovery in this case to accomplish what it is that you want to accomplish. I think you have a better sense it when you do brief something for me what it is I expect. [P34L11-18]

___
THE COURT: All right. I'm not take making any wholesale determination on how discovery will advance because I really tried not to step on my colleague's toes. But what I will say is that there is a particular issue that was raised in connection with the motion to dismiss briefing as to opinion or fact statements, some of which require discovery, and I assume you talented lawyers may be able to come up with a way to fashion discovery that might allow for a motion for partial summary judgment on that issue. I'm not suggesting that no other discovery can ensue, but rather the order in which you will do discovery so that if the case can be narrowed and perhaps then -- I don't know if the statements are narrowed, then it may also implicate other aspects of discovery as a result of the narrowing. [P.39 L18 – P.40 L6]

___
THE COURT: … And I will leave it to my very able colleague and you experienced lawyers who also understand the nuances and the facts of this case to come up with a way, because what I am saying is I would entertain a motion for summary judgment, a partial motion for summary judgment that might serve, potentially, to narrow the scope of the case. P40L9-14

___
THE COURT: . . . Gentlemen, I do look forward to having you before me again.
If there is a motion for summary judgment, just so that you all know, it will operate like the motion to dismiss where we will have a pre-motion conference in advance of the briefing. My motion for summary judgment practice is somewhat onerous upfront because I do require the 56.1 statements to be prepared in advance of the pre-motion conference. So, basically, you all have to sort out what it is that you want to say before you start your briefing because you will have to rely on 56.1 statements prepared long before. [P41 L 3-13]