Seth T. Taube
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, New York 10112
Tel: 212.408.2500
Fax: 212.408.2501
*Attorney for Plaintiff, NOVAGOLD Resources Inc.*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NOVAGOLD RESOURCES INC., | **CIVIL ACTION NO.:  1:20-cv-02875 (LDH)(PK)** |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| J CAPITAL RESEARCH USA LLC, | |
| Defendant. | |

### ANSWER TO J CAPITAL RESEARCH USA LLC'S COUNTERCLAIM

Counter-Defendant NOVAGOLD Resources, Inc. ("NOVAGOLD") files this answer to Defendant J Capital Research USA LLC's ("JCAP's") Counterclaim as follows.  Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, NOVAGOLD generally denies all the allegations in JCAP's Counterclaim except those allegations specifically admitted below.

NG's Action Is a Typical SLAPP Suit.[1]    The allegation in this heading is a legal argument to which no response is required.  To the extent any response is required, NOVAGOLD denies the allegation in this heading.

---

[1]    Heading are repeated for organization only.  To the extent a response is required, NOVAGOLD denies the contents of the headings.

a.      The allegations in paragraph a contain JCAP's characterization of its claim, which does not require a response.  To the extent a response is required, NOVAGOLD denies the allegations in paragraph a.

b.      The allegations in paragraph b contain JCAP's characterization of its claim, which does not require a response.  To the extent a response is required, NOVAGOLD denies the allegations in paragraph b.

c.      NOVAGOLD admits that JCAP's "Pipe Dream" Report makes reference to the 2012 Feasibility Study.  NOVAGOLD denies the rest of the allegations in paragraph c of the Counterclaim.

d.      NOVAGOLD denies the allegations in paragraph d of the counterclaim.

e.      The allegations in paragraph e are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph e.

f.      The allegations in paragraph f are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph f.

g.      The allegations in paragraph g are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph g.

h.      The allegations in paragraph h are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph h.

i.      The allegations in paragraph i are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph i.

N.B. Interlaced Anti-SLAPP Counterclaim Pleadings.      The allegations in the section headed "N.B. Interlaced Anti-SLAPP Counterclaim Pleadings" are legal conclusions and/or legal arguments and/or other matters that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in the section headed "N.B. Interlaced Anti-SLAPP Counterclaim Pleadings."

CC1:      NOVAGOLD denies the allegations in paragraph CC1.

CC2:      NOVAGOLD admits the allegations in paragraph CC2.

CC3:      NOVAGOLD admits that legitimate short selling, legitimate and accurate short reports, and legitimate financial research groups can provide a recognized market function. NOVAGOLD denies that JCAP was engaged in legitimate short selling activities in connection with the "Pipe Dream" Report or that the "Pipe Dream" Report was useful, accurate, or provided a recognized or appropriate market function.  To the extent not admitted, NOVAGOLD denies the allegations in paragraph CC3.

CC4:      NOVAGOLD lacks knowledge or information sufficient to form a belief as to the SEC's opinion on short selling.  NOVAGOLD denies the remaining allegations in paragraph CC4 as an improper characterization of NOVAGOLD's pleading and respectfully refers the Court to the FAC for its contents.

CC5:      NOVAGOLD admits that a short reporter writing critically of company as a product of responsible and accurate reporting is not per se illegal, including in instances where the reporter profits from the publication via short selling.  NOVAGOLD denies that it is proper for a short

reporter such as JCAP to knowingly publish false and misleading information to manipulate the market and thereby profit in the guise of legitimate reporting.

CC6:     NOVAGOLD denies the allegations in paragraph CC6 as an improper characterization of NOVAGOLD's pleading.

CC7:     NOVAGOLD admits that no law or regulation makes short reports per se illegal.

CC8:     The allegations in paragraph CC8 are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC8 as an improper characterization of NOVAGOLD's pleading and respectfully refers the Court to the FAC for its contents.

CC9:     NOVAGOLD admits that it alleges that "JCAP has a track record of attempting to manipulate the market."  NOVAGOLD denies that it knows that this allegation is untrue and denies that JCAP has a track record of truthfully exposing abusive companies.  NOVAGOLD respectfully refers the Court to the cited publications from Professor John Coffee regarding the content of those publications.

CC10:     NOVAGOLD admits that JCAP covered mining companies prior to covering NOVAGOLD.  NOVAGOLD denies the remaining allegations in paragraph CC10.

CC11:     NOVAGOLD admits that the author of the JCAP Report is not anonymous.  The assertion is subparagraph a to CC11 is a legal conclusion that requires no response.  To the extent that any response is required, NOVAGOLD denies the allegations in subparagraph a of CC11.

CC12:     The allegations in paragraph CC12 are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC12.

CC13:     NOVAGOLD admits that the Trade Libel claim has been dismissed.  NOVAGOLD denies the remaining allegations in paragraph CC13.

CC14:     NOVAGOLD admits that the Report references the 2012 Feasibility Study. NOVAGOLD denies the remaining allegations in paragraph CC14.

CC15:     NOVAGOLD admits that the Report includes a link to a copy of the 2012 Feasibility Study.  The remaining allegations in paragraph CC15 are legal conclusions and/or legal arguments that require no response.  To an extent any response is required, NOVAGOLD denies the remaining allegations paragraph CC15.

CC16:     NOVAGOLD admits that JCAP released a report on Northern Dynasty's Pebble Mine on September 9, 2020, after its Report on NOVAGOLD and the filing of NOVAGOLD's suit. NOVAGOLD lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph CC 16 and therefore denies them.

CC17:     NOVAGOLD admits that it had knowledge of JCAP covering the two mining companies identified in paragraph 18 of its First Amended Complaint.  NOVAGOLD denies the remaining allegations in paragraph CC17.

CC18:     The allegations in paragraph CC18 are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC18.

CC19:     The allegations in paragraph CC19 are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC19.

CC20:     The allegations in paragraph CC20 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC20.

CC21:     The allegations in paragraph CC20 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC21.

CC22:     NOVAGOLD denies the allegations in paragraph CC22 as an improper characterization of NOVAGOLD's pleading and respectfully refers the Court to the FAC for its contents.

CC23:     The allegations in paragraph CC23 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC23.

CC24:     The allegations in paragraph CC24 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC24.

CC25:     The allegations in paragraph CC25 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC25.

CC26:     The allegations in paragraph CC26 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC26.

CC27:    The allegations in paragraph CC27 are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC27.

CC28:    The allegations in paragraph CC28 are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC28.

CC29:    NOVAGOLD admits that JCAP's Report states that "[m]anagement has drilled . . . 16 holes since 2011." NOVAGOLD denies that JCAP's Report says the same thing as paragraph 23 of the First Amended Complaint which details why this statement from JCAP's Report is false and misleading.

CC30:    The allegations in paragraph CC30 are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC30.

CC31:    The allegations in paragraph CC31 are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC31.

CC32:    NOVAGOLD admits that the Report accurately quotes its CEO.  NOVAGOLD denies the remaining allegations in paragraph CC32.

CC33:    The allegations in paragraph CC33 are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC33.

CC34:    NOVAGOLD denies the allegations in paragraph CC34.

CC35:     NOVAGOLD denies that the FAC admits that the Galore Creek Mining Corporation project was sold and respectfully refers the Court to the FAC for its contents.

CC36:     NOVAGOLD denies that paragraph CC36 accurately or fairly states the contents on the FAC and respectfully refers the Court to the FAC for its contents.

CC37:     The allegations in paragraph CC37 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC37.

CC38:     The allegations in paragraph CC38 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC38.

CC39:     The allegations in paragraph CC38 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC39 as an improper characterization of NOVAGOLD's pleading and respectfully refers the Court to the FAC for its contents.

CC40:     The allegations in paragraph CC38 are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD respectfully refers the Court to the FAC for its contents.

CC41:     The allegations in paragraph CC41 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC41.

CC42:     The allegations in paragraph CC42 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC42.

CC43:     NOVAGOLD denies that paragraph CC43 accurately or fairly states the contents on the FAC and NOVAGOLD respectfully refers the Court to the FAC for its contents.

CC44:     NOVAGOLD denies that paragraph CC44 accurately states the contents on the FAC and NOVAGOLD respectfully refers the Court to the FAC for its contents.

CC45:     NOVAGOLD admits the allegations in paragraph CC45.

CC46:     The allegations in paragraph CC46 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC46.

CC47:     The allegations in paragraph CC47 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC47.

CC48:     The allegations in paragraph CC48 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC48.

CC49:     The allegations in paragraph CC49 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC49.

CC50:     The allegations in paragraph CC50 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC50.

CC51:     The allegations in paragraph CC51 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC51.

CC52:     NOVAGOLD denies that paragraph CC52 accurately or fairly states the contents on the FAC and NOVAGOLD respectfully refers the Court to the FAC for its contents.

CC53:     The allegations in paragraph CC53 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC53.

CC54:     The allegations in paragraph CC54 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC54.

CC55:     The allegations in paragraph CC55 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC55.

CC56:     The allegations in paragraph CC51 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC56.

CC57:     NOVAGOLD admits that the Feasibility Study is hyperlinked in JCAP's Report. The remaining allegations in paragraph CC57 are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC57.

CC58:     The allegations in paragraph CC58 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC58.

CC59:     NOVAGOLD admits that the feasibility of the Donlin Gold infrastructure project is well-documented in the public Feasibility Study.  NOVAGOLD respectfully refers the Court to the FAC for its contents.

CC60:     The allegations in paragraph CC60 are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC60.

CC61:     The allegations in paragraph CC61 are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC61.

CC62:     NOVAGOLD admits that the Feasibility Study referenced in the Report was issued in 2012.  NOVAGOLD admits that construction has not commenced on the Donlin Gold mining development project.

CC63:     NOVAGOLD admits that construction has not commenced on the Donlin Gold mining development project.

CC64:     NOVAGOLD admits that construction has not commenced on the Donlin Gold mining development project and that an updated feasibility study is expected to commence in 2022. NOVAGOLD denies the remaining allegations in paragraph CC64.

CC65:     The allegations in paragraph CC65 are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC65.

CC66:     The allegations in paragraph CC66 are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC66.

CC67:     The allegations in paragraph CC67 are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC67.

CC68:     NOVAGOLD denies that paragraph CC68 accurately or fairly states the contents on the FAC and NOVAGOLD respectfully refers the Court to the Feasibility Study for its contents. NOVAGOLD denies the remaining allegations in paragraph CC68.

CC69:     The allegations in paragraph CC69 are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC69.

CC70:     NOVAGOLD denies that paragraph CC70 accurately or fairly states the contents of the relevant documents and respectfully refers the Court to the Pipeline Plan of Development for its contents.

CC71:     NOVAGOLD admits that the 2012 Feasibility Study is referenced and hyperlinked in the Report.  NOVAGOLD denies the remaining allegations in paragraph CC71.

CC72:     The allegations in paragraph CC73 are legal conclusions and/or legal arguments that require no response.  NOVAGOLD respectfully refers the Court to the FAC for its contents.

CC73:     The allegations in paragraph CC73 are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC73 as an improper characterization of the FAC; NOVAGOLD respectfully refers the Court to the FAC for its contents.

CC74:     The allegations in paragraph CC74 are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC74.

CC75:     The allegations in paragraph CC75 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC75.

CC76:     The allegations in paragraph CC76 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC76.

CC77:     NOVAGOLD denies the allegations in paragraph CC77 as an improper characterization of the FAC.   NOVAGOLD respectfully refers the Court to the FAC for its contents.

CC78:     The allegations in paragraph CC78 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC78.

CC79:     NOVAGOLD denies the allegations in paragraph CC79.

CC80:     The allegations in paragraph CC80 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC80.

CC81:     The allegations in paragraph CC81 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC81.

CC82:     The allegations in paragraph CC82 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC82.

CC83:     The allegations in paragraph CC83 are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC83.

CC84:     The allegations in paragraph CC84 are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC84.

CC85:     The allegations in paragraph CC85 are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC85.

CC86:     The allegations in paragraph CC86 are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC86.

CC87:     NOVAGOLD denies the allegations in paragraph CC87 as an improper characterization of the FAC.  NOVAGOLD respectfully refers the Court to the FAC for its contents.

CC88:     NOVAGOLD admits that the Report includes a graph purporting to show the compensation of the CEOs of Barrick, NOVAGOLD, and Rio in 2017, 2018, and 2019.

CC89:     The allegations in paragraph CC89 are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC89.

CC90:     The allegations in paragraph CC90 are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC90.

CC91:     The allegations in paragraph CC91 are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC91.

CC92:     The allegations in paragraph CC92 are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC92.

CC93:     NOVAGOLD lacks knowledge or information sufficient to form a belief as to whether the information in Table 4 is drawn from "Washington EZ Insider."  NOVAGOLD denies the remaining allegations in paragraph CC93.

CC94:     The allegations in paragraph CC94 are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC94.

CC95:     The allegations in paragraph CC95 are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC95.

CC96:     The allegations in paragraph CC96 are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC96.

CC97:     NOVAGOLD admits that JCAP made the posts referenced in paragraphs 36 through 40 of the FAC on Twitter, a social media platform.  NOVAGOLD lacks knowledge or information sufficient to form a belief as to JCAP's purpose or motivation behind the tweets.  The remaining allegations in paragraph CC97 are legal conclusions and/or legal arguments that require

no response.   To the extent any response is required, NOVAGOLD denies the remaining allegations in paragraph CC97.

CC98:   The allegations in paragraph CC98 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC98.

CC99:   The allegations in paragraph CC99 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC99.

CC100:   NOVAGOLD admits the allegations in paragraph CC100.

CC101:   The allegations in paragraph CC101 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC101.

CC102:   The allegations in paragraph CC102 are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD respectfully refers the Court to the referenced tweet for its contents.

CC103:   The allegations in paragraph CC103 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC103.

CC104:   NOVAGOLD denies the allegations in paragraph CC104 as an improper characterization of the FAC.   NOVAGOLD respectfully refers the Court to the FAC for its contents.

CC105:   NOVAGOLD admits the allegations in paragraph CC105.

CC106:     The allegations in paragraph CC106 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC106.

CC107:     The allegations in paragraph CC107 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC107.

CC108:     The allegations in paragraph CC108 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC108.

CC109:     NOVAGOLD admits the allegations in paragraph CC109.

CC110:     The allegations in paragraph CC110 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC110.

CC111:     The allegations in paragraph CC111 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC111.

CC112:     The allegations in paragraph CC112 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC112.

CC113:     NOVAGOLD lacks knowledge or information sufficient to form a belief as to JCAP's intended meaning or reference in its tweet.

CC114:    NOVAGOLD denies the allegations in paragraph CC114 as an improper characterization of the FAC.   NOVAGOLD respectfully refers the Court to the FAC for its contents.

CC115:    NOVAGOLD admits the allegations in paragraph CC115.

CC116:    The allegations in paragraph CC116 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC116.

CC117:    The allegations in paragraph CC117 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC117.

CC118:    The allegations in paragraph CC118 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC118.

CC119:    The allegations in paragraph CC119 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC119.

CC120:    The allegations in paragraph CC120 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC120.

CC121:    NOVAGOLD admits the allegations in paragraph CC121.

CC122:    NOVAGOLD admits that in an attempt to combat the harm caused by JCAP's Report it issued a fact-based response.

CC123:    The allegations in paragraph CC123 are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC123.

CC124:    The allegations in paragraph CC124 are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC124.

CC125:    NOVAGOLD denies the allegations in paragraph CC125.    NOVAGOLD respectfully refers the Court to the FAC for its contents.

CC126:    The allegations in paragraph CC126 are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC126.

CC127:    The allegations in paragraph CC127 are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC127.

CC128:    The allegations in paragraph CC128 are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC128.

CC129:    The allegations in paragraph CC129 are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC129.

CC130:    The allegations in paragraph CC130 are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC130.

CC131:    The allegations in paragraph CC131 are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC131.

CC132:    The allegations in paragraph CC132 are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC132.

CC133:    The allegations in paragraph CC133 are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC133.

CC134:    NOVAGOLD admits that an updated feasibility study is expected to commence in 2022.

CC135:    The allegations in paragraph CC135 are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC135.

CC136:    The allegations in paragraphs CC136 and CC136a are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraphs CC136 and CC136a.

CC137:    NOVAGOLD incorporates by reference its responses to paragraphs CC1-CC136 above and ¶¶ a–i as if fully restated.

CC138:    NOVAGOLD further incorporates by reference its FAC.

CC139:    The allegations in paragraphs CC139 are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC139.

CC140:     The allegations in paragraphs CC140 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC140.

CC141:     The allegations in paragraphs CC141 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC141.

CC142:     The allegations in paragraphs CC142 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC142.

CC143:     The allegations in paragraphs CC143 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC143.

CC144:     The allegations in paragraphs CC144 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC144.

CC145:     The allegations in paragraphs CC145 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC145.

CC146:     The allegations in paragraphs CC146 are legal conclusions and/or legal arguments that require no response.   To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC146.

CC147:     NOVAGOLD admits that its claim for Trade Libel has been dismissed.

CC148:    NOVAGOLD admits that JCAP stated its intent to seek remedies under NYCRL § 70-a and § 76-a in response to NOVAGOLD's discovery requests.

CC149:    NOVAGOLD denies the allegations in paragraph CC149.

CC150:    The allegations in paragraphs CC150 are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC150.

CC151:    The allegations in paragraphs CC151 are legal conclusions and/or legal arguments that require no response.  To the extent any response is required, NOVAGOLD denies the allegations in paragraph CC151.

CC152:    NOVAGOLD lacks knowledge or information sufficient to form a belief as to JCAP's purported harm.

Dated:  August 2, 2022                          **BAKER BOTTS L.L.P.**

                                                */s/ David M. Genender*
                                                Seth T. Taube
                                                30 Rockefeller Plaza
                                                New York, New York 10112
                                                Tel: 212.408.2500
                                                Fax: 212.408.2501
                                                *seth.taube@bakerbotts.com*

                                                David M. Genender (*adm. pro hac vice*)
                                                Jordan Kazlow (*adm. pro hac vice*)
                                                2001 Ross Avenue
                                                Dallas, Texas 75021
                                                Tel.: (214) 953-6500
                                                Fax: (214) 953-6503
                                                *david.genender@bakerbotts.com*
                                                *jordan.kazlow@bakerbotts.com*

                                                ***Attorneys for Plaintiff,***
                                                ***NOVAGOLD Resources Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of August, 2022, a copy of the foregoing Plaintiff

NOVAGOLD Resources Inc.'s ANSWER TO J CAPITAL RESEARCH USA LLC'S

COUNTERCLAIM was filed with the Clerk of the Court, Eastern District of New York, and will

be sent electronically to the registered participants as identified on the Notice of Electronic Filing

(NEF).


 /s/ David M. Genender
David M. Genender