UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOVAGOLD RESOURCES, INC.,

                              Plaintiff,

                    v.

J CAPITAL RESEARCH USA LLC,

                              Defendant.

**MEMORANDUM AND ORDER**

20-CV-2875 (LDH) (PK)

L𝘼SHANN D𝘌ARCY HALL, United States District Judge:

On January 19, 2022, Magistrate Judge Kuo denied Plaintiff's renewed motion to compel disclosure of documents and answers called for in two requests, both of which relate to the identity of a purported funder of the Defendant's report Plaintiff alleges defamed it (the "Report").  (Jan. 19, 2022 Order)  Specifically, document request number 14 ("Document Request"), which calls for "[a]ll documents that reflect all persons who paid JCAP any money, consideration, or other inducement to prepare, revise[,] or publish the Report," and interrogatory number three ("Interrogatory"), which states "[i]dentify all persons involved in researching, drafting, or paying or underwriting the costs of preparation of the Report, including a detailed factual statement of each person's involvement[; f]or persons affiliated with JCAP, include their titles and duties in JCAP[, and f]or persons not affiliated with JCAP, include the organization with which they are affiliated and their titles and duties within that organization."  (Pl.'s Mot Compel at 2 n.1, ECF No. 88.)  In her order denying the renewed motion, Judge Kuo noted "[t]he Court already ruled that the Report constitutes news, that the reporter's privilege applies[.]"  (Jan. 19, 2022 Order.)  Plaintiff appeals that decision pursuant to Individual Rule IV.A, arguing that sources of funding are not news, and therefore New York's reporter privilege does not apply.  The Court remands this issue to Judge Kuo for further briefing and analysis.

The Court recognizes that Judge Kuo's January 19, 2022 Order can be read, at least implicitly, to say that because the Report is news, the identity of the purported funder of the Report is protected by New York's reporter privilege. This issue, however, was never squarely presented to Judge Kuo for determination. This is not surprising given Defendant's shifting position as to which privilege is applicable to the purported funder's identity.[1] To be sure, when Judge Kuo suggested at oral argument that Defendant was asserting reporter privilege concerning the Interrogatory, Defendant stated clearly and unequivocally that anonymous speaker privilege applied. (Aug. 11, 2021 Tr. 43:10–45:24.) Plaintiff then confirmed its understanding that Defendant was asserting anonymous speaker privilege. (*Id.* 46:2–14.) Judge Kuo responded, "All right. So let's move on." (*Id.* 47:11.) The Interrogatory was never addressed at the conference again, and the Document Request was never discussed. When the parties briefed Plaintiff's renewed motion to compel, neither party analyzed whether the funder's identity was protected by New York's reporter privilege. Plaintiff focused on Defendant's shifting position as to which privilege applied (*see* Pl's Renewed Mot. Compel at 2–4, ECF No. 74), and Defendant relied on its view of Judge Kuo's finding with respect to the Report itself, (*see* Def.'s Opp'n Mot. Compel at 6–7, ECF No. 81.) Even in the instant motion, neither party has given the Court sufficient legal authority to make a reasoned determination. The Court therefore remands back to Judge Kuo for additional briefing concerning the narrow issue of whether the reporter privilege shields from disclosure the identity of any purported funder of the Report. The parties shall also brief whether, if the reporter privilege is inapplicable, the anonymous speaker privilege

---

[1] Defendant initially objected to disclosure on anti-Strategic Lawsuit against Public Participation grounds, then shifted its position to reporter's privilege. (Ex. 2 Kazlow Decl., ECF No. 75-1.) At the August 11, 2020 conference, Defendant asserted shifted, again, to anonymous speaker privilege. (Aug. 11, 2021 Tr. 44:10–14, ECF No. 70.) And, after the August 11, 2020 conference, Defendant shifted back reporter's privilege again. (Def.'s Opp'n Mot. to Compel at 6–7, ECF No. 81.)

applies.  The parties' briefs shall comport with Judge Kuo's individual rules and shall be filed according to a timeline set by Judge Kuo.

SO ORDERED.

Dated: Brooklyn, New York
      September 28, 2022

/s/ LDH
LaSHANN DeARCY HALL
United States District Judge