# Miller Korzenik Sommers Rayman LLP

THE PARAMOUNT BUILDING • 1501 BROADWAY, SUITE 2015 • NEW YORK, NY 10036
TEL 212-752-9200 • FAX 212-688-3996 • WWW.MKSR.LAW

December 19, 2022

*Via ECF*
Hon. Peggy Kuo, U.S.M.J.
U.S. District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** *Novagold Resources Inc. v J Capital Rearch USA LLC*, 20-cv-2875-LDH-PK
JCap Reply to NG Letter ECF# 135 on Motion re Government Contacts

Dear Judge Kuo:

Your Honor has not called for any Reply on NG's motion for discovery of "government contacts." ECF Nos. 131, 135 and 136. But it is proper for JCap to reply to a materially misleading reference made by NG's counsel in his Dec. 19 letter to the Court. ECF No. 135. We request that the Court permit this brief Reply.

Specifically, Mr. Quigley references a Bloomberg article dated Feb. 4, 2022, which he mischaracterizes to make it appear as if JCap is the subject of some DOJ investigation. It is not. *See* Katia Porzecanski & Tom Schoenberg, *Vast DOJ Probe Looks at Almost 30 Short-Selling Firms and Allies*, Bloomberg (Feb. 4, 2022), https://www.bloomberg.com/news/articles/2022-02-04/vast-doj-probe-looks-at-almost-30-short-selling-firms-and-allies.

NG continues its effort to manufacture and make up pretexts for discovery that might elude the reporters' privilege. NG claims, "Bloomberg reported that J Capital was one of the number of short selling firms from whom the DOJ, and potentially the SEC, had sought information." NG quotes the title: "*Vast DOJ Probe Looks at Almost 30 Short-Selling Firms & Allies.*" NG's statement is misleading:

- The article states that JCap was among many who said they had ***not received any such inquiries.***
- The article had ***nothing to do with NG*** and makes no reference to NG.
- The article says *no one has been accused of any wrongdoing*.
- The article does say, "Some of the loudest short selling critics include executives at companies that were later found to have engaged in malfeasance."

NG's two requests at issue seek "communications that JCap has had with any regulatory or government agencies regarding Novagold." Whatever the Bloomberg article is about, it has *nothing to do with NG* and it has no relevance to this case or NG's request.

But, to remove the opprobrium that NG's counsel intends, we state the following: ***JCap confirms what it had already stated in the article, namely that it had not received any such inquiry as of February 2022 and that remains so to date.*** We otherwise maintain the same objections to NG's requests on the very same grounds asserted in our letter of Dec.19 (ECF No. 136) and in our Responses to those Requests.

JCap and its writers, Anne Stevenson-Yang and Tim Murray, do serious financial news reporting based their long experience in journalism as writers and editors with a number of respected publications. *See* Stevenson-Yang Decl., ECF No. 61. Whatever NG may try to imply about JCap's publications, JCap has published reports on companies such as Wirecard (criminal proceedings are now underway in Europe against Wirecard) and Luckin Coffee among others. It is of note that Professor John Coffee at Columbia Law School has praised the work of activist short reporters in their reports on Wirecard and Luckin Coffee and offers them as examples of how such reports are socially and financially honorable and valuable. *See* John C. Coffee, Jr., *Activist Short Selling Today: The Two Sides of the Coin*, Colum. L. Sch. Blue Sky Blog (July 7, 2020, https://clsbluesky.law.columbia.edu/2020/07/07/activist-short-selling-today-the-two-sides-of-the-coin/.

NG's misleading use of the Bloomberg article is one more indication of how NG has struggled to manufacture unjustified pretexts in the hope of eluding the reporters' privilege.[1] It is one more indicator of how this libel suit is a SLAPP suit intended to inhibit criticism of NG's plans.

Respectfully Submitted,
Miller Korzenik Sommers Rayman LLP

Cc: Counsel of Record
/s/David S. Korzenik//
David S. Korzenik

---

[1] NG's reference to the Vulcan matter in Australia is similarly misleading. Australian law is extremely unfavorable to publishers. In Australia, allegedly defamatory statements are *presumed false* and the burden is on a defendant to prove otherwise; *ex parte* motions for preliminary injunctions against speech are regularly and easily granted; and costs and fees on the *ex parte* motion are borne by the defendant. None of this would be permissible under U.S. law. The case had to be settled even though the statements in JCap's report were supported by Vulcan's own submissions to the German government. The "apology" was therefore not to Vulcan, but to the officers. And it acknowledged that JCap was free to state its views of the company's prospects.