UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOVAGOLD RESOURCES, INC.,

                          Plaintiff,

v.

J CAPITAL RESEARCH USA LLC,

                          Defendant.

**MEMORANDUM AND ORDER**

20-CV-2875 (LDH) (PK)

L\ASHANN D\EARCY HALL, United States District Judge:

By order dated March 28, 2022, the Court denied Defendant's motion to dismiss Plaintiff's claim for defamation by libel per se.[1] Defendant moves for reconsideration of that order pursuant to Local Rule 6.3.

"The standard for granting . . . a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992) (internal quotation marks and citation omitted). Notably, "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257. Here, Defendant's motion does not point to controlling decisions or data that the Court overlooked, instead it misunderstands the Court's findings; ignores the arguments it made,

---

[1] The Court assumes the reader's familiarity with the facts and findings contained within the March 28, 2022 Order on Defendant's motion to dismiss.

1

and chose not to make, in its motion to dismiss; and otherwise seeks to relitigate issues that the Court already decided. This is not the purpose of a motion for reconsideration.

Defendant's arguments regarding the Court's findings both misstates and misunderstands them. Defendant asserts that the Court incorrectly concluded "that the Report relies only on its general website disclaimer and terms of service, but nothing else." (Def.'s Mot. for Reconsideration ("Def.'s Mot.") at 1, ECF No. 92.) But, the Order said no such thing. Instead, the Order stated that in its brief, *Defendant* relied only on the general website disclaimer and terms of service in its argument regarding the context of the alleged defamatory statements. (Order at 10.) This is fully accurate. (*See* Mem. L. Supp. Mot. to Dismiss ("Def.'s Mem.") at 7–9, ECF No. 40.) Moreover, as the Court previously found, "broad disclaimers are insufficient to cloak the entire Report in the protections afforded opinions." (Order at 9.) *See Eros Int'l, PLC v. Mangrove Partners*, No. 653096/2016, 2019 WL 1129196, at *11 n.7 (N.Y. Sup. Ct. N.Y. Cnty. Mar. 8, 2019) (noting that the court's analysis "should not be read to suggest that a short and distort scheme can *never* give rise to a viable claim of defamation simply because the alleged distortion is cloaked in the form of opinion"). Only now, in its motion for reconsideration, has Defendant expanded that argument to include the Report's use of opinion signals. This is improper, however, because Defendant may not use a motion for reconsideration to shore up an argument that was deficient in its first motion. *See Force v. Facebook*, *Inc.*, 304 F. Supp. 3d 315, 320 (E.D.N.Y. 2018) (denying motion for reconsideration in part because "[p]laintiffs provide[d] no reason why they could not have presented such arguments in their initial briefing, and such new arguments have no place in a motion for reconsideration.").

Defendant asserts that the Court "erred in its description" of an engineer's opinion referenced in the Report. (Def.'s Mot. at 4.) But, the Order made no description of that opinion

at all.  The Court found only that a reader could infer that the Report relied on undisclosed facts due to the Report's vague references to an anonymous engineer as a source and the Report's unsupported conclusion that the mine will never be built.  (Order at 11.)  Indeed, the Report states, "[t]he expert we spoke with confirmed '[t]here isn't a lot of contractor/industry experience anywhere for the permafrost and environmental issues you might encounter.'  There are also changes that will need to be made for environmental reasons that have not been included in pipeline estimates, and those changes will add cost."  (Ex. A at 8, Korzenik Decl., ECF No. 39-1.)  The structure of this paragraph suggests that the expert is the source of the information in the second sentence and that the engineer has access to undisclosed information.

Defendant's motion for reconsideration raises arguments it did not make in its motion to dismiss.  Specifically, Defendant asserts that the Court did not apply the first two prongs of the test prescribed by the New York Court of Appeals in *Immunu AG v. Moore-Jankowski*, 77 N.Y.2d 235 (1991) (Def.'s Mot. at 1) but ignores that its opening brief did not contain any arguments pertaining to those prongs, (Def.'s Mem. at 1–9).  Its argument that the Court did not consider "fully-briefed points,"[2] (Def.'s Mot. at 3) cites only to arguments it made for the first time in its reply brief, (*id*.).  Because it is "hornbook law that arguments may not be made for the first time in a reply brief," the Court exercised its discretion and did not consider them.  *See Browe v. CTC Corp*., 15 F.4th 175, 191 (2d Cir. 2021).  Defendant also argues that the Court should have deemed certain portions of the Report "pure opinion," (Def.'s Mot at 3–4), but again ignores that it did not argue that the Court should do so in its original motion.  The Court is under no obligation to "scour the record, research any legal theory that comes to mind, and serve

---

[2] In any event, the "arguments" to which Defendant cites were waived because they were "perfunctory" points that lacked development.  *See Tolbert v. Queens Coll.*, 242 F. 3d 58, 72 (2d Cir. 2001) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argument, are deemed waived.").

generally as [Defendant's] advocate." *Ernst Hass Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999). And, "'a party requesting reconsideration is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use Rule 59(e) to advance new facts and theories in response to the court's rulings.'" *Force*, 304 F. Supp. 3d at 320 (quoting *Schoolcraft v. City of New York*, 248 F. Supp. 3d 506, 509 (S.D.N.Y. 2017)).

Defendant's remaining arguments seek to relitigate issues already decided. Defendant reasserts that the Report is opinion because it contains predictions, but the Court rejected this very argument in its Order. (Order at 10 n.3.) It also attempts to relitigate actual malice by calling into question the Court's application of *Palin v. New York Times Company*, 340 F.3d 804 (2d Cir. 2019). In neither argument does Defendant point to intervening controlling law[3] or facts that the Court overlooked, and the Court declines the invitation to revisit its conclusions on those points. *See Force*, 304 F. Supp. 3d at 321–22 ("In the court's view, however, it has already addressed Plaintiffs' argument and need not revisit its conclusions on that point.").

Defendant's motion for reconsideration is DENIED.

SO ORDERED.

Dated: March 27, 2023
      Brooklyn, New York

/s/ LDH
LaSHANN DeARCY HALL
United States District Judge

---

[3] While Defendant points to *Daleiden v. Planned Parenthood*, No. 21-2068, 2022 WL 1013982 (2d Cir. Apr. 5, 2022), that case did not change or further develop any prevailing standard or legal principle the Court applied in its order. Instead, it merely follows controlling law. The other cases Defendant cites in its motion to reconsider are not new and were not overlooked.