# BAKER BOTTS LLP

30 ROCKEFELLER PLAZA
NEW YORK, NEW YORK
10112-4498

TEL +1 212.408.2500
FAX +1 212.408.2501
BakerBotts.com

AUSTIN
BRUSSELS
DALLAS
DUBAI
HOUSTON
LONDON

**NEW YORK**
PALO ALTO
RIYADH
SAN FRANCISCO
SINGAPORE
WASHINGTON

June 3, 2024

Hon. Lashann DeArcy Hall
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Brendan F. Quigley
TEL: 2124082520
FAX: 2122592520
brendan.quigley@bakerbotts.com

Re:  *Novagold Resources Inc. v. J Capital Research USA LLC*,
No. 20-cv-02875-LDH-PK; Opposition to J Capital's Appeal of May 20, 2024

Dear Judge DeArcy Hall:

We represent Plaintiff Novagold Resources. We write to oppose J Capital's appeal, ECF 165,[1] of Magistrate Judge Kuo's March 29, 2024 opinion, ECF 157,[2] and her May 6, 2024 minute entry denying J Capital's motion to reconsider that opinion.[3] In short, Judge Kuo carefully and correctly decided the "narrow" issues this Court remanded to her, finding that neither the reporter's privilege nor the anonymous speaker's privilege shielded from disclosure the identity of any funder of the defendant's May 28, 2020 report.[4]

## I.  Background

Novagold filed this action in June 2020, asserting claims against J Capital for defamation and trade libel, based on the Report, which accused Novagold's management of, among other things, "systematically misle[a]d[ing] investors" about the Donlin Mine project in Alaska, "treating [the] company like an ATM," and awarding themselves outsized salaries. *See* Am. Compl., ECF No. 34.

On January 19, 2022, Judge Kuo denied Novagold's renewed motion to compel J Capital to answer information about the funder of the Report in response to a request for production and an interrogatory that Novagold had served in October 2020.[5] On February 2, 2022, Novagold appealed that order to Your Honor. ECF No. 88.

---

[1] The "Appeal". J Capital's appeal makes a number of unsworn factual assertions—such as that Novagold "determined that it needed a new feasibility study"—that are false and incorrect. They are also irrelevant to the narrow issues before the Court on this appeal, and thus we will address them at the appropriate time, e.g., summary judgment or trial, not here.

[2] The "3/29/24 Order".

[3] "5/6 Minute Entry".

[4] "The Report".

[5] Specifically, Novagold's Request for Production No. 14 sought "All documents that reflect all persons who paid JAP any money, consideration, or other inducement to prepare, revise or publish the Report." Novagold Interrogatory No. 3 asked J Capital to "Identify all persons involved in researching, drafting, or paying or underwriting the costs of preparation of the Report, including a detailed factual statement of each person's involvement. For persons affiliated with JCAP, include their titles and duties in JCAP."

On September 28, 2022, Your Honor "remand[ed]" the matter "back to Judge Kuo for additional briefing concerning the narrow issue of whether the reporter privilege shields from disclosure the identity of any purported funder of the Report" and "whether, if the reporter privilege is inapplicable, the anonymous speaker privilege applies." ECF No. 113 at 2-3,

On March 28, 2024, after extensive briefing and oral argument, Judge Kuo found that neither the reporter's privilege nor the anonymous speaker's privilege applied.[6] Judge Kuo expressly declined to take up J Capital's argument that a so-called "right of anonymous association" also protected the identity of the funder of the Report, noting that this was "yet another new argument thrown in by J Cap" and was "outside the scope" of the remand. 3/29/24 Order at 13.

J Capital moved for reconsideration. Judge Kuo denied that motion on May 6, 2024, determining that "a motion for reconsideration of a magistrate judge's ruling on a non-dispositive matter is not permitted by Rule 60 of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court." J Capital then appealed. ECF 165.

## II.    <u>Standard of Review</u>

A magistrate judge's decision in a non-dispositive matter can be reversed only when it is "clearly erroneous or . . . contrary to law." Fed. R. Civ. P. 72(a). "Clear error is present when, upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *In re Hulley Enterprises Ltd.*, 400 F. Supp. 3d 62, 70 (S.D.N.Y. 2019) (quotation and citation omitted). "A magistrate's ruling is contrary to law if it fail[s] to apply or misapplies relevant statutes, case law, or rules of procedure[.]'' *Id.* (quotation and citation omitted).[7]

## III.    <u>Judge Kuo Correctly Decided the Narrow Issues Remanded to Her</u>

**Reporter's Privilege**. The New York Reporter's Privilege protects only (i) "news" (ii) "gather[ed]" by "professional journalists" or newscasters. *See* N.Y. Civil Rights Law § 79-h(b)-(c). The statute defines "news" as "written, oral, pictorial, photographic, or electronically recorded information or communication concerning local, national or worldwide events or other matters of public concern or public interest or affecting the public welfare." N.Y. Civ. Rights Law § 79-h(a)(8).

Judge Kuo's 3/29/2024 Order correctly recognizes that J Capital "cites to no cases that find that the identity of *funders* of news is a newsgathering source, communication, document, or process similar to those protected by the [New York Reporter ] Shield Law." 3/29/24 Op. at 8 (emphasis in original). And the cases J Capital cites in its appeal (which it also cited before Judge Kuo) are not to the contrary. *Murray Energy Corp. v. Reorg Research, Inc.*, and *Beach*

---

[6] 3/29/24 Order at 10, 12.

[7] Given J Capital's decision to move for reconsideration, it is questionable whether J Capital's appeal of the 3/29/24 Order is even timely. *See Rouviere v. DePuy Orthopaedics, Inc.*, 560 F. Supp. 3d 774, 788 (S.D.N.Y. 2021) ("If party chooses to file a motion for reconsideration instead of a Rule 72 objection—as the Rouvieres did here—and that party later files an objection to the reconsideration decision, that objection brings up only the reconsideration decision, not the underlying order.").

*v. Shaley* both dealt with disclosure of the names of confidential *sources* of news, not funders.[8] *Wilkins v. Kalla* concerned the production of "outtakes" and "notes" from a CBS *60 Minutes* program. 118 Misc. 2d 34, 34 (N.Y. 1983). In *In re Eisinger*, the plaintiffs sought to interview a Wall Street Journal reporter about the techniques and processes he used in writing a story.[9] Certainly, nothing in *Eisinger* supports J Capital's statement that the funder's identity "is *'absolute[ly]* protected." ECF 165 at 2 (alteration and emphasis in original). Indeed, *Eisinger* says nothing at all about "funder" discovery. And even if "[m]edia outlets regularly report on who is shorting a particular stock," Appeal at 2, that does not magically transform the identity of the funder of a Report into "news" as defined by the statute, much less suggest that such information is confidential (if anything, it suggests the opposite). In short, J Capital cannot show that Judge Kuo failed to apply or misapplied the relevant statutes or case law, as required for reversal.

**Anonymous Speaker's Privilege.** Judge Kuo also correctly held that the funder's identity was not protected by the Anonymous Speaker's Privilege. Judge Kuo recognized that the "speaker" of the Report was J Capital—not the anonymous "funder"—and, as such, the speaker was not anonymous. 3/29/24 Order at 12. J Capital's appeal does not address this reasoning. This Court should affirm that portion of Judge Kuo's decision as well.

**Issues Not Remanded.** Finally, Judge Kuo also correctly declined to consider matters outside the "narrow" issues remanded to her. These included, in particular, J Capital's arguments regarding the purported rights of "anonymous publishers" and "anonymous association" for funders of news reports. The Court should also reject J Capital's continued efforts to obfuscate and shift the goal posts in its appeal, such as when it claims that (i) it has "fully answered" the requests at issue but (ii) that "an intervenor" will be asserting additional privileges "shortly,"[10] which would make no sense if J Capital had, in fact, "fully answered" the requests.[11]

J Capital's appeal also raises a hodgepodge of issues, including via unsworn factual assertions, that are outside the scope of Judge Kuo's order. J Capital argues that the funder identity is irrelevant, which is a curious position to take after almost four years of resisting disclosure of that information. In any event, "new arguments and factual assertions may not be raised for the first time in an objection to a magistrate judge's discovery order.: *Peralta v. Regent Catering, Inc.*, No. 17 Civ. 6993, 2022 WL 6799407, at *4 (E.D.N.Y. Mar. 18, 2022). Further, J Capital totally mischaracterizes *Cassava Sciences, Inc., v. Bredt,*[12] suggesting it holds that "financial motive" is irrelevant to actual malice. In reality, *Cassava Sciences* states that bias *alone* does not establish actual malice "without additional facts to suggest the speaker acted pursuant to that bias." *Id.* at 48. Nowhere does the *Cassava* opinion suggest that financial motives are irrelevant to actual malice or non-discoverable as evidence. In short, Judge Kuo's decisions should be affirmed.

---

[8] *Murray Energy Corp. v. Reorg. Research*, 58 N.Y.S.2d 446, 446 (1st Dept. 2017) (discovery sought as "names of [a newsletter publisher's] confidential sources."); *Beach v. Shanley*, 465 N.E.2d 304, 307 (N.Y. 1984) (issue was whether "a reporter may invoke the Shield Law when the very disclosure of the information by the confidential source may have been a criminal act.").

[9] No. 09-10053-PBS, 2011 WL 1458230 at *1 (S.D.N.Y. Apr. 12, 2011).

[10] *See* Appeal at 2-3.

[11] Novagold will address the intervenor's motion at the appropriate time.

[12] No. 1:22-cv-09409-GHW-OTW, Dkt. 119 (Mar. 28, 2024).

Respectfully submitted,


_/s/ Brendan F. Quigley_____
Brendan F. Quigley

CC: Counsel of Record by ECF