**BAKER BOTTS** LLP

| | |
|---|---|
| 30 ROCKEFELLER PLAZA | AUSTIN NEW YORK |
| NEW YORK, NEW YORK | BRUSSELS PALO ALTO |
| 10112-4498 | DALLAS RIYADH |
| | DUBAI SAN FRANCISCO |
| TEL +1 212.408.2500 | HOUSTON SINGAPORE |
| FAX +1 212.408.2501 | LONDON WASHINGTON |
| BakerBotts.com | |

August 19, 2024

<u>**VIA ECF**</u>
Hon. Peggy Kuo
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Brendan F. Quigley
TEL: 2124082520
FAX: 2122592520
brendan.quigley@bakerbotts.com

Re: <u>*Novagold Resources Inc. v. J Capital Research USA LLC*
Case No. 1:20-cv-02875-LDH-PK</u>

Dear Magistrate Judge Kuo:

We represent Plaintiff Novagold Resources Inc. ("Novagold"). We write to follow up on the Proposed Intervenor's August 5, 2024 letter to the Court and to update the Court on Novagold's efforts to confer with the Proposed Intervenor over the document subpoena that Novagold seeks to serve on the Proposed Intervenor.

**I. Background**

Recent discovery has shown that the Proposed Intervenor received advanced briefings on, and an advanced copy of, J Capital's report about Novagold before the report was made public. After J Capital made the report available to the general public on May 28, 2020, the Proposed Intervenor then paid J Capital over $350,000, which we presume—but do not know because neither J Capital nor the Proposed Intervenor has produced any relevant discovery—represents a share of the profits the Proposed Intervenor made from its trading in Novagold securities before and after the report was publicly disclosed.

As Novagold's counsel previewed for the Court at the August 2, 2024 status conference, Novagold has served J Capital with additional, follow-up discovery requests on these and related issues and has conferred with counsel for the Proposed Intervenor about whether it will accept service of a Rule 45 subpoena for documents.[1]

At the August 2 conference, the Court stated, in substance (i) the only potentially privileged matter with respect to the Proposed Intervenor at this point was the Proposed

---

[1] The proposed subpoena would seek (i) communications the Proposed Intervenor had with J Capital, Anne Stevenson Yang, or Timothy Murray concerning Novagold between September 1, 2019 and September 1, 2020; (ii) documents sufficient to show positions the Proposed Intervenor took in Novagold stock, options, or derivatives thereof, and any profit or loss associated with such transactions between September 1, 2019 and September 1, 2020; (iii) any agreements between J Capital and the Proposed Intervenor; and (iv) documents sufficient to show all payments or transfers of any remuneration, or anything of value, from the Proposed Intervenor to J Capital between September 1, 2019 and September 1, 2020 and/or relating to Novagold.

Intervenor's identity,[2] (ii) Novagold was not to make use of the Proposed Intervenor's identity (even though it knows the identity through an inadvertent disclosure) in serving the subpoena,[3] but (iii) given the need to proceed expeditiously in the case, the Court was "hoping that counsel [for the Proposed Intervenor] would accept service [of the subpoena] so that all of this can be done quickly because the only thing that's being protected is the identity of that third party," 8/2/24 Tr. 19:25-20:3.

Since the conference, counsel for Novagold asked counsel for the Proposed Intervenor whether counsel for the Proposed Intervenor would accept service of a "John Doe" document subpoena, given that counsel clearly represents the Proposed Intervenor. Unfortunately, on August 14, however, counsel for the Proposed Intervenor declined to accept service of any proposed subpoena.

## II. Discussion

We respectfully request that the Court allow Novagold to make use of the Proposed Intervenor's identity—which the Court has already ruled is not privileged, pending J Capital's appeal to Judge DeArcy Hall—for the limited purpose of effecting service of a subpoena on the Proposed Intervenor. While Novagold learned for the first time of that identity through the Proposed Intervenor's inadvertent disclosure (almost four years after first seeking it in discovery from J Capital), Novagold has fully complied with all potentially relevant ethical rules on inadvertent disclosure. Those rules require only that an attorney "promptly notify the sender" of the material and include no bar on the subsequent use of that information. *See* ECF 171 at 2-3.

In the alternative, if the Court is not inclined to allow that at this time, the current situation simply reiterates the extreme position the Proposed Intervenor has taken in its three-fold motion. The Proposed Intervenor seeks to: (i) belatedly join issue on a discovery matter that has been pending for years, (ii) assert a privilege that grows even more tenuous as facts dribble out in discovery, and (iii) remain completely anonymous (despite the strong First Amendment interest in public judicial proceedings) and to further delay relevant discovery. The resulting delay from the Proposed Intervenor's actions further shows the prejudice to Novagold from the proposed intervention and why the Court should deny that motion.

Respectfully submitted,

*/s/ Brendan F. Quigley*
Brendan F. Quigley

cc: All counsel of record (by CM/ECF)

---

[2] *See* 8/2/24 Tr. 18:5-7 ("I'm permitting the discovery on everything about the funders other than the identity.").

[3] *See id.* 21:7-8.