UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

NOVAGOLD RESOURCES, INC.,

                                   Plaintiff,

v.

J CAPITAL RESEARCH USA LLC,

                                 Defendant.

**MEMORANDUM AND ORDER ADOPTNG REPORT & RECOMMENDATION**

20-CV-2875 (LDH) (PK)

---

L<small>A</small>SHANN D<small>E</small>ARCY HALL, United States District Judge:

Novagold Resources, Inc. ("Plaintiff") commenced this action against J Capital Research USA, LLC ("Defendant") alleging defamation by libel per se and trade libel. (*See generally* Am. Compl., ECF No. 34.) An anonymous Third Party has moved to intervene to protect against disclosure of its identity. (*See generally* Mot. to Intervene ("Mot."), ECF No. 175-1.)

## BACKGROUND

Plaintiff is a publicly traded Canadian precious metals company with its shares trading on the Toronto Stock Exchange and New York Stock Exchange. Plaintiff's focus is the development of the Donlin Gold project (the "Donlin Project") in Alaska, of which it owns 50%. (*Id.* ¶ 10.) The Donlin Project "is regarded to be one of the largest, highest-grade, and most prospective known open-pittable gold deposits in the world." (*Id.*) Defendant is a New York research organization that publishes short-seller reports on publicly traded companies. (*Id.* ¶¶ 6, 12, 17.) On or about May 28, 2020, Defendant published a 22-page report titled "*Pipe Dream: The deposit that will never be mined*" (the "Report"), which criticized the feasibility and Plaintiff's management of the Donlin Project.[1] (*Id.* ¶ 16.) Plaintiff alleges that the Report falsely asserts

---

[1] The Report is referenced throughout but not attached to the amended complaint. (See, e.g., Am. Compl. ¶¶ 20–35.) A copy of the Report, attached to a declaration submitted by Defendant in support of its motion to dismiss, is

1

that Plaintiff misled its investors, (*id.* ¶¶ 22–24), makes false claims regarding the feasibility of the Donlin Project, (*id.* ¶¶ 28–30), and makes false claims about Plaintiff's management, (*id.* ¶¶ 33–35.)

The Third Party is a short seller and research client of Defendant, who paid Defendant a percentage of its earnings from trading Novagold stock, approximately $350,000, in exchange for pre-publication access to the Report. (*See* Third Party Ltr. at 3, ECF No. 186; Mot at 1.) Plaintiff served discovery demands on Defendant, including for the identity of any "funders" of the Report. (*See* Pl.'s Mot. to Compel, at 3, ECF No. 56.) Defendant objected to that discovery, asserting various privileges, including the New York reporter's privilege and the anonymous speaker privilege. (*See generally* Def.'s Mot. for Protective Order, ECF No. 60.) On March 29, 2024, Magistrate Judge Kuo found that neither privilege shielded from disclosure the identity of any of Defendant's funders. (*See* May 29, 2024 Mem. Dec'n, ECF No. 157.) Shortly thereafter, counsel for the Third Party appeared and informed the Court of its intention to move to intervene. (*See* Min. Entry and Order, May 2, 2024.) On July 1, 2024, the Third Party filed the Motion, requesting (1) that it be permitted to litigate this motion anonymously, (2) that it be allowed to "intervene for the limited purpose of seeking a protective order prohibiting disclosure of its identity in this case," and (3) that the Court issue such a protective order. (Mot. at 2–3.) The motion was fully briefed on July 1, 2024, and referred to Judge Kuo for a report and recommendation on July 3, 2024. (*See* July 3, 2024 Order.) On October 4, 2024, Judge Kuo issued a report and recommendation ("R&R"), recommending that the motion to intervene be

---

incorporated by reference. (*See* Decl. David S. Korzenik dated Jan. 15, 2021 ("Korzenik Decl."), Ex. A, ECF No. 39-1.)

granted and that the request for a protective order barring disclosure of the Third Party's identity based on First Amendment associational privilege be denied. (*See* R&R at 11, ECF No. 191.)

With respect to the Third Party's motion to intervene, Judge Kuo considered whether the Third Party should be permitted to intervene "as of right" pursuant to Federal Rule of Civil Procedure 24(a). (*Id.* at 2–6.) Following well-settled precedent, Judge Kuo identified four factors relevant to the inquiry: (1) whether the motion is timely; (2) the movant's interests; (3) the impairments of the movant's interests in the action; (4) and (4) whether the movant's interests are adequately protected. (*Id.* at 2 (citing *In re N.Y.C. Policing During Summer 2020 Demonstrations*, 27 F. 4th 792, 799 (2d Cir. 2022)).

As to timeliness, Judge Kuo found that Defendant's attempts to resist disclosure of the Third Party's identity since 2021 should have given the Third Party earlier notice that its interest in remaining anonymous was implicated in this litigation. (*Id*. at 3.) Nonetheless, because intervention would not significantly delay the litigation or otherwise prejudice Plaintiff, Judge Kuo found the motion "timely under the circumstances." (*Id.* at 4.) Judge Kuo also found that the Third Party identified an interest in protecting its right to freedom of association that faced potential impairment. (*Id.* at 5.) And, Judge Kuo found that although Defendant and the Third Party shared the same objective of identifying the Third Party's identity, that interest is not adequately protected by Defendant, who does not necessarily have standing to assert any such right. (*Id.* at 5–6.) Given these factors, Judge Kuo recommended that the Third Party be permitted to intervene for the limited purpose of asserting a constitutional right to resist disclosure of its identity. (*Id.* at 6.)

Regarding the Third Party's request for a protective order pursuant to Federal Rule of Civil Procedure 26, Judge Kuo noted that "the burden is on a party claiming the protection of a

3

privilege to establish those facts that are the essential elements of the privileged relationship." (*Id.* at 6 (citing *von Bulow by Auersperg v. von Bulow*, 811 F.2d 136, 144 (2d Cir. 1987).) Because the Third Party seeks to protect its identity, which it alleges is protected by the First Amendment's freedom of association, Judge Kuo considered whether that right is implicated in this action. Specifically, Judge Kuo analyzed whether the Third Party engages in "expressive association"—that is, the "right to associate for the purpose of engaging in those activities protected by the First Amendment, [such as] speech, assembly, petition for the redress of grievances, and the exercise of religion." (*Id.* at 7 (citing *Roberts v. U.S. Jaycees*, 468 U.S. 609, 618 (1984).) Finding that "[t]he associational activity between [Defendant] and the Third Party is . . . analogous to the primarily-economic activities that courts have declined to protect under the First Amendment," Judge Kuo recommended that the request for a protective order be denied. (*Id.* at 10–11.)

The Third Party timely objected to the R&R on October 18, 2024. (*See generally* Third Party's Obj. to R&R ("Third Party's Obj."), ECF No. 195.) Specifically, the Third Party argues that Judge Kuo should have found that its association with Defendant, albeit primarily commercial, implicates First Amendment associative protection. (*See generally id.*)

**STANDARD OF REVIEW**

When deciding whether to adopt a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court conducts a *de novo* review of those portions of a report and recommendation regarding dispositive matters to which a party submits a timely objection. 28 U.S.C. § 636(b)(1)(C). A magistrate judge's decision regarding non-dispositive matters shall only be modified or vacated if it is clearly erroneous or contrary to law.

4

28 U.S.C. § 636(b)(1)(A). "To accept those portions of the report to which no timely objection has been made, 'the district court need only satisfy itself that there is no clear error on the face of the record.'" *Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd.*, 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (quoting *Urena v. New York*, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001)). "Under the clearly erroneous standard of review of Rule 72(a), the magistrate judge's findings should not be rejected merely because the court would have decided the matter differently. Rather, the district court must affirm the decision of the magistrate judge unless the district court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Pall Corp. v. Entegris, Inc.*, 655 F. Supp. 2d 169, 172 (E.D.N.Y. 2008) (citing *Rubin v. Valicenti Advisory Servs.*, 471 F.Supp.2d 329, 333 (W.D.N.Y.2007).

## DISCUSSION[2]

Federal Rule of Civil Procedure 26 provides broad discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). A district court may limit discovery "for good cause" by making "an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including an order "forbidding the disclosure of discovery." Fed. R. Civ. P. 26(c)(1)(A). The Supreme Court has recognized that compelled disclosure of groups engaged in advocacy may constitute a restraint on freedom of association. *Centro De La Comunidad Hispana De Locust Valley v. Town of Oyster Bay*, 954 F. Supp. 2d 127, 139 (E.D.N.Y. 2013), aff'd, 868 F.3d 104 (2d Cir. 2017), and aff'd, 705 F. App'x 10 (2d Cir. 2017) (citing *NAACP v. Alabama*, 357 U.S. 449, 460 (1958)). To assess "whether a group is protected by the First Amendment's expressive associational right," a

---

[2] Because no party timely objected to Judge Kuo's recommendation regarding the Third Party's motion to intervene, the Court reviews that recommendation for clear error. *See Estate of Ellington*, 812 F. Supp. 2d at 189. Finding no error, the Court hereby adopts Judge Kuo's recommendation that the Third Party's motion to intervene be GRANTED.

5

court must first "determine whether the group engages in expressive association." *Boy Scouts of America v. Dale*, 530 U.S. 640, 648 (2000) (internal quotation marks omitted). If so, courts then apply a burden shifting test to determine whether to shield the group's membership or other information from discovery. *See id.* at 658.

Because discovery matters, including issuance of protective orders, are non-dispositive decisions, the Court reviews for clear error the Third Party's objection to Judge Kuo's recommendation that its request for a protective order be denied. *See Pall Corp. v. Entegris, Inc.*, 655 F. Supp. 2d 169, 172 (E.D.N.Y. 2008).

The Third Party argues that Judge Kuo's recommendation that its request for a protective order be denied is erroneous because it is based on the "misstatement of law" that associative protection is generally not available for predominantly commercial organizations. (Third Party's Obj. at 8 (citing R&R at 8).) Any misapprehension of the law, however, appears to be on the Third Party's part. In arguing that the associative protection should apply, the Third Party points to no fewer than six cases where courts recognized that corporations enjoy the First Amendment right to freedom of speech. (*Id.* at 5–6.) In the Third Party's view, because some First Amendment protections, including speech, extend to commercial activities, so, too, should associative privilege. Not so. Indeed, even the Third Party concedes that, as Judge Kuo correctly acknowledged, the availability of associative privilege "depend[s] on the activities at issue." (*Id.* at 6.) And a review of the case law, which Judge Kuo conducted, makes clear that "courts have consistently rejected associative protection for predominantly commercial organizations." (R&R at 8–9); *see, e.g., Jacoby & Meyers, LLP v. Presiding Justs. of the First, Second, Third & Fourth Dep'ts, App. Div. of the Sup. Ct. of the State of N.Y.,* 118 F. Supp. 3d 554, 573 (S.D.N.Y. 2015) ("Ultimately, there is only minimal constitutional protection for the sort of

6

commercial association in which J & M and other law firms regularly engage, and associations whose activities are not predominantly of the type protected by the First Amendment . . ." (citation and internal quotation marks omitted); *Rivers v. Campbell*, 791 F.2d 837, 840 (11th Cir. 1986) (rejecting a freedom-of-association claim brought by a snow-cone vendor because it was a commercial enterprise); *Storer Cable Commc'ns v. City of Montgomery*, 806 F. Supp. 1518, 1560–61 (M.D. Ala. 1992) (rejecting a claim by cable-television franchisee, programmers, and distributor that cable-television ordinances violated their right to associate for commercial purposes); *IDK Inc. v. Clark Cnty.*, 836 F.2d 1185, 1195 (9th Cir. 1995) ("Under any test it is clear that the escort services are primarily commercial enterprises, and their activities are not predominantly of the type protected by the [F]irst [A]mendment); *see also New York State Club Ass'n, Inc. v. City of New York,* 487 U.S. 1, 20 (1988) (O'Connor, J, concurring) ("Predominately commercial organizations are not entitled to claim a First Amendment associational or expressive right").

Here, based on a review of the record, Judge Kuo found that the relationship between Defendant and the Third Party is primarily commercial. (R&R at 10.) Indeed, the Third Party describes itself as an entity that "manages money on behalf of individuals, endowments and pensions [sic] funds," and J Capital as one source of "research" it uses to "inform its investment strategies." (Motion to Intervene at 3.) Accordingly, Judge Kuo determined that, simply put, "[t]he Third Party's association with JCap" was that of "a client who paid for early access to a public report." (R&R at 10.) And "[w]hile the [F]irst [A]mendment protects the right to associate with others in pursuing a wide variety of social, political, educational, and economic ends, the more commercial the associational interest involved the less likely [F]irst [A]mendment protection attaches." *Rivers*, 791 F.2d at 840 (citing *Roberts*, 468 U.S. at 618).

7

The Court therefore finds no clear error in Judge Kuo's determination that the parties' "shared affinity for a particular investment strategy" does not constitute a shared belief system or association that should be afforded constitutional protection from disclosure. (R&R at 10.)

**CONCLUSION**

For the foregoing reasons, the R&R is ADOPTED in its entirety. The Third Party's motion to intervene is GRANTED, and its request for a protective order barring disclosure of its identity based on First Amendment associational privilege is DENIED.

                                                    SO ORDERED.

Dated: Brooklyn, New York                      /s/ LDH
       March 31, 2025                             L<small>A</small>SHANN D<small>E</small>ARCY HALL
                                                      United States District Judge