.April 10, 2025
Hon. Peggy Kuo
Eastern District of New York

    Re: *Novagold Resources Inc. v. J Capital Research USA LLC*, No. 20-cv-02875-LDH-PK

Dear Magistrate Judge Kuo:

Novagold and the Anonymous Intervenor write per Part IV.A.1.b of your Individual Practices.

**Novagold's Position-**We write regarding the June 24, 2024 temporary protective order, issued following the Intervenor's apparently inadvertent disclosure of its identity in papers it served on Novagold. That order has, by its terms, expired; there is no basis for it to continue; and it should be lifted. Novagold should also be able to take discovery of the Intervenor.

As the Court may recall, when the Intervenor served Novagold with its motion to intervene and motion for a protective order based on the First Amendment associational privilege, its papers contained *plainly* visible comment bubbles, identifying the Intervenor as a well-known short seller. Before any unredacted materials were filed on the public docket, Novagold advised the Intervenor of this, the Intervenor sought a protective order prohibiting use of the identity, and the Court "temporarily granted" that motion "pending a decision on the forthcoming motion to intervene."[1] Shortly thereafter, the Intervenor also declined to accept service of "John Doe" discovery served by Novagold, despite the Court encouraging it to do so.[2] Magistrate Judge Kuo later issued a Report and Recommendation granting the motion to intervene but holding that the First Amendment associational privilege did not protect the Intervenor's identity. Judge DeArcy Hall recently adopted that R&R in full.

Thus, "a decision on the . . . motion to intervene" has issued, and the temporary protective order has expired. There is no basis for a protective order at this point. Two judges—Judges Kuo and DeArcy Hall—have now ruled that the Intervenor's identity is not protected by the First Amendment associational privilege, the only privilege the Intervenor raised.[3] Nor is the identity of the Intervenor protected by the attorney-client privilege. *See, e.g.*, *Lefcourt v. United States*, 125 F.3d 79, 86 (2d Cir. 1997) ("As a general rule, a client's identity and fee information are not privileged."). Further, the issue of discovery from the Intervenor is now ripe, given the issuance of Judge DeArcy Hall's decision. *See* 11/13/24 Minute Entry.

The notice of appeal the Intervenor has now filed does not change things. To the extent the Intervenor relies on the pendency of the appeal to delay the use of its identity, it in effect seeks a

---

[1] By promptly notifying the Intervenor of the disclosure before any public filing, Novagold complied with any ethical obligations it had under N.Y. Rule of Professional Conduct 4.4(b).

[2] 8/2/24 Tr. at 19:25-20:3 ("I was hoping that counsel would accept service so that all of this can be done quickly because the only thing that's protected is the identity of that third party.")..

[3] While J Capital's appeal to the district court of Magistrate Judge Kuo's denial of a motion for reconsideration of the decision holding the Reporter's Privilege and the Anonymous Speaker's privilege remains pending, the Intervenor has never claimed it is a "professional journalist or newscaster" with standing to assert the Reporter's Privilege or a "speaker" for purposes of the anonymous speaker's privilege.

stay pending appeal. But none of the factors courts examine in assessing the propriety of a stay—whether the stay applicant has "made a strong showing of success on the merits"; whether the stay will substantially injure other parties; the public interest; and any irreparable injury to the stay movant[4]—favor a stay here.

The Intervenor cannot make a showing—much less a "strong showing"—of success on the merits. Among other things, there is no appellate jurisdiction, because privilege-related decisions are non-final orders for which interlocutory appeals are not allowed. *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100, 103 (2009) (no interlocutory appeal for attorney-client privilege decision); *Rosner v. United States*, 958 F.3d 163, 166 (2d Cir. 2020) (noting the Second Circuit has extended *Mohawk* to numerous "other common-law evidentiary privileges and statutory privacy rights"). And even if there was appellate jurisdiction, a deferential abuse of discretion standard of review applies. *See Karupaiyan v. Experis US Inc*., No. 24-580, 2025 WL 615179, at *4 (2d Cir. Feb. 26, 2025). There is substantial prejudice to both Novagold and to the public interest in the "just [and] speedy" resolution, *see* Fed. R. Civ. P. 1, of this now almost five-year old litigation. The Intervenor's position that it should be allowed to appear belatedly, proceed anonymously, and delay the litigation potentially for years (while refusing to accept service of discovery) is, by any measure, breathtaking. Further, any argument regarding irreparable harm to the Intervenor from disclosure of its identity as a short seller is (at best) seriously undermined by information already in the public domain regarding the Intervenor. And, in any event, a stay is "not a matter of right, even if irreparable injury might otherwise result to the appellant." *Nken v. Holder*, 556 U.S. 418, 427 (2009). Accordingly, the Court should (i) lift the June 24, 2024 temporary protective order, and (ii) Novagold should be allowed to take discovery from the Intervenor.[5]

**Anonymous Intervenor's Position**. The purpose of the temporarily granted 6/24/24 Protective Order was to prevent Novagold from utilizing inadvertently produced metadata, and to preserve the status quo while the Intervenor litigates whether the First Amendment associational privilege protects its identity from disclosure. That constitutional question is now before the Second Circuit. *See* Dkt. 205. Accordingly, this Court's language temporarily granting the Intervenor's motion for a protective order "pending a decision on the forthcoming motion to intervene," 6/24/24 Minute Order, should be construed to mean that it remains in effect during the pendency of any appeal. Were it otherwise, Novagold could now use the Intervenor's identity, potentially mooting the pending appeal and depriving the Intervenor of its ability to vindicate its First Amendment rights.

The relevant factual background is set forth in the Intervenor's 6/21/24 letter motion. *See* Dkt. 171. In short, the underlying dispute arose after Novagold accessed metadata that was inadvertently embedded in the signature line of the Intervenor's anonymous declaration, and which exposed the Intervenor's identity. *Id.* To be clear, no metadata or "comments" were visible in the PDF when viewed on either PC or iOS. *Id.* After the Intervenor served its declaration on May 27, 2024, Novagold somehow accessed the embedded information and failed to comply with

---

[4] *See, e.g.*, *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007).

[5] Novagold served the Intervenor with four document requests and a 30(b)(6) deposition notice on April 4, 2025. The Intervenor's position that Novagold has received extensive discovery from J Capital is completely inaccurate, as J Capital has obstructed discovery for years (despite receiving thousands of documents from Novagold), based on arguments about the "zone of privilege" and other non-existent legal doctrines. *See, e.g.* ECF No. 199. Nor is there any basis to claim that Novagold has "refused to meet and confer on these issues." To the contrary, it is the Intervenor that has refused *in toto* refused to respond to any form of discovery. *See, e.g.*, Note 2 *supra*.

applicable ethical rules, which require New York lawyers to "*promptly* notify the sender" if they receive information that was disclosed inadvertently. N.Y. R. Prof. Cond. 4.4(b) (emphasis added). Novagold failed to provide any notification whatsoever—it simply included the inadvertently produced information in its opposition brief (which it served three weeks later, but did not file, pursuant to the Court's bundling rule). *Id.* Novagold's counsel refused to even say whether the inadvertently produced information was shared with anyone besides the lawyers appearing in this litigation. *Id*. at 2. This Court temporarily granted the Intervenor's motion. 6/24/24 Minute Order. Last week, Judge DeArcy Hall adopted in full this Court's subsequent R&R, finding that the associational privilege does not shield the Intervenor's identity from disclosure. *See* Dkt. 204. Three days later, the Intervenor filed a notice of appeal. *See* Dkt. 205.

As a threshold matter, Novagold would not be prejudiced by preserving the status quo while the appeals process plays out. Novagold has never been able to articulate any non-retaliatory basis for revealing the Intervenor's identity. The Intervenor's identity is not relevant to Novagold's actual malice argument, and, relevant or not, Novagold has already obtained extensive discovery relating to the Intervenor's dealings with JCAP, including full disclosure of JCAP's financial arrangement with the Intervenor with respect to the research report at issue. JCAP also provided sworn testimony regarding the Intervenor's total lack of editorial control over the report, and produced a redacted copy of its prior written agreement with the Intervenor.

Novagold contends that the Second Circuit lacks jurisdiction over Judge DeArcy Hall's 3/31/25 Order. In fact, appellate jurisdiction lies pursuant to the well-established "collateral order" rule, which permits interlocutory review of an order that "(1) conclusively determine[s] the disputed question, (2) resolve[s] an important issue completely separate from the merits of the action, and (3) [would] be effectively unreviewable on appeal from a final judgment." *Logosch v. Pyramid Co. of Onondaga*, 435 F. 3d 110 (2d Cir. 2006) (permitting interlocutory review concerning an intervenor's First Amendment rights).[6] Each of these factors applies here because Judge DeArcy Hall's order is final as to the Intervenor, the associational privilege issue is completely separate from the merits of Novagold's defamation claim, and disclosure of the Intervenor's identity now would render moot any later appeal. The cases relied on by Novagold are inapposite because they each involved *parties* (not limited purpose intervenors) seeking interlocutory review of ordinary, evidentiary privilege rulings.[7]

Also without merit is Novagold's attempt to reframe the Intervenor's position as a request for a "stay" of Judge DeArcy Hall's Order. This is simply a red herring because Judge DeArcy Hall's Order does not compel any action that needs to be stayed (and as Novagold concedes, the District Court is still reviewing whether the Intervenor's identity is protected by the reporter's privilege). If at some later date the Intervenor (or JCAP) is compelled to disclose the Intervenor's identity, a stay of such an order *would* be appropriate pending final appellate review of the constitutional issues implicated. Finally, Novagold's request for leave to take discovery from the Intervenor is not properly before the Court because Novagold has refused to meet and confer on this issue. In

---

[6] *See also ABC, Inc. v. Stewart*, 360 F. 3d 90 (2d Cir. 2004) (recognizing that an order denying an intervenor's First Amendment rights "is a final decision as to an intervenor within the 'collateral order' doctrine.") (citing *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949))

[7] *See Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100, 103 (2009) (no interlocutory appeal for ruling that plaintiff waived attorney-client privilege); *Rosner v. United States*, 958 F.3d 163, 166 (2d Cir. 2020) (plaintiff could not appeal finding that he waived "psychotherapist-patient privilege").

any event, the Intervenor is not subject to party discovery in this case, because, as the District Court recognized, the Intervenor appears "for the limited purpose of asserting a constitutional right." Dkt. 204 at 3. That said, the Intervenor has advised Novagold that it is available to confer.

*/s/ Brendan F. Quigley*
Brendan F. Quigley

*Counsel for Novagold Resources*

*/s/ Adam Rich*
Adam Rich

*Counsel for Anonymous Intervenor*