MILLER KORZENIK SOMMERS RAYMAN LLP
THE PARAMOUNT BUILDING • 1501 BROADWAY, SUITE 2015 • NEW YORK, NY 10036
TEL 212-752-9200 • FAX 212-688-3996 • WWW.MKSR.LAW

May 5, 2025

VIA ECF
Hon. Peggy Kuo
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    **Novagold Resources Inc. v. J Capital Research USA LLC,**
              **No. 20-cv-02875-LDH-PK; Joint Status Report**

Dear Judge Kuo:

On April 14, 2025, the Court requested a joint status report from the parties by May 5.

## Plaintiff Novagold Resources Inc.'s Position

**Party Fact Discovery.** Novagold has several pending written discovery and deposition-related requests to J Capital. Per the Court's November 13, 2024 minute entry, J Capital's objections to these requests "will be decided after resolution of the discovery issues currently on appeal to the Honorable DeArcy Hall," specifically, in this context, J Capital's appeal of the Court's denial of its motion for reconsideration of the R&R on the reporter's privilege and anonymous speaker issues, ECF No. 165, which remains pending.

**Third Party Discovery**. Shortly after the Court's April 16, 2025 minute entry and order, Novagold served targeted written discovery and deposition notices on the Intervenor. The Intervenor's written responses are due May 22, and two depositions have been noticed for the first week of June. To the extent J Capital seeks below to raise issues with those requests, a joint status letter to the Court is not the appropriate place to do that, even setting aside the merits. Notably, J Capital has not sought to even sought meet and confer on these issues.

The Intervenor has appealed Judge DeArcy Hall's ruling on the anonymous associaton privilege to the Second Circuit. It notifed the Court of Appeals last week that it would be filing its brief on July 17, 2025, meaning briefing will likely not be completed until late 2025.

**Summary judgment.** While Novagold seeks an expeditous resolution of this case, it opposes any request by J Capital to move for summary judgment until all discovery issues have been resolved. Regardless of whatever issues J Capital says it will limit its motion to, Novagold is entitled to a full evidentiary record before opposing (and cross-moving for) summary judgment. Moreover, J Capital's proposal risks multiple rounds of summary judgment briefing and is inconsistent with Judge DeArcy Hall's prior ruling that *Novagold's motion* for summary judgment on J Captial's counterclaim must await "the close of discovery." *See* 8/24/23 Order.

## Defendant J Capital Research LLC's Position

     **1.    Party Discovery Status:** Defendant JCap presently has no new document requests for NG but does request that NG meet its ongoing obligations regarding the past requests and those directed by the Court in February 2024. The last production of those documents was in November 2024. JCap presently has no more documents to produce under its own ongoing discovery obligations.

     **2.    Motion for Summary Judgment; Pre-Motion Letter and Rule 56.1:** JCap will shortly file its pre-motion letter for summary judgment and Rule 56.1 Statement required by Judge DeArcy Hall's rules in advance of its Motion. JCap's MSJ does not need to await resolution of any motions over NG's discovery demands served on the Anonymous Intervening Party ("AIP") because JCap will not be moving on actual malice grounds at this time.[1]

     **3.    AIP's Appeal to the Second Circuit:** AIP has advanced its appeal of Judge DeArcy's Hall's 3/31/2025 order accepting Your Honor's Report and Recommendation to the Second Ciruit. Again, nothing at issue in that appeal would have any bearing on JCap's MSJ.

     **4.    NG's Discovery Demands to the AIP:** JCap has its own objections to the recent discovery demands served on AIP and will present them to the Court in an appropriate procedural setting. The key grounds for JCap's objections are:

    a.  NG obtained revelation of AIP's identity based on its *repeated assurances* to the Court that they were *only* looking for the *"financial arrangement"* with JCap and nothing more.[2]

    b.  NG now seeks to break out of those assurances and the Court's rulings by making the *identical requests* to AIP that the Court repeatedly ruled privileged under the *absolute* protections of New York's Reporter's Privilege. *See generally* 8/11/21 Oral Arg. on Mot. to Compel.

    c.  In direct contradiction of NG's representation to the Court that it was *only* seeking "financial information associated with a news organization," NG has served on AIP discovery demands seeking "Any and all **communications** with J Capital [] concerning Novagold." NG Request for Production 1 to AIP.

    d.  Your Honor denied NG's motion to compel its request for production seeking "All documents, including **all communications to or from JCAP** that reflect *any editorial input, editorial oversight, edits or suggested edits or revisions or suggested revisions or comment of or concerning the Report* **by any person** prior to its

---

[1] NG has repeatedly represented to the Court that it needs this discovery from AIP to meet its actual malice burden. *See* Tra., 12/22/22 Argument on Motion To Compel, at 45: 19-20 ("financial arrangement related to this report is critical and necessary to that malice issue"). JCap has produced and answered NG's requests regarding its financial arrangement with the AIP.

[2] NG's counsel admitted that its requests had been poorly crafted, but at hearing the Court refocused his requests to be addressed to the "financial arrangement" with the AIP. That was the putative justification for revealing the identity of the AIP.

    publication," as this request was "completely covered by the reporter's privilege because it's editorial." *See* 8/11/21 Oral Arg. Tr., at 55: 12-14.

e. Your Honor multiple times ruled that the Reporters Privilege shielded editorial process. Your Honor ruled that the Report is "news" and § 79-h's privileges apply. *See* 6/28/24 Hearing Tr., at 15: 22-25 ("I ruled on that many years ago. I found that the report is news").

f. Your Honor stated that JCap did not even have to disclose *whether* it had internal communications with a confidential third-party. *See* 8/11/21 Oral Arg. Tra., at 59: 2-4 ("Because even if there were such communication, I don't know that they need to tell you that they exist.").

g. When NG was given another opportunity to challenge whether the relationship with the AIP was indeed confidential, NG told the Court that it was ***not*** going to do so. *See* 8/2/24 Joint Status Conf., at 5:18-19 ("I don't think we're going to try to make another showing [to overcome the reporter's privilege]").

    NG's repeated efforts to re-litigate and re-argue the Court's multiple prior rulings on the Reporters Privilege are costly and vexatious to JCap. NG has never made the showings required to overcome any of the privileges asserted, despite the Court's intivation. *See* 1/19/22 Minute Order. Not by present NG counsel nor by its prior counsel. If NG is looking to discover if a claim might exist against AIP, discovery in this case is not the place to do so. It is not Rule 26 relevant to our case. And under Rule 45, the narrower construction of "relevance" applies.

    JCAP asks that the Court reconfirm that nothing about the Report and Recommendation, nor its adoption by Judge DeArcy Hall on AIP's identity disturbs the protection for *any* editorial process *by any person to or from* JCAP.

    To the extent that NG's demand of "any and all communications" seeks "any editorial input, editorial oversight, edits or suggested edits or revisions or suggested revisions or comment of or concerning the Report," that request is precluded as privileged. As the Court stated, a request for editorial process "maps directly onto what is covered by the privilege." *See* Tra., 8/11/21 Arg. on Mot. to Compel, at 55: 15-18.

    NG's attempt to escape the Court's years old privilege ruling is improper, and its misrepresentation of its purpose in seeking AIP's identity should not be rewarded.

Respectfully submitted,


*/s/ Brendan Quigley*                          */s/ David Korzenik*
Brendan F. Quigley                            David Korzenik
*Counsel for Plaintiff Novagold Resources*    *Counsel for Defendant J Capital*