# MILLER KORZENIK RAYMAN LLP

THE PARAMOUNT BUILDING • 1501 BROADWAY, SUITE 2015 • NEW YORK, NY 10036
TEL 212-752-9200 • FAX 212-688-3996 • WWW.MKSR.LAW

May 5, 2026

*By ECF*
The Honorable Peggy Kuo
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** *Novagold Resources Inc. v. J Capital Research USA LLC*, **20-cv-02875-LDH-PK**
*Defendant's Response to Minute Order of May 1, 2026 re Status Report [Dkt.236]*

Dear Judge Kuo:

Your Honor directed that we file a letter explaining why we filed a unilateral status report. Dkt 236. I apologize for encumbering the Court with the letter. The reasons I did so were these:

1. I had checked the Local Rules and Your Honor's individual rules to be sure that a unilateral status report was not prohibited. Local Rule 37.2 requires a "meet & confer" only if relief is being sought under FRCP 26-37 or 45. I was not seeking such relief. Your Honor's individual rules did not appear to prohibit such a status report either.

2. Nonetheless, the Court is correct to inquire why any unilateral status report was called for even if not prohibited. Among my concerns were:

   a. The substantive issues and discovery in the case had been eclipsed by the privilege issues, the intervention and appeal by the Anonymous Third Party, the Texas discovery and motion practice in WDTX, and then by the recent briefing of the sanctions motion.

   b. JCap did join in the W.D.T.X. reporters' privilege motions, but did so out of contractual obligation, out of the need as reporters to honor commitments of confidentiality, and as a matter of principle.

   c. It now seemed proper and surely imperative to inform the Court of where the remaining substantive discovery stood, as these other issues may shortly be behind us. I felt that Your Honor would now surely expect that from us. I did not want to appear unmindful of that.

   d. *Contact with Plaintiff's Counsel:* I did contact Plaintiff's counsel by letter on April 15 to outline open discovery issues. They were among the same items listed in the status report. I asked counsel to address those issues with me.

e. I received no response from Plaintiff's counsel. I had emailed him my letter on April 15. I filed the status report on April 30. I still have received no response from Plaintiff's counsel. That non-responsiveness also effected my filing the status report.

f. The Texas depositions appear to be still up ahead. But as soon as they are done, a conference with Your Honor should be scheduled and remaining issues addressed and resolved.

g. The concluding note in my status letter identified what we and adverse counsel must do before the next conference:

If NG resists updating its Post-May 2020 discovery, then we may seek the Court's intervention. NG should advise the Court of its remaining needs; we will meet and confer with them on all these issues to resolve them; and we should then have a conference on a concluding schedule shortly after the Texas depositions are done.

Again, I apologize to Your Honor for the unilateral status report filing. I meant only to provide the Court with what I thought it would expect from us and did not mean to burden the Court.

Respectfully Submitted,

*/s/ David Korzenik*
David Korzenik

*Counsel for Defendant*
*J Capital Research USA LLC*