MANDATE

25-791
*Novagold Resources Inc. v. Anonymous Third Party*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of August, two thousand twenty-six.

PRESENT:

RICHARD J. SULLIVAN,
MYRNA PÉREZ,
*Circuit Judges*,
P. KEVIN CASTEL,
*District Judge.*[*]

---

NOVAGOLD RESOURCES INC.,

*Plaintiff-Counter-Defendant-Appellee*,

J CAPITAL RESEARCH USA LLC,

*Defendant-Counter-Claimant-Appellee*,

---

[*] Judge P. Kevin Castel, of the United States District Court for the Southern District of New York, sitting by designation.

MANDATE ISSUED ON 10/08/2026

v. No. 25-791

ANONYMOUS THIRD PARTY,

*Intervenor-Appellant*.

---

**For Plaintiff-Counter-Defendant-Appellee:** BRENDAN F. QUIGLEY (Joseph C. Perry, *on the brief*), Baker Botts L.L.P., New York, NY.

**For Intervenor-Appellant:** ADAM I. RICH (Robert D. Balin, *on the brief*), Davis Wright Tremaine LLP, New York, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (LaShann DeArcy Hall, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal of the March 31, 2025 order of the district court is **DISMISSED** and the petition for a writ of mandamus is **DENIED**.

Anonymous Third Party ("ATP") appeals from the district court's denial of its motion for a protective order. ATP, a non-party in the underlying action between Novagold Resources and J Capital Research USA, moved to intervene so as to prevent its identity from being disclosed during discovery, asserting a First Amendment privilege to remain anonymous. The district court granted ATP's

motion but denied its request for a protective order on the ground that ATP's business association with Defendant-Counter-Claimant-Appellee J Capital did not implicate the First Amendment right to freedom of association. On appeal, ATP contends that we have jurisdiction over the district court's non-final denial of the protective order under the collateral-order doctrine. We assume the parties' familiarity with the facts, procedural history, and issues on appeal, to which we refer only as needed to explain our decision.

We "ordinarily" "have jurisdiction [only] over appeals 'from final decisions of the district courts.'" *In re Roman Cath. Diocese of Albany*, 745 F.3d 30, 35 (2d Cir. 2014) (quoting 28 U.S.C. § 1291). "For a small class of decisions, however, th[is] finality rule gives ground and allows interlocutory appeals" based on the "so-called collateral-order doctrine." *GEO Grp., Inc. v. Menocal*, 607 U.S. 438, 444 (2026) (internal quotation marks omitted). Under that doctrine, litigants may appeal a non-final order if it meets "three non-negotiable conditions": *first*, it must "conclusively determine the disputed question"; *second*, it must "resolve an important issue completely separate from the merits of the action"; and *third*, it must "be effectively unreviewable on appeal from a final judgment." *Id.* (internal quotation marks omitted).

ATP's appeal snags on the third prong of this test. An order is "effectively unreviewable" only if the "legal and practical value" of the right at issue "would be destroyed" without a prompt appeal. *Belya v. Kapral*, 45 F.4th 621, 630 (2d Cir. 2022) (internal quotation marks omitted). In other words, when a party has other avenues that "generally suffice to protect [its] rights," it may not seek interlocutory review of a particular roadblock. *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 109 (2009); *see also GEO Grp.*, 607 U.S. at 446 (emphasizing that appellate courts may exercise collateral-order jurisdiction only if appellants' rights would be "irretrievably lost absent an immediate appeal" (internal quotation marks omitted)).

Here, ATP still has tools to protect its right to remain anonymous in the eyes of the public. Most saliently, it may seek a garden-variety protective order under Federal Rule of Civil Procedure 26(c)(1), which permits district courts to "forbid[] the disclosure" of a party's identity so as to protect that party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1)(A); *see also* Fed. R. Civ. P. 26(c)(1)(D) (permitting district courts to "forbid[] inquiry into certain matters" and to "limit[] the scope of disclosure or discovery to certain matters"); Fed. R. Civ. P. 26(c)(1)(G) (permitting district courts to "requir[e]

that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way"); *cf. In re Am. Tobacco Co.*, 880 F.2d 1520, 1530–31 (2d Cir. 1989) (affirming protective order maintaining anonymity of research study participants and pointing out that even though "it might be possible for the tobacco companies to determine the identities of some of the research participants from the information remaining on the computer tapes after the redactions ordered by the district court, the court has enjoined them from doing so"). Furthermore, to secure such an order, ATP would need only show "good cause" – without wading into the depths of First Amendment doctrine. Fed. R. Civ. P. 26(c)(1); *see Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004).

We recognize that ATP may have initially invoked the First Amendment so as to obtain a *broader* protective order shielding its identity not just from the public, but from Novagold itself. *See* Dist. Ct. Doc. No. 175-1, at 22–23 (emphasizing that a standard confidentiality order "would be insufficient" "since it would still permit disclosure" to Novagold); *see NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 462 (1958) (explaining that the First Amendment may protect against "compelled disclosure" to *opposing parties*). But that concern has become moot

because ATP has *already* inadvertently revealed its identity to Novagold. *See* ATP Br. at 39 n.18; Novagold Br. at 7 n.5.[1] In other words, the only "asserted right" at issue here, *Belya*, 45 F.4th at 630 (internal quotation marks omitted), is ATP's ability to keep its "identity [from] be[ing] *publicly* revealed," ATP Br. at 3 (emphasis added). And a mundane protective order, issued for good cause, would do just that. *See Mohawk Indus.*, 558 U.S. at 112 ("[P]rotective orders are available to limit the spillover effects of disclosing sensitive information.").[2]

Perhaps recognizing the weakness of its collateral-order argument, ATP alternatively asks that we construe its appeal as a petition for a writ of mandamus pursuant to the All Writs Act, 28 U.S.C. § 1651(a). But whether styled as the appeal of a collateral order or a petition for mandamus, ATP's request still fails because it has not demonstrated that there are "no other adequate means to attain the relief [it] desires." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (internal

---

[1] Furthermore, ATP obtained a temporary protective order to address that inadvertent disclosure, and the magistrate judge "prohibit[ed] Novagold from using . . . ATP's identity for any purpose pending decision on . . . ATP's motion for a protective order." ATP Br. at 39 n.18; J. App'x at 29.

[2] The district court made passing reference to Rule 26(c)'s general standards when denying ATP's First Amendment motion. *See* J. App'x at 169. But both the district court and the magistrate judge focused exclusively on whether ATP was entitled to "constitutional protection," *id.* at 172; *see also id.* at 159–64, 169–72, which was expressly the basis upon which ATP made its request for a protective order, *see id.* at 58. ATP may therefore still seek – and the district court may still consider – an ordinary protective order under Rule 26(c). After all, as ATP itself points out, ATP Br. at 39 n.18, the magistrate judge ordered that "[t]he parties and counsel are . . . to keep the identity of [ATP] confidential" pending this appeal, J. App'x at 33.

quotation marks omitted). We therefore decline to grant the "extraordinary remedy" of mandamus. *Id.* at 380 (internal quotation marks omitted).

* * *

The Supreme Court has cautioned that the collateral-order doctrine is "narrow, stringent, and of modest scope." *GEO Grp.*, 607 U.S. at 444 (internal quotation marks omitted). Heeding that guidance here, we cannot exercise jurisdiction over ATP's appeal of its constitutional motion, since ATP may fully protect its remaining rights by seeking a protective order under the workaday provisions of Rule 26.

We have considered all of ATP's arguments seeking interlocutory appeal and a writ of mandamus and find them to be without merit. Accordingly, we **DISMISS** the appeal for lack of jurisdiction and **DENY** the petition for a writ of mandamus.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court.

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit