BAKER BOTTS L.L.P.

30 ROCKEFELLER PLAZA
NEW YORK, NEW YORK
10112-4498

TEL +1 212.408.2500
FAX +1 212.408.2501
BakerBotts.com

AUSTIN
BRUSSELS
DALLAS
DUBAI
HOUSTON
LONDON

NEW YORK
PALO ALTO
RIYADH
SAN FRANCISCO
SINGAPORE
WASHINGTON

October 13, 2026

**VIA ECF**

Brendan F. Quigley
TEL: 2124082520
FAX: 2122592520
brendan.quigley@bakerbotts.com

Hon. LaShann DeArcy Hall
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Novagold Resources Inc. v. J Capital Research USA LLC*, No. 20-cv-02875-LDH-PK

Dear Judge DeArcy Hall:

We represent Plaintiff Novagold Resources Inc. ("Novagold") and write to provide the Court with notice of supplemental authority, specifically the Second Circuit's decision in *Novagold v. Anonymous Third Party*, No. 25-791, 2026 WL 2263535, at *1 (2d Cir. Aug. 6, 2026), *motion for rehearing denied* Oct. 1, 2026, *mandate issued* Oct. 8, 2026 (the "Second Circuit Decision"). The Second Circuit Decision may be relevant to the Court's consideration of Defendant J Capital's currently pending appeal of Judge Kuo's March 29, 2024 Report & Recommendation (the "3/29/24 R&R") and Judge Kuo's denial of reconsideration of that opinion.[1]

By way of background, this is a defamation action arising out of J Capital's May 2020 publication of a defamatory report (the "Report") about Novagold. Judge Kuo's 3/29/24 R&R addressed whether ***the identity*** of any "funder" of the Report was shielded from disclosure to Novagold by either the New York reporter's privilege or the anonymous speaker's privilege. *See* ECF No. 157 at 4, 6. In the 3/29/24 R&R, Judge Kuo held that "neither the reporter's privilege nor the anonymous speaker's privilege shields from disclosure the identity of any purported funder" of the Report. ECF No. 157 at 13.

After Judge Kuo issued the 3/29/24 R&R, that "funder"—the anonymous third party ("ATP")—moved to intervene and sought a protective order to preclude disclosure of its identity on different grounds, specifically the First Amendment associational privilege. *See* ECF No. 175. In doing so, however, it inadvertently revealed its identity to Novagold. *See* 2026 WL 2263535, at *2. Judge Kuo recommended that the motion to intervene be granted but that the motion for a protective order be denied. ECF No. 191. This Court adopted that recommendation (the "ATP Ruling"). ECF No. 204. The ATP appealed to the Second Circuit, seeking reversal and/or a writ

[1] *See also* ECF No. 157 (3/29/24 R&R); May 6, 2024 minute entry denying motion for reconsideration; ECF No. 165 (J Capital appeal to the district court). Given J Capital's decision to move for reconsideration, only the reconsideration decision, and not Judge Kuo's 3/29/24, is actually subject to review. *See Rouviere v. DePuy Orthopaedics, Inc.*, 560 F. Supp. 3d 774, 788 (S.D.N.Y. 2021) ("If party chooses to file a motion for reconsideration instead of a Rule 72 objection . . . .and that party later files an objection to the reconsideration decision, that objection brings up only the reconsideration decision, not the underlying order.").

of mandamus. ECF No. 205. J Capital also filed an unauthorized purported "reply" brief in the Second Circuit in support of the ATP's appeal. *See* 2d Cir. Dkt. No. 25-791, ECF No. 28.

In the Second Circuit Decision, the Court of Appeals held there was no appellate jurisdiction over the ATP's appeal. 2026 WL 2263535, at *2. The Second Circuit also explained that the ATP's "concern" about "**shielding its identity from . . . Novagold . . . has become moot because the ATP has *already* inadvertently revealed its identity to Novagold."** *Id.* (bold added; italics in original).

J Capital's appeal of the denial of reconsideration of the 3/29/24 R&R, which remains pending before Your Honor, centers on the same "concern" that the ATP raised in the Second Circuit: shielding the identity of the ATP from Novagold, albeit via the reporter's privilege and anonymous speaker's privilege, not the First Amendment associational privilege. But as the Second Circuit Decision recognized, this very "concern" has now become "moot" because the ATP's identity was "revealed" to Novagold, while review of the 3/29/24 R&R has been pending. *Id.*

In other words, even if the reporter's privilege or anonymous speaker's privilege *did* protect the identity of the "funder" of the Report, which they do not,[2] the Second Circuit's conclusion that there is nothing left to protect from Novagold at this point is equally true with respect to J Capital's pending appeal before Your Honor.[3]

Respectfully submitted,

<u>/s/ Brendan F. Quigley</u>
Brendan F. Quigley

---

[2] For one, Judge Kuo's 3/29/24 R&R was correct. Moreover, subsequent developments, in particular the belated January 2026 production of ATP-J Capital communications, make clear that there was no basis to apply the reporter's privilege at all to J Capital's May 2020 Report, given the extensive input of the ATP, a party with a financial interest in how the market reacted to the Report, into the Report's contents (not to mention that J Capital's own profits from the Report came from the ATP's short sales). *See* Mem. of Law in Support of Motion for Sanctions, ECF No. 222.

[3] The Second Circuit recognized that, to the extent the ATP still seeks to "remain anonymous in the eyes of the public," as opposed to Novagold, it may seek a protective order under Rule 26. Novagold expects to continue to discuss this issue with the ATP and reserves all rights as to whether there is actually a realistic threat to the ATP of "annoyance, embarrassment, oppression, or undue burden or expense," Fed. R. Civ. P. 26(c)(1)(A), from disclosure of its identity. For the avoidance of doubt, until these discussions are resolved, Novagold has no intention of publicly disclosing the ATP's identity without first seeking leave of the Court.