MILLER KORZENIK RAYMAN LLP
THE PARAMOUNT BUILDING • 1501 BROADWAY, SUITE 2015 • NEW YORK, NY 10036
TEL 212-752-9200 • FAX 212-688-3996 • WWW.MKSR.LAW

*via ECF* October 19, 2026

Hon. LaShann DeArcy Hall
U.S. District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, New York 11201

Re: ***Novagold Resources Inc. v. J Capital Research USA, 20-cv-02875-LDH-PK***
***JCap Response to Novagold's Letter [ECF 239] re JCap's Appeal [ECF 165]***
***Withdrawal of Appeal***

Dear Judge DeArcy Hall,

I write on behalf of Defendant J Capital Research USA ("JCap") in response to Plaintiff NovaGold Resources Inc.'s ("Novagold") October 13, 2026 letter [ECF 239] regarding JCap's appeal [ECF 165] to Your Honor of the Reports & Recommendations. [ECF 157].

As Novagold's letter recognizes, the only issue before the Court on this appeal is the disclosure of the Anonymous Third Party's ("ATP") ***"identity."*** At this stage, the question of the disclosure of the ATP's identity *to Novagold* appears to be moot. The ATP's identity is now known to Novagold after it improperly accessed metadata embedded in a declaration served by the ATP. *See* Dkt. 171.

There remains an open issue as to whether the ATP's identity should be revealed *publicly*.

Novagold's letter refers to efforts to resolve with the ATP the confidentiality of the ATP's identity. If they are not able to resolve the matter by stipulation, we understand that they may need to resolve the confidential treatment of the ATP's identity by means of motion practice under Rule 26.

We would accept and accommodate any such resolution (by stipulation or motion) that Novagold and the ATP might reach regarding the treatment of the ATP's identity. We sought to protect the ATP's identity for three primary reasons:

1. To meet our contractual obligation to the ATP to keep its identity confidential;
2. To invoke the full protection of the reporter's privilege, which Judge Kuo had otherwise found to extend broadly to protect JCap's communications with the ATP; and
3. To uphold the First Amendment right of association, which is, as a matter of principle, a critically important right, especially for speakers who face retaliation for their speech.[1]

[1] This right is of growing importance as government and private parties are increasingly able to hack or otherwise extract the identites of sources and other confidential speakers.

The issue in our appeal was confined to "identity." As directed by Judge Kuo, we had already produced all documents pertaining to JCap's "financial arrangements" with the ATP. We did not appeal her directive to provide discovery of "financial arrangments" with the ATP. In the materials JCap produced to Novagold, we simply redacted, or objected to disclosure of, the ATP's identity. We did so while the ATP's intervention was pending.

*Withdrawal of Appeal:* Given the inadvertent revelation of the ATP's identity to Novagold and the recent developments on their motions and appeal, the issue in our appeal appears moot, and we will withdraw our appeal to Your Honor.

Needless to say, we do not otherwise waive our rights under the Reporters Privilege established by prior §79-h rulings[2] which Novagold did not appeal or the anonymous speaker's privilege (not raised in our appeal). We reserve any potential objections to the admissibility or relevance of the ATP's identity.

We therefore withdraw the pending appeal and we will also observe any ruling or stipulation regarding confidentiality of identity as between ATP and Novagold.

Respectfully,
*/s/ David S. Korzenik*

David S. Korzenik

Cc: Counsel of Record by ECF

---

[2] The Court has ruled multiple times that JCap's Report on Novagold was "news" and was fully protected under New York's reporter's privilege, N.Y. Civ. Rights Law § 79-h. Novagold was given several opportunities to overcome the § 79-h privilege, but failed to do so. Significantly, Novagold never appealed the ruling that § 79-h Reporter's Privilege applied to JCap and its Report. We withdraw the appeal as to the ATP's identity only. That was the sole issue on the appeal.