MILLER KORZENIK RAYMAN LLP
THE PARAMOUNT BUILDING • 1501 BROADWAY, SUITE 2015 • NEW YORK, NY 10036
TEL 212-752-9200 • FAX 212-688-3996 • WWW.MKSR.LAW

November 19, 2026

**Via ECF**
The Honorable Peggy Kuo
United States Magistrate Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** ***Novagold Resources Inc. v. J Capital Research USA LLC*, No. 20-cv-02875-LDH-PK — Response to Plaintiff's Letter Request for Leave to Serve Third-Party Subpoenas (ECF No. 241)**

Dear Judge Kuo:

On behalf of Defendant J Capital Research USA LLC ("JCap"), we write in response to Plaintiff Novagold Resources Inc.'s ("NovaGold") letter request for leave to serve third-party subpoenas. ECF No. 241. To the extent the individual targeted by the subpoena attached as Exhibit B is subject to this Court's subpoena power at all, JCap respectfully requests that the subpoena be served with an instruction that the recipient may redact their identity and produce any documents on an "Attorneys' Eyes Only" basis.

The individual targeted by the Exhibit B subpoena was a confidential source of information for JCap's report on NovaGold (the "Report"). JCap was connected to this indivudal through an expert opinion service, one that matches researchers with subject matter experts to give expert opinions on a specialized subject. Through the terms of that sevice, JCap promised to keep that individual's identity confidential and gave assurances that it would do so. ECF Nos. 61, 79. JCap asserted Reporters Privilege over this individual's identity to honor its agreement with the confidential source as a matter of principal and integrity. JCap has no concern about what the source said—the Report accurately states the confidential source's expert opinion about the feasibility of NovaGold's Donlin Gold pipeline.

Confidential source relationships are vital to reporting, and New York Civil Rights Law § 79-h(b) protects those sources absolutely. New York's "protection of the anonymity of confidential sources is a core—if not *the* central—concern underlying New York's journalist privilege," so much so that a New York court may decline to issue a subpoena to be served in another jurisdiction if that subpoena would unmask a confidential source. *See Holmes v. Winter*, 22 N.Y.3d 300, 316 (2013) (refusing to issue a subpoena that would have compelled a New York journalist to reveal a source in a Colorado court).

This Court has already ruled that the Report is "news" and that JCap may invoke the reporter's privilege under § 79-h. *See* Tr. of Aug. 11, 2021 Hr'g, ECF No. 70, at 49:17–50:13.

Despite that ruling, NovaGold has obtained the source's identity from documents produced by the Anonymous Interested Party and has subpoenaed that confidential source. *See* ECF No. 241, Ex. B. NovaGold also subpoenaed the expert opinion service and an employee at that expert opinion company at the time of the Report's publication. *Id*. Exs. A and C.

Given New York's strong public policy of honoring promises of confidentiality, JCap requests that the subpoena recipients, if required to comply, be permitted to redact any confidential source personally identifying information and produce any documents on an "Attorneys' Eyes Only" basis.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ David Korzenik*

David Korzenik

*Counsel for Defendant*
*J Capital Research USA LLC*